FILED
IN CLERKS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

2005 FEB 22 A 9: 20

DISTRICT COURT
DISTRICT OF MASS.

JOYCE HENDERSON;         )
              Plaintiff,   )   05 - 10339 JLT
                         )
   v.                    )
                         )
SHERMAN FINANCIAL GROUP LLC;    )
SHERMAN ACQUISITION II, LP;     )   MAGISTRATE JUDGE_____
SHERMAN ACQUISITION II          )
   GENERAL PARTNER LLC;         )
ALEGIS GROUP L.P.; and          )
ALEGIS GROUP LLC;               )
                                )
              Defendants.       )

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK _____
DATE 2/22/05

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff brings this action to secure redress against unlawful collection practices engaged in by defendants Sherman Financial Group LLC ("SFG"), Sherman Acquisition II, LP ("SA2"), Sherman Acquisition II General Partner, LLC ("SA2GP"), Alegis Group L.P. ("AGLP"); and Alegis Group LLC ("AGLLC"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA). Venue in this District is proper because defendants do business in the District and defendants' collection communications were received in this District.

### PARTIES

3.  Plaintiff Joyce Henderson is an individual who resides in Canton, Massachusetts.

4.  Defendant Sherman Financial Group LLC ("SFG") is a limited liability company organized under Delaware law with offices at 335 Madison Avenue, 19th floor, New York, NY 10017.

1

5. Defendant SFG states on its Web site that it "is the country's largest purchaser of distressed debt." During 2002, SFG purchased $7 billion in bad debts.

6. Defendant SFG is a "debt collector" as defined in the FDCPA.

7. Defendant SA2 is a Delaware limited partnership entity. Its registered agent is Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

8. Defendant SA2 is in the business of buying bad debts allegedly owed by consumers, including large amounts of credit card debts, for a small fraction of face value and enforcing the debts against the consumers.

9. Defendant SA2 is a"debt collector" as defined in the FDCPA.

10. Defendant SA2GP is a Delaware limited liability company. It is the general partner of SA2. Its registered agent is Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

11. Defendant SA2 is part of the Sherman Financial Group ("SFG").

12. Defendant Alegis Group L.P. ("AGLP") is a limited partnership entity with offices at 15 S. Main St., Suite 600, Greenville, SC 29601. It does business in Massachusetts.

13. AGLP operates a collection agency.

14. AGLP is a "debt collector" as defined in the FDCPA.

15. Defendant Alegis Group LLC ("AGLLC") is a limited liability company chartered under Delaware law. It is the general partner of AGLP and the acts and liabilities of AGLP are chargeable to it. It does business in Massachusetts.

16. SFG directly or indirectly owns all or a majority of the equity of SA2, SA2GP, AGLP, and AGLLC.

17. SFG knew of, formulated and approved of the collection practices at issue, including particularly the "privacy notice" alleged to violate the FDCPA. The "privacy notice" comes from SFG and is made on behalf of SFG and its subsidiaries. SFG determined and ordered that the notice be sent with the initial collection letter.

18. SFG operates a "single economic enterprise" which includes amongst others, SA2, SA2GP, AGLP, and AGLLC.

19. The managers and officers of SFG and its affiliates overlap. For example, Frank Filipps is manager of both SFG and SA2GP. Benjamin W. Navarro is manager of SFG and also president of AGLLC, the collection agency owned by SFG.

20. The preparation and dissemination of the "privacy notice" at issue was undertaken in concert by defendants.

## FACTS RELATING TO PLAINTIFF

21. On or about February 24, 2004, defendant AGLP sent a collection letter addressed to the Plaintiff's mother, care of the Plaintiff, attached as Exhibit A.

22. Plaintiff handles her mother's affairs. As a result, Plaintiff received the collection letter at issue herein and read the collection letter.

23. Exhibit A sought to collect a debt incurred for personal, family or household purposes.

24. Exhibit A is a form letter.

25. Exhibit A states that it is sent on behalf of SFG.

26. The form of Exhibit A was prescribed by SFG and AGLP. (Exhibit B).

27. Exhibit A consisted of a collection demand on the front and a notice of the privacy and information disclosure practices of SFG ("privacy notice") on the reverse. The material on the reverse is referred to on the front.

## COUNT I

28. Plaintiff incorporates paragraphs 1-27.

## PRIVACY PROTECTIONS IN FDCPA

29. The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt. "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties

. . . ." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50103.

30. First, 15 U.S.C. §1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> **(b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

Section 1692b deals with locating debtors who cannot be found.

31. Second, 15 U.S.C. §1692d(3) and (4) defines as "harassment" and a violation of the FDCPA "**[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title**" and the "**advertisement for sale of any debt to coerce payment of the debt.**" Section 1681a(f) is the Fair Credit Reporting Act definition of consumer reporting agency. Section 1681b(3) is a Fair Credit Reporting Act provision dealing with use of consumer reports.

32. The Federal Trade Commission has interpreted these provisions to bar publication to one or more persons: "Debt collectors may not exchange lists of consumers who allegedly refuse to pay their debts... A debt collector may not distribute a list of alleged debtors to its creditor subscribers." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50105.

33. Finally, 15 U.S.C. §1692f prohibits a debt collector from communicating with consumers in a manner that allows third parties to discern the consumers owe money:

> **... (7) Communicating with a consumer regarding a debt by post card.**
>
> **(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt**

4

**collection business...**

34. If the actual communication is prohibited, the debt collector's statement that it may engage in such communication or has the right to do so is prohibited by 15 U.S.C. §1692e, which provides:

> **§ 1692e.   False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...**
>
> **(5)   The threat to take any action that cannot legally be taken or that is not intended to be taken. ...**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. ...**

## FDCPA VIOLATIONS RESULTING FROM DEFENDANTS' PRIVACY NOTICE

35. The privacy notice states that SFG and its affiliates, including SA and SA2, collect "Information we receive from your account file at the time we purchase your account. Information you may give us on applications, questionnaires or through discussions with you. Information about your transactions with any of the Sherman Companies. Information we receive from consumer reporting agencies and other third party information providers such as public records and databases that contain publicly available data about you. All of the information that we collect is sometimes referred to in this notice as 'collected information.'"

36. All of this information is integrally related to debt collection.

37. The privacy notices then state:

> **Joint Agreements.** The Sherman Companies from time to time may enter into agreements with other providers of financial products and services. These providers may perform services for us, or they may join with us to offer customers and former customers new or different products and services. We may share collected information with these institutions, subject to the confidentiality and security requirements imposed by law.

38. The notice states that the consumer may ask SFG and its affiliates not to share

collected information, but that "Your request will not affect collected information we are permitted by law to share, such as collected information related to our experiences and transactions with you."

39. The uses listed are prohibited by the FDCPA, in that they are with persons other than "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Actual disclosures of that nature would violate 15 U.S.C. §1692c, and the statement that SFG or its affiliates would make such disclosures, or has the right to do so, violates 15 U.S.C. §1692e.

40. In addition, several of the listed uses amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. The actual publication of such lists would violate 15 U.S.C. §1692d, and the statement that SFG or its affiliates will do so or has the right to do so violates 15 U.S.C. §1692e.

41. For example, debt collectors have been known to sell lists of persons who have not paid their debts to issuers of subprime credit cards, who offer to issue a credit card if the consumer will put some or all of the unpaid debt on the credit card. Prospective lenders are not among the parties to whom a debt may be disclosed under 15 U.S.C. §1692c.

42. The statement that the consumer must request that collected information not be disclosed is a misstatement of the consumer's rights under 15 U.S.C. §1692c, which requires that the consumer grant express permission directly to the debt collector before the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

43. Finally, the inclusion of statements in a debt collection letter that information about the debtor can or will be disclosed to third parties amounts to an implicit threat that the debtor's privacy will be invaded if the debt is not paid.

**CLASS ALLEGATIONS**

44. Plaintiff brings this claim on behalf of a class. The class consists of (a) all natural persons with Massachusetts addresses (b) who were sent a letter containing or accompanied

by the privacy notice, (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

45. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each class. Defendants have filed more than 50 lawsuits against Massachusetts residents during the last year, and each person who has an account or debt owed by Sherman receives the privacy notice annually.

46. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether collection letters containing or accompanied by the privacy notice violate the FDCPA.

47. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

48. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

49. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

      a. Statutory damages;

      b. Attorney's fees, litigation expenses and costs of suit;

      c. Such other or further relief as the Court deems proper.

Respectfully submitted,

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Jeremy P. Monteiro
EDELMAN, COMBS,
    LATTURNER & GOODWIN, LLC
120 S. LaSalle St., Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379

_____
Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
    LEFEBVRE & SONS
Two Dexter Street
Pawtucket, RI 02860
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Christopher M. Lefebvre

i:\case\alegis12.848\pleading\cmplt.wpd

8

EXHIBIT A

15 S. MAIN ST., SUITE 6C  
GREENVILLE, SC 29601  

ADDRESS SERVICE REQUESTED  

9834922  

**LEGIS GROUP LP**  
1-800-580-4060  
(713)784-9966  
Hours of Operation  
8AM-9PM EST Monday - Thursday  
8AM-12PM EST Friday - Saturday  

PREVIOUS CREDITOR: Sears  
CURRENT CREDITOR: Sherman Acquisition II LP  
ACCOUNT NUMBER: Redacted  
CURRENT BALANCE: $10,532.47  

02-24-2004  

#BWNDLZK  
#G000 04CY MDV1#  

MARY L BURT  
C/O JOYCE HENDERSON  
2 OLD COACH RD  
CANTON MA 02021-1623  

A161  
IX2  
SIFW-HS  

ALEGIS GROUP LP  
PO BOX 741148  
HOUSTON TX 77274-1148  

*IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment in full.*

Dear MARY L BURT:

Sherman Acquisition II LP has authorized Alegis Group LP to offer a settlement in lieu of the balance owed on your account number Redacted

This offer is being made for a limited time only. Alegis Group LP can only accept settlement of the above debt if payment is received in our office no later than fifteen (15) days from the date of this letter.

In the event that all terms of this letter are met, Sherman Acquisition II LP agrees that all collection efforts against MARY L BURT for the above named account will cease and said account will be considered satisfied.

*This communication is sent to you by Alegis Group LP, a professional debt collector.*

**Please read the following important notices as they may affect your rights.**

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the collection agency. If you wish to discuss this matter, please call us direct between the hours of 8 AM and 5 PM EST at the toll free number listed on this letter.

SEE REVERSE SIDE FOR IMPORTANT PRIVACY NOTIFICATION FROM YOUR CREDITOR

**PRIVACY NOTICE**

This privacy notice is being given on behalf of Sherman Financial Group LLC and its family of companies (the "Sherman Companies").

At the Sherman Companies, we are committed to protecting personal information we obtain about you. Please take a moment and read this privacy notice for some important information about your rights. This notice is being provided by the Sherman Companies as required by the Federal Financial Privacy Law, 15 USC 6801-6810. The following financial and non-financial entities are the "Sherman Companies":

Sherman Financial Group LLC
Sherman Capital Markets, LLC
Sherman General Partner SPE LLC
Resurgent Capital Services, LLC
Alegis Group Loan Servicing, LLC
Sherman Investments SPE, LLC

Sherman Originator LLC
Sherman Holdings LLC
Bailey Holdings, Inc.
Sherman Acquisition LLC
Sherman Acquisition TA, LP

Sherman Acquisition LP
Alegis Group LLC
Alegis Group LP
Nassau Mortgage, LLC
Ascent Card Services, LLC

**What the Policy Covers.** This policy covers the collection and disclosure of personal information that we receive through your relationship with any of the Sherman Companies.

**Information We May Collect.** Information we receive from your account file at the time we purchase your account. Information you may give us on applications, questionnaires or through discussions with you. Information about your transactions with any of the Sherman Companies. Information we receive from consumer reporting agencies and other third party information providers such as public records and databases that contain publicly available data about you. All of the information that we collect is sometimes referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** We restrict access to collected information about you to those employees who need to know such collected information and certain third party service providers who provide support services to us. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Joint Agreements.** The Sherman Companies from time to time may enter into agreements with other providers of financial products and services. These providers may perform services for us, or they may join with us to offer customers and former customers new or different products and services. We may share collected information with these institutions, subject to the confidentiality and security requirements imposed by law.

**Sharing Collected Information With Affiliates and Third Parties**

**Between Sherman Companies.** From time to time, the Sherman Companies may share collected information with each other about customers and former customers in accordance with applicable law. You may ask us not to share collected information between the Sherman Companies by writing to us and letting us know at P.O. Box 10438, Greenville, SC 29603. Your request will not affect collected information we are permitted by law to share, such as collected information related to our experiences and transactions with you.

**Other Sharing.** We share collected information about customers and former customers (A) with other companies in order to effect, administer or enforce any transaction between you and the Sherman Companies, (B) with law enforcement officials, to prevent fraud, and (C) otherwise as permitted by law.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERK'S OFFICE

1. Title of case (name of first party on each side only) __Joyce Henderson v. Sherman Financial Group LLC et al.__

2005 FEB 22 A 9: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [✓] I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [✓] II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, (890), 892-894, 895, 950.         for patent, trademark or copyright cases

   [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   [ ] IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.    150, 152, 153.

   05-10339 JLT

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [ ]   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division [✓]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Christopher M. Lefebvre; LAW OFFICES OF CLAUDE LEFEBVRE & SONS__
ADDRESS __Two Dexter Street, Pawtucket, RI 02860__
TELEPHONE NO. __(401) 728-6060__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Joyce Henderson

### DEFENDANTS
Sherman Financial Group LLC; Sherman Acquisition II, LP; Sherman Acquisition II General Partner LLC; Alegis Group LP;

**(b)** County of Residence of First Listed Plaintiff: NORFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Christopher M. Lefebvre
LAW OFFICES OF CLAUDE LEFEBVRE & SONS

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage |  | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

### VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ ____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE: 2/18/2005
SIGNATURE OF ATTORNEY OF RECORD: Christopher Lefebvre by [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____