IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE HENDERSON; | ) | |
| | ) | |
| Plaintiff, | ) | 05-10339 |
| | ) | |
| v. | ) | Judge Joseph L. Tauro |
| | ) | Magistrate Judith G. Dein |
| SHERMAN FINANCIAL GROUP LLC; | ) | |
| SHERMAN ACQUISITION II, LP; | ) | |
| SHERMAN ACQUISITION II | ) | |
|    GENERAL PARTNER LLC; | ) | |
| ALEGIS GROUP L.P.; and | ) | |
| ALEGIS GROUP LLC; | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff Joyce Henderson, respectfully requests, pursuant to Fed.R.Civ.P. 15, that the Court grant her leave to file an Amended Complaint, instanter in Case No. 05-C-10339, so that she add an additional class claim under Mass. G.L., ch. 93A, § 9. A copy of the proposed Amended Complaint in the above-referenced case is attached as Appendix A.

In support of this motion, the Plaintiff states as follows:

1. Plaintiff brought this action against Defendants Sherman Financial Group LLC, Sherman Acquisition II, LP, Sherman Acquisition II General Partner LLC, Alegis Group L.P. and Alegis Group LLC to recover damages improper collection practices, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The original complaint was filed on February 22, 2005.

2. Prior to filing a lawsuit under Mass. G.L., ch. 93A, § 9, the law requires the party to send a written settlement demand and wait thirty days to file the claim. On February

23, 2005, Plaintiff's counsel served a written demand, attached as <u>Appendix B</u>, on all of the Defendants.

3. Leave to amend a party's pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 83 S. Ct. 227 (1962).

4. The Amended Complaint will not prejudice the Defendants. Defendants have been aware of this potential claim since February 23, 2005 and have disputed the claim.

5. Plaintiff conferred with counsel for Defendants on March 23, 2005, regarding this motion in good faith.

WHEREFORE, the Plaintiff respectfully requests, pursuant to Fed. R. Civ. P. 15 that the Court grant leave to file an Amended Complaint in Case No. 05-C-10339, so that they may add an additional class claim against all Defendants.

Respectfully submitted,

_____
Jeremy P. Monteiro (pro hac vice)

Daniel A. Edelman (pro hac vice)
Cathleen M. Combs (pro hac vice)
Jeremy P. Monteiro (pro hac vice)
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

J:\Case\sherman-henderson12.848\pleading\mot.amd.cmplt.wpd

## CERTIFICATE OF SERVICE

I, Jeremy P. Monteiro, hereby certify that on March 24, 2005, a copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** was served via U.S. Mail and Facsimile upon the below listed parties.

Steven S. Broadley
Jennifer L. Finger
**Posternak Blankstein & Lund, LLP**
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199-8004
(617) 367-2315 (Fax)

Michael S. Poncin, Esq.
**Moss & Barnett, P.A.**
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 339-6686 (Fax)

Christopher M. Lefebvre
**Law Offices of Claude Lefebvre & Sons**
P.O. Box 479
Pawtucket, RI 02862
401-728-6534 (Fax)

_____
Jeremy P. Monteiro (pro hac vice)

Daniel A. Edelman (pro hac vice)
Jeremy P. Monteiro (pro hac vice)
EDELMAN, COMBS, LATTURNER
    & GOODWIN LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| JOYCE HENDERSON;<br><br>          Plaintiff,<br><br>    v.<br><br>SHERMAN FINANCIAL GROUP LLC;<br>SHERMAN ACQUISITION II, LP;<br>SHERMAN ACQUISITION II<br>    GENERAL PARTNER LLC;<br>ALEGIS GROUP L.P.; and<br>ALEGIS GROUP LLC;<br><br>          Defendants. | 05-10339<br><br>Judge Joseph L. Tauro<br><br>Magistrate Judith G. Dein |

## AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff brings this action to secure redress against unlawful collection practices engaged in by defendants Sherman Financial Group LLC ("SFG"), Sherman Acquisition II, LP ("SA2"), Sherman Acquisition II General Partner, LLC ("SA2GP"), Alegis Group L.P. ("AGLP"); and Alegis Group LLC ("AGLLC"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and state law.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k (FDCPA). Venue in this District is proper because defendants do business in the District and defendants' collection communications were received in this District.

### PARTIES

3.    Plaintiff Joyce Henderson is an individual who resides in Canton, Massachusetts.

4.    Defendant Sherman Financial Group LLC ("SFG") is a limited liability company organized under Delaware law with offices at 335 Madison Avenue, 19th floor, New York, NY 10017.

1

5. Defendant SFG states on its Web site that it "is the country's largest purchaser of distressed debt." During 2002, SFG purchased $7 billion in bad debts.

6. Defendant SFG is a "debt collector" as defined in the FDCPA.

7. Defendant SA2 is a Delaware limited partnership entity. Its registered agent is Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

8. Defendant SA2 is in the business of buying bad debts allegedly owed by consumers, including large amounts of credit card debts, for a small fraction of face value and enforcing the debts against the consumers.

9. Defendant SA2 is a "debt collector" as defined in the FDCPA.

10. Defendant SA2GP is a Delaware limited liability company. It is the general partner of SA2. Its registered agent is Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801.

11. Defendant SA2 is part of the Sherman Financial Group ("SFG").

12. Defendant Alegis Group L.P. ("AGLP") is a limited partnership entity with offices at 15 S. Main St., Suite 600, Greenville, SC 29601. It does business in Massachusetts.

13. AGLP operates a collection agency.

14. AGLP is a "debt collector" as defined in the FDCPA.

15. Defendant Alegis Group LLC ("AGLLC") is a limited liability company chartered under Delaware law. It is the general partner of AGLP and the acts and liabilities of AGLP are chargeable to it. It does business in Massachusetts.

16. SFG directly or indirectly owns all or a majority of the equity of SA2, SA2GP, AGLP, and AGLLC.

17. SFG knew of, formulated and approved of the collection practices at issue, including particularly the "privacy notice" alleged to violate the FDCPA. The "privacy notice" comes from SFG and is made on behalf of SFG and its subsidiaries. SFG determined and ordered that the notice be sent with the initial collection letter.

18. SFG operates a "single economic enterprise" which includes amongst others, SA2, SA2GP, AGLP, and AGLLC.

19. The managers and officers of SFG and its affiliates overlap. For example, Frank Filipps is manager of both SFG and SA2GP. Benjamin W. Navarro is manager of SFG and also president of AGLLC, the collection agency owned by SFG.

20. The preparation and dissemination of the "privacy notice" at issue was undertaken in concert by defendants.

## FACTS RELATING TO PLAINTIFF

21. On or about February 24, 2004, defendant AGLP sent a collection letter addressed to the Plaintiff's mother, care of the Plaintiff, attached as Exhibit A.

22. Plaintiff handles her mother's affairs. As a result, Plaintiff received the collection letter at issue herein and read the collection letter.

23. Exhibit A sought to collect a debt incurred for personal, family or household purposes.

24. Exhibit A is a form letter.

25. Exhibit A states that it is sent on behalf of SFG.

26. The form of Exhibit A was prescribed by SFG and AGLP. (Exhibit B).

27. Exhibit A consisted of a collection demand on the front and a notice of the privacy and information disclosure practices of SFG ("privacy notice") on the reverse. The material on the reverse is referred to on the front.

## COUNT I – FDCPA

28. Plaintiff incorporates paragraphs 1-27.

## PRIVACY PROTECTIONS IN FDCPA

29. The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt. "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties

3

. . . ." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50103.

30. First, 15 U.S.C. §1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> **(b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

Section 1692b deals with locating debtors who cannot be found.

31. Second, 15 U.S.C. §1692d(3) and (4) defines as "harassment" and a violation of the FDCPA "[t]**he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title**" and the "**advertisement for sale of any debt to coerce payment of the debt.**" Section 1681a(f) is the Fair Credit Reporting Act definition of consumer reporting agency. Section 1681b(3) is a Fair Credit Reporting Act provision dealing with use of consumer reports.

32. The Federal Trade Commission has interpreted these provisions to bar publication to one or more persons: "Debt collectors may not exchange lists of consumers who allegedly refuse to pay their debts... A debt collector may not distribute a list of alleged debtors to its creditor subscribers." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50105.

33. Finally, 15 U.S.C. §1692f prohibits a debt collector from communicating with consumers in a manner that allows third parties to discern the consumers owe money:

> ... **(7) Communicating with a consumer regarding a debt by post card.**
>
> **(8)    Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt**

**collection business...**

34.   If the actual communication is prohibited, the debt collector's statement that it may engage in such communication or has the right to do so is prohibited by 15 U.S.C. §1692e, which provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...**
>
> **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken....**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

## FDCPA VIOLATIONS RESULTING FROM DEFENDANTS' PRIVACY NOTICE

35.   The privacy notice states that SFG and its affiliates, including SA and SA2, collect "Information we receive from your account file at the time we purchase your account. Information you may give us on applications, questionnaires or through discussions with you. Information about your transactions with any of the Sherman Companies. Information we receive from consumer reporting agencies and other third party information providers such as public records and databases that contain publicly available data about you. All of the information that we collect is sometimes referred to in this notice as 'collected information.'"

36.   All of this information is integrally related to debt collection.

37.   The privacy notices then state:

> **Joint Agreements.** The Sherman Companies from time to time may enter into agreements with other providers of financial products and services. These providers may perform services for us, or they may join with us to offer customers and former customers new or different products and services. We may share collected information with these institutions, subject to the confidentiality and security requirements imposed by law.

38.   The notice states that the consumer may ask SFG and its affiliates not to share

collected information, but that "Your request will not affect collected information we are permitted by law to share, such as collected information related to our experiences and transactions with you."

39. The uses listed are prohibited by the FDCPA, in that they are with persons other than "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Actual disclosures of that nature would violate 15 U.S.C. §1692c, and the statement that SFG or its affiliates would make such disclosures, or has the right to do so, violates 15 U.S.C. §1692e.

40. In addition, several of the listed uses amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. The actual publication of such lists would violate 15 U.S.C. §1692d, and the statement that SFG or its affiliates will do so or has the right to do so violates 15 U.S.C. §1692e.

41. For example, debt collectors have been known to sell lists of persons who have not paid their debts to issuers of subprime credit cards, who offer to issue a credit card if the consumer will put some or all of the unpaid debt on the credit card. Prospective lenders are not among the parties to whom a debt may be disclosed under 15 U.S.C. §1692c.

42. The statement that the consumer must request that collected information not be disclosed is a misstatement of the consumer's rights under 15 U.S.C. §1692c, which requires that the consumer grant express permission directly to the debt collector before the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

43. Finally, the inclusion of statements in a debt collection letter that information about the debtor can or will be disclosed to third parties amounts to an implicit threat that the debtor's privacy will be invaded if the debt is not paid.

**CLASS ALLEGATIONS**

44. Plaintiff brings this claim on behalf of a class. The class consists of (a) all natural persons with Massachusetts addresses (b) who were sent a letter containing or accompanied

by the privacy notice, (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

45. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each class. Defendants have filed more than 50 lawsuits against Massachusetts residents during the last year, and each person who has an account or debt owed by Sherman receives the privacy notice annually.

46. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether collection letters containing or accompanied by the privacy notice violate the FDCPA.

47. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

48. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

49. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems proper.

### COUNT II – MASS. G.L., CH. 93A

50. Plaintiff incorporates paragraphs 1-49.

## VIOLATIONS ALLEGED

51.     Defendants' violations of the FDCPA are per se violations of Mass. G.L., ch. 93A, § 9.

## CLASS ALLEGATIONS

52.     Plaintiff brings this claim on behalf of a class. The class consists of (a) all natural persons with Massachusetts addresses (b) who were sent a letter containing or accompanied by the privacy notice, (c) on or after a date four years prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

53.     The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each class. Defendants have filed more than 50 lawsuits against Massachusetts residents during the last year, and each person who has an account or debt owed by Sherman receives the privacy notice annually.

54.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether collection letters containing or accompanied by the privacy notice violate the FDCPA.

55.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

56.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

57.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

    a.       Damages of at least $25 per letter;

    b.       Attorney's fees, litigation expenses and costs of suit;

    c.       Such other or further relief as the Court deems proper.

Respectfully submitted,

_____
Daniel A. Edelman (pro hace vice)
Cathleen M. Combs (pro hace vice)
Jeremy P. Monteiro (pro hace vice)
EDELMAN, COMBS,
    LATTURNER & GOODWIN, LLC
120 S. LaSalle St., Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
    LEFEBVRE & SONS
Two Dexter Street
Pawtucket, RI 02860
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman (pro hace vice)

j:\case\sherman-henderson12.848\pleading\amdcmplt.wpd

9

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603-3403
(312) 739-4200
(800) 644-4673
(312) 419-0379 (FAX)
Email: edcombs@aol.com
www.edcombs.com

February 23, 2005

**BY CERTIFIED MAIL**

Sherman Financial Group LLC
335 Madison Avenue, 19th floor
New York, NY 10017

Sherman Acquisition II, LP
c/o registered agent,
Corporation Trust Company
1209 Orange St.
Wilmington, DE 19801

Sherman Acquisition II General Partner, LLC
c/o registered agent
Corporation Trust Company
1209 Orange St.
Wilmington, DE 19801

Alegis Group L.P.
15 S. Main St., Suite 600
Greenville, SC 29601

Alegis Group LLC
15 S. Main St., Suite 600
Greenville, SC 29601

      Re: Claim of Joyce Henderson

Ladies/ Gentlemen:

      Enclosed is a complaint filed against the above entities on Feb. 22, 2005.

      Ms. Henderson contends that the same matters complained of also violate Mass. G.L., ch. 93A, and hereby gives notices as required by that statute.

      Ms. Henderson contends that a reasonable resolution of the 93A claim would be payment of $20 per class member.

      ". . . Any person receiving such a demand for relief who, within thirty days of the mailing or delivery of the demand for relief, makes a written tender of settlement which is rejected by the claimant may, in any subsequent action, file the written tender and an affidavit concerning its rejection and thereby limit any recovery to the relief tendered if the court finds that the relief tendered was reasonable in relation to the injury actually suffered by the petitioner. In all other cases, if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two. For

the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or nonexistence of insurance coverage available in payment of the claim. In addition, the court shall award such other equitable relief, including an injunction, as it deems to be necessary and proper. The demand requirements of this paragraph shall not apply if the claim is asserted by way of counterclaim or cross-claim, or if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth, but such respondent may otherwise employ the provisions of this section by making a written offer of relief and paying the rejected tender into court as soon as practicable after receiving notice of an action commenced under this section. . . ."

Sincerely,

Daniel A. Edelman

cc: Christopher M. Lefebvre
LAW OFFICES OF CLAUDE LEFEBVRE & SONS
Two Dexter Street
Pawtucket, RI 02860

client

j:\case\sherman-henderson12.848\pleading\93ademand