IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DISTRICT

JOYCE HENDERSON,
    Plaintiff

v.      DOCKET NO.: 05-10339 JLT

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP;
SHERMAN ACQUISITION II GENERAL
PARTNER LLC; ALEGIS GROUP, LP AND
ALEGIS GROUP, LLC,
    Defendants

## MOTION FOR LEAVE TO FILE REPLY MEMORANDUM

The defendants, pursuant to Local Rule 7.1(B)(3), move this Court permit them to file a Reply Memorandum to respond to specific contentions in the opposition filed by the plaintiff to the defendants' Motion to Dismiss. This Reply Memorandum is necessitated by the bald assertion in the plaintiff's opposition of facts not only absent from the Complaint, and unsworn, but absolutely untrue.

A copy of the proposed Reply Memorandum is attached hereto.

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP; SHERMAN
ACQUISITION II GENERAL PARTNER LLC;
ALEGIS GROUP, LP AND ALEGIS GROUP,
LLC,
By their attorney,

Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199-8004
617-973-6100

ID # 426241v01/14451-2/ 03.30.2005

Of Counsel:

Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

### CERTIFICATE OF SERVICE

    I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 1st day of April, 2005, I caused a copy of the above **Motion for Leave to File Reply Memorandum** to be mailed to:

| | |
|---|---|
| Daniel A. Edelman, Esquire<br>Edelman, Combs, Latturner & Goodwin, LLC<br>120 S. LaSalle Street, 18th Floor<br>Chicago, IL 60603-3403 | Christopher M. Lefebvre, Esquire<br>Law Offices of Claude Lefebvre & Sons<br>Two Dexter Street<br>Pawtucket, RI 02860 |

Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

_____
Steven S. Broadley

ID # 426241v01/14451-2/ 04.01.2005

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DISTRICT

JOYCE HENDERSON,
    Plaintiff

v.                                                                                   DOCKET NO.: 05-10339 JLT

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP;
SHERMAN ACQUISITION II GENERAL
PARTNER LLC; ALEGIS GROUP, LP AND
ALEGIS GROUP, LLC,
    Defendants

### REPLY MEMORANDUM OF DEFENDANTS' SHERMAN FINANCIAL GROUP, LLC, SHERMAN ACQUISITION II, LP, SHERMAN ACQUISITION II GENERAL PARTNER, LLC, ALEGIS GROUP, LP, AND ALEGIS GROUP, LLC IN SUPPORT OF THEIR MOTION TO DISMISS

The defendants Sherman Financial Group, LLC, Sherman Acquisition II, LP ("SA2LP"), Sherman Acquisition II General Partner, LLC ("SA2GP"), Alegis Group, LP ("AGLP"), and Alegis Group, LLC ("AGLLC") (collectively "Sherman Defendants"), by counsel and in support of their FRCP 12(b)(6) Motion to Dismiss, submit this in reply to the opposition filed by the plaintiff Joyce Henderson ("Plaintiff").

### I.   THE SHERMAN DEFENDANTS HAVE NOT VIOLATED THE FDCPA.

In support of her position, the plaintiff makes numerous misstatements in an attempt to divert the Court's attention from the real issues. The plaintiff states in her brief that "[t]he evidence will show that the Sherman defendants do in fact sell their debtor information to subprime credit card issuers..." *See Pl. Brief at p. 7*. This fact is <u>not</u> alleged in the complaint, which only asserts in paragraph 41 that "debt collectors have been known to sell lists..." It should be noted that the plaintiffs' counsel has been involved in over ten (10) class actions

ID # 426246v01/14451-2/ 03.30.2005

against the Sherman Defendants or other related or affiliated entities of the Sherman Defendants. Many of these cases were in litigation for over a year.[1] However, no evidence exists that "will show that the Sherman defendants" share information with subprime lenders because such a statement is completely untrue. Rather than make unsupported claims, claims not contained in the complaint, the Sherman Defendants invite the plaintiff and her counsel to submit an affidavit in connection with such unsupported allegations.

A.  **It Is Not A Violation To State "As Permitted By Law".**

Plaintiff argues that the use of the phrase "as permitted by law" is false and misleading. *See Pl. Brief at P. 10.* In support of this position, the plaintiff relies upon *Werts v. Federal Nat'l Mortgage Assoc.*, 48 B.R. 980 (E.D. Pa. 1985), which dealt with the Truth in Lending Act, 15 U.S.C. § 1640. However, a review of the Code of Federal Regulations reveals the following language in regards to information to be included on privacy notices:

> When describing the categories with respect to those parties, you are required to state only that you make disclosures to other nonaffiliated third parties ***as permitted by law***.

FTC Privacy of Consumer Financial Information, 16 CFR § 313.6. (Emphasis added). Undoubtedly, the FTC was aware of the language set forth in the FDCPA and did not intend for compliance with the GLBA to be a violation of the FDCPA. As per the quoted language from the CFR, Sherman's notice complied with the GLBA and hence, it complied with the FDCPA.

---

[1]  *See Durygina v. Alegis Group, LP*, Court File No. 04 C 1910, (N.D. Ill.); *Stewart v. Sherman Acquisition, LP*, Court File No. 1:04-CV-00115, (S.D. Ind.); *Foster v. Sherman Acquistion*, Court File No. 04 C 1072 (N.D. Ill); *Mistretta v. Sherman Acqusition, LP*, Court File No. 04C-6774 (N.D. Ill.); *Washington v. Sherman Acquisition, LP*, Court File No. 04-C-1190 (E.D. Wis); *Blair v. Sherman Acquisition, LP*, Court File No. 04 C 4718 (N.D. Ill.); *Sherman Acquisition II, LP v. Rhodes*, (class action counterclaim) Court File No. 04-M1-141188 (Cir. Ct. Cook Cnty. Ill.); *Ezell v. Sherman Acquisition II, LP*, Court File No. 2:04cv72119 (E.D. Mich); *Montgomery v. National Action Financial Services, Inc.*, Court File No. 04-CV-0235 (S.D. Ind); *Ortt v. Sherman Acquisition II, LP*, Court File No. 2:04cv191 (N.D. Ind.).

### B. The "Threatened" Disclosures Were Not For Debt Collection Purposes

The plaintiff argues that "the 'privacy notice' was part of a collection letter. Furthermore, providing the debtor's name to a lender so that the old debt is transferred to a new credit card is an attempt to collect the defaulted debt." *See Pl. Brief at P. 11.* However, the plaintiff has absolutely no evidence to suggest that Sherman provided the debtor's name to a lender. As stated previously, the plaintiff's counsel has not produced any information validating this argument in any of the other class actions against the Sherman Defendants. The mere statement that other unrelated entities share such information, as referenced by the plaintiff in her citation to other cases, is not dispositive in regards to the Sherman Defendants, *See Pl. Brief at P. 12,* and certainly not persuasive in connection with the present Motion to Dismiss. Simply put, just because other entities may share such information does not mean that the Sherman Defendants or any of its related entities share such information. Again, the complaint carefully omits any allegation that the Sherman Defendants have engaged in this conduct or are doing so now. The plaintiff's filing of this Complaint is troublesome if she does not have concrete evidence against Sherman, but only a belief that other collectors and debt buyers share information.[2]

The plaintiff's counsel also argues that the "Sherman defendants' statement can be reasonably interpreted as meaning that the debtor's private information will be disclosed to a lender for the purpose of financing the repayment of the debt." However, it is unlikely that an

---

[2] The plaintiff is alleging that various information about the account may be shared with other parties, thus revealing that a debt is owed. Peculiarly, by filing a claim in which the plaintiff has no apparent standing, she and her counsel have effectively shared the account information of Mary L. Burt and thus made such information a public record by filing suit. Accordingly, the plaintiff has done to her mother the same allegedly wrongful act that the plaintiff attributes to the Sherman Defendants.

ID # 426246v01/14451-2/ 03.30.2005

unsophisticated consumer would come to such a conclusion. If this were indeed the case, the plaintiff's counsel could have submitted affidavits from their clients stating that this is indeed how they interpreted the privacy notice. Undeniably, under the analysis set forth in *Ezell v. Sherman Acquisition II, LP* Case No. 04-72119 (ED Mich. 2005) (citing to *Chuway v. Nat'l Action Financial Services*, 362 F.3d 944 (7th Cir. 2004))$^3$, the plaintiff is at the very least required to provide affidavits setting forth her interpretation of the letter. Such attested material is conspicuously absent.

## II.     PLAINTIFF DOES NOT HAVE STANDING.

Next, the plaintiff wants the Court to create a new cause of action for individuals who cannot even make a colorable <u>personal</u> claim of any type of injury. The plaintiff argues that she has standing because "[a] family member who receives a false and misleading letter has standing to assert violations of the FDCPA on an individual basis." *Pl. Brief at p. 17*. While this may be true in some limited circumstances, it is far from the rule.

### A.     General standing rules preclude Plaintiff's claims.

"The general rule is that a court should first confirm the existence of rudiments such as jurisdiction and standing before tackling the merits of a controverted case." *Berner v. Delahanty*, 129 F.3d 20, 23 (1st Cir. 1997). This is because "standing is a necessary concomitant to the court's power to adjudicate a case." *R.I. Ass'n of Realtors v. Whitehouse*, 199 F.3d 26, 30 (1st Cir. 1999).

---

$^3$     On reconsideration, the *Ezell* Court vacated its dismissal of the case, as the plaintiff in *Ezell* had filed an Amended Complaint after the defendant had filed its summary judgment motion. However, the Court's Order remained valid as to the original claim set forth in the original Complaint. Thus, the underlying Order is still 'good law' and is persuasive in the instant matter.

> In order to achieve standing, a party seeking to invoke federal jurisdiction must demonstrate three things: First, the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Comfort v. Lynn Sch. Comm.*, 2004 U.S. App. LEXIS 21791 (1st Cir. 2004) (citing to *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992).

In the instant matter, it is clear that the plaintiff has not suffered an "injury in fact". As the alleged facts show, the plaintiff opened a collection letter that was sent to her mother, in care of the plaintiff. The plaintiff undeniably understood that the letter was directed to her mother, and that it was not an attempt to collect from her. However, the plaintiff and her counsel ask the Court to believe that the plaintiff has been injured by language suggesting that information about the plaintiff's mother **may** be shared or **may** have been shared. The plaintiff fails to set forth any indication as to how the sharing of her mother's information would harm the plaintiff. Even assuming that the plaintiff's mother's information could possibly be shared in the near future, the plaintiff cannot possibly show that harm is imminent to her as the alleged harm does not and cannot affect her in any legally cognizable way.

At best, the plaintiff's alleged harm is "conjectural or hypothetical", which is insufficient to create federal standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992). At worst, the plaintiff's alleged harm is a bad faith attempt to circumvent the principles of standing to create a class action under which the plaintiff would be entitled to statutory damages and her counsel entitled to attorney fees. As the plaintiff has not been injured and is not in imminent danger of being injured, the plaintiff cannot show a causal

connection between any injury and the privacy notice at issue. Thus, the plaintiff does not have standing in this instance and her claims must all fail.

### B.    Plaintiff does not have standing under the FDCPA.

As a precursor, it is important to note the statutory language, which provides that "the term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). There is no way that the plaintiff can establish that she is a consumer under the FDCPA. At no point does she contend, and she cannot contend, that the Sherman Defendants attempted to collect from her. Thus, from a statutory interpretation analysis, it cannot be argued that the plaintiff is "obligated or allegedly obligated to pay" the debt in question. The plaintiff has alleged various violations of 15 U.S.C. §§ 1692c(b), 1692d(3), 1692d(4), 1692f(7), 1692f(8),1692e(5), and 1692e(10).

The letter at issue in this matter was sent to "Mary L. Burt c/o Joyce Henderson". The plaintiff argues that simply because she allows her mother to receive mail at her house, she also has a right to sue based upon the contents of such mail (the implication is that she and her mother are interchangeable for this purpose). In this instance, the letter was sent to Mary L. Burt, not to the plaintiff. This is further evidenced by the fact that the letter further states, "Dear MARY L. BURT". The fact that the plaintiff may open and read her mother's mail does not in itself create standing for her under the FDCPA.

In support of the plaintiff's outlandish theory, she submits case law that is quite easily distinguished. The cases cited by the plaintiff point to two instances where a family member may have standing: (1) when acting on behalf of an estate or via power of attorney, or (2) when the contact was with the family member.

First, the plaintiff cites to *Wright v. Finance Service of Norwalk, Inc.* in support of her claim for standing. *Wright*, 22 F.3d 647 (6th Cir. 1993). In *Wright*, the Sixth Circuit Court of Appeals held that a executrix could state a valid claim under the FDCPA. However, that case is easily distinguished as the plaintiff herein is not an executrix. The *Wright* court went on to state that the right to sue under certain sections of the FDCPA "includes those persons, such as Wright, who 'stand in the shoes' of the debtor or have the same authority as the debtor to open and read the letters of the debtor." *Id.* at 650. As set forth above, there is no evidence that would indicate that the plaintiff "stands in the shoes" of her mother. She has not claimed that she has power of attorney or is an executrix of any estate or that her mother has been adjudicated incompetent. Nor has she brought this action as a legal representative of her mother. Rather, she simply states in her Complaint that she "handles her mother's affairs." *Pl. Compl. at 22*. For the same reasons, the plaintiff's reliance upon *Riviera v. MAB Collections, Inc.*, 682 F. Supp. 174 (W.D.N.Y. 1998) must fail, as the plaintiff in that matter was the administrix and therefore "stood in the shoes" of the debtor.

Moreover, the *Wright* case also set forth that "only a 'consumer' has standing to sue for violations under 15 U.S.C. § 1692c." *Id.* at FN1. As such, it cannot be disputed that the plaintiff's claims under 15 U.S.C. § 1692c must be dismissed.

In the other cases cited by the plaintiff, the plaintiffs allegedly suffered harm. However, in the instant matter the plaintiff cannot allege any harm to her person. In *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204 (N.D. Ga. 1981), the court refused to dismiss the claim for lack of standing where the parents of the debtor had allegedly been threatened by the collector via a message left for them on their answering machine. *Id.* Thus, the fact that the plaintiffs in *Whatley* had allegedly been directly harmed supported the finding of standing.

Again, in the instant case, there can be (and is) no claim by the plaintiff that she was harmed or even that she could possibly be harmed in the imminent future. Undeniably, even if the Sherman Defendants shared the information or would do so in the future, it is inconceivable to conclude that the plaintiff has standing or was somehow harmed by the letter submitted in the instant action. She opened the letter plainly addressed to her mother and read the letter setting forth that it was in regard to her mother's debt ("Dear MARY L BURT"). Under no circumstances can the plaintiff honestly claim to have been injured as a result of reading her mother's letter.

The case of *Conboy v. AT&T Corp.*, 241 F.3d 242 (2nd Cir. 2001) found that the plaintiffs did not have standing to assert a 15 U.S.C. § 1692e(11) claim. In *Conboy*, the Second Circuit affirmed the dismissal of action brought asserting a violation of 15 U.S.C. § 1692e(11). The plaintiffs alleged that its long distance carrier had violated the FDCPA by "allegedly transmitting and using certain information contained in plaintiffs' long-distance bill for purposes of collecting credit card debt" of their daughter-in-law. *Id.* at 246-247. As the plaintiffs in *Conboy* were not consumers, the court held that they could not bring a claim under § 1692e(11).

Based on the case law cited herein, a non-consumer plaintiff can only bring a claim under the FDCPA if she is "standing in the shoes" of the debtor, as in instances where a debtor's estate may have a claim, or when the non-consumer suffers harm or may suffer harm in the future. In the instant action, the plaintiff is not "standing in the shoes" of her mother and she has not been harmed by the letter at issue. Furthermore, any sharing of her mother's information that may

hypothetically take place in the future would not result in harm to the plaintiff. As such, she lacks standing to bring the instant action.[4]

### III. CONCLUSION

For the reasons set forth herein and in the Sherman Defendants' Memorandum in Support of their Motion to Dismiss, the Sherman Defendants respectfully request that the plaintiff's claims against them be dismissed in their entirety.[5]

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP; SHERMAN
ACQUISITION II GENERAL PARTNER LLC;
ALEGIS GROUP, LP AND ALEGIS GROUP,
LLC,
By their attorney,

*[signature]*

Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199-8004
617-973-6100

Of Counsel:

Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

---

[4] Indeed, even if the Sherman Defendant's Motion to Dismiss is denied, there is undoubtedly a question as to whether or not the plaintiff can represent a class, as it is unlikely that commonality or typicality will exist.

[5] The plaintiff has recently brought a motion to amend to add a claim under Mass. Gen. Law Chapter 93A. For the same reasons outlined in this Reply and in the Sherman Defendants' Memorandum in Support of their Motion to Dismiss, this claim also fails.

ID # 426246v01/14451-2/ 03.30.2005

9

## **CERTIFICATE OF SERVICE**

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 1st day of April, 2005, I caused a copy of the above **Reply Memorandum** to be mailed to:

Daniel A. Edelman, Esquire
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL  60603-3403

Christopher M. Lefebvre, Esquire
Law Offices of Claude Lefebvre & Sons
Two Dexter Street
Pawtucket, RI  02860

Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402

_____
Steven S. Broadley

ID # 426246v01/14451-2/ 04.01.2005