IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRENE CHAPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 7625 |
| | ) |
| WORLDWIDE ASSET MANAGEMENT, | ) |
| L.L.C. and WORLDWIDE ASSET | ) |
| PURCHASING, L.L.C. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Irene Chapman alleges that a notice she received regarding defendants' privacy policy--that is defendants' policy regarding sharing information about plaintiff--was part of an attempt to collect a debt. Plaintiff contends that statements in the privacy policy violate provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiff brings this action as a putative class action. Defendants Worldwide Asset Management, L.L.C. ("WAM") and Worldwide Asset Purchasing, L.L.C. ("WAP") move to dismiss the complaint.

On a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor.

Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Dixon v. Page, 291 F.3d 485, 486 (7th Cir. 2002); Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a)(2); Boim v. Quranic Literacy Institute, 291 F.3d 1000, 1008 (7th Cir. 2002); Anderson v. Simon, 217 F.3d 472, 474 (7th Cir. 2000), cert. denied, 531 U.S. 1073 (2001); Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999). A plaintiff in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendants have at least minimal notice of the claim. Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Scott, 195 F.3d at 951; Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997); Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995). Even if not required to plead specific facts, a plaintiff can plead himself or herself out of court by alleging facts showing there is no viable claim. See Slaney v. The International Amateur Athletic Federation, 244 F.3d 580, 597 (7th Cir.), cert. denied, 534 U.S. 828 (2001); Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 669-70 n.14 (7th Cir. 1998), cert. denied, 525 U.S. 1114 (1999); Jackson, 66 F.3d at 153-54. Ordinarily, as long as they are consistent with the allegations of the complaint, a plaintiff may assert additional

facts in his or her response to a motion to dismiss. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000); Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Albiero, 122 F.3d at 419; Gutierrez v. Peters, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997). Also, documents that are referred to in the complaint and that are central to a claim that is made may be considered to be part of the complaint even if not actually attached to the complaint. Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 661 (7th Cir. 2002); Duferco Steel Inc. v. M/V Kalisti, 121 F.3d 321, 324 n.3 (7th Cir. 1997); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). Where the document may properly be considered, the actual document will override inconsistent descriptions of the document alleged in the body of the complaint. See Rosenblum, 299 F.3d at 661 (quoting 5 Wright & Miller, Federal Practice & Procedure: Civil 2d § 1327 at 766 (1990)); In re Wade, 969 F.2d 241, 249 (7th Cir.1992); Beam v. IPCO Corp., 838 F.2d 242, 244-45 (7th Cir. 1988).

In the complaint itself, it is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief. Forseth, 199 F.3d at 368; Scott, 195 F.3d at 951; Albiero, 122 F.3d at 419; Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992); Dodaro v. Village of Glendale Heights, 2003 WL 1720030 *8 (N.D. Ill. March 31, 2003). A plaintiff is not bound by legal

characterizations of the claims contained in the complaint. Forseth, 199 F.3d at 368; Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999). However, in response to a motion to dismiss that raises the issue, the plaintiff must identify a legal basis for a claim and make adequate legal arguments in support of it. Kirksey, 168 F.3d at 1041-42; Stransky v. Cummins Engine Co., 51 F.3d 1329, 1335 (7th Cir. 1995); Levin v. Childers, 101 F.3d 44, 46 (6th Cir. 1996); Gilmore v. Southwestern Bell Mobile Systems, L.L.C., 224 F. Supp. 2d 1172, 1175 (N.D. Ill. 2002).

Plaintiff alleges that "WAM purchases for collection defaulted consumer receivable accounts" and that "[t]he principal business purpose of WAM is the purchase and collection of consumer debts by the use of the mail and telephone." It is also alleged that WAM "directs, controls and is actively involved in the business affairs of WAP." It is claimed that WAM is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6). It is alleged that WAP's "principal purpose . . . is the collection of defaulted consumer debts by the use of the mail and telephone." WAP is also claimed to be a debt collector as defined by the FDCPA.

Plaintiff alleges that, during 2003 and 2004, she received a series of collection letters sent by or on behalf of WAM and WAP. The letters pertained to an alleged credit card debt. Along with one or more of the collection letters,

plaintiff received a document entitled "Worldwide Asset Management, L.L.C. Privacy Policy and Notice."[1] The notice states that "[w]e collect nonpublic personal information about you including . . . Information we receive from you on applications or other . . . documents; Information about your transactions with us . . . or others; and Information we receive from a consumer reporting agency." It is further stated that "we" may disclose this information to third parties, including financial service providers, retailers, and direct marketers. "We may also disclose nonpublic personal information about you to nonaffiliated third parties as permitted by law." It is also stated that, in order to prevent such disclosure, the addressee must complete and mail in a form requesting to opt out.

The title of the privacy notice includes WAM, but not WAP. The opt out form is to be sent to WAM. The first two sentences of the privacy notice state: "Worldwide Asset Management, L.L.C., as master servicing agent for Worldwide Asset Purchasing, L.L.C. and in conformity with the Gramm-Leach-Bliley Act, has adopted a Privacy Policy to protect information that we have about our customers. This notice is to provide you with a description of our privacy policy."

WAP argues that it cannot be held responsible for the privacy policy notice because the title and mailing address for

---

[1] A copy of the privacy notice is attached to the Complaint.

opt outs show that the notice is a document from WAM, not WAP. WAP ignores that the beginning sentences of the notice describe a policy of both WAM and WAP. The notice also states that WAM is acting as an agent for WAP.[2] The privacy notice itself does not conclusively establish that the notice was sent by WAM and that it was solely on behalf of WAM. The language of the notice is such that it could have been sent by or on behalf of either or both defendants. Therefore, on defendants' motion to dismiss, the allegations of the complaint that both defendants are responsible for the notice must presently be taken as true.

Plaintiff's allegation that the privacy policy notice was sent along with a collection letter or other communication attempting to collect a debt must also be taken as true. That allegation is fully consistent with the notice itself which states in capitalized boldface letters: "Federal law requires us to advise you that this is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector."

Defendants also argue that neither defendant is adequately alleged to be a debt collector, particularly WAP, which purchases debts. Plaintiff, however, alleges that both

---

[2]In the body of the Complaint, it is alleged that WAM controls and directs WAP, thereby indicating that WAP is an agent of WAM. In her answer brief, plaintiff argues, based on the language of the privacy notice, that WAM is an agent of WAP. In ruling on the motion to dismiss, it is unnecessary to resolve issues regarding principal-agent liability under the FDCPA.

defendants are in the business of collecting debts.  WAM is alleged to both purchase and collect debts.  There is no allegation that WAP purchases debts.  Moreover, since plaintiff pleads no specific facts to the contrary, it is sufficient that plaintiff alleges that they are in the business of collecting debts.  Molloy v. Primus Automotive Financial Services, 247 B.R. 804, 821 (C.D. Cal. 2000).  Compare Montgomery v. Huntington Bank, 346 F.3d 693, 701 (6th Cir. 2003).  Even the conclusorily allegations that both defendants are debt collectors as defined by the FDCPA would have been sufficient absent specific allegations to the contrary.  See McCormick v. City of Chicago, 230 F.3d 319, 324-25 (7th Cir. 2000); Jackson, 66 F.3d at 153. But see Montgomery, 346 F.3d at 701 (6th Cir.).  Furthermore, an entity that purchases the debts of others when the debts are already in default may qualify as a debt collector.  See Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536-37 (7th Cir. 2003).  It has been sufficiently alleged that defendants are debt collectors.

   Defendants contend the privacy policy notice cannot constitute a violation of the FDCPA because it is in conformity with the Gramm-Leach-Bliley Act ("GLB"), 15 U.S.C. § 6801 et seq., which generally applies to disclosure of customer information by financial institutions.  They also argue that there can be no violation of the FDCPA because it is not alleged that any actual disclosure of plaintiff's information occurred.

It is true that the Complaint does not expressly allege any actual disclosure, though such an allegation would not be inconsistent with the allegations of the complaint.  In response to the motion to dismiss, however, plaintiff still does not contend there was any actual disclosure.  Instead, plaintiff argues that the threat of a possible disclosure was sufficient to constitute a violation of the FDCPA.  Plaintiff relies on 15 U.S.C. §§ 1692e(5) & (10).  Those subsections provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> * * *
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> * * *
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Since the privacy policy notice was part of an attempt to collect a debt from plaintiff, representations therein that defendants would take actions prohibited by the FDCPA would themselves constitute a violation of the FDCPA regardless of whether defendants thereafter actually engaged in such conduct. Blair v. Sherman Acquisition, 2004 WL 2870080 *6-7 (N.D. Ill. Dec. 13, 2004); Stewart v. Asset Acceptance LLC, No. 04 CV 1213, 6-8 (S.D. Ind. Nov. 19, 2004).

- 8 -

Except as permitted by sections 1692c(b) and 1692b, a debt collector may not communicate with a third party regarding a consumer's debt. The privacy policy notice states that defendants will engage in communications other than the type permitted by the aforementioned sections of the FDCPA.[3] Also, inconsistent with the FDCPA provisions which require that the debt collector obtain actual permission from the customer before disseminating certain information, the privacy policy provides that the customer must affirmatively act to prevent dissemination. Defendants' privacy policy contains provisions that would violate the FDCPA. Blair, 2004 WL 2870080 at *3-4; Stewart, supra, at 6-8. As previously discussed, by seeking to collect on a debt while notifying plaintiff that they may take such actions, defendants violated § 1692e. Blair, 2004 WL 2870080 at *6-7; Stewart, supra, at 6-8.

Defendants contend there can be no violation of the FDCPA because the dissemination of such information and the opt-out requirement are consistent with the GLB. Just because conduct does not violate one statute does not automatically mean that the

---

[3] Defendants contend there is no violation because they added the qualification that they would only disclose "as permitted by law." That qualification, however, is only stated to apply to disclosures to "nonaffiliated third parties." Moreover, an unsophisticated consumer is not expected to know there is a law that prevents defendants from performing the disclosures they otherwise indicate they will perform. This qualification does not prevent a violation of § 1692e. See Blair, 2004 WL 2870080 *6-7.

conduct does not violate other statutes. Defendants point to no reason why the GLB should be considered to have amended the FDCPA so as to delete some of its provisions. The FDCPA pertains specifically to communications related to debt collecting; the GLB does not. There is no basis for holding that the previously discussed provisions of the FDCPA are inapplicable to the privacy policy notice sent by defendants.

Plaintiff has adequately alleged a violation of the FDCPA.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [7] is denied. Within 14 days, defendants shall answer the complaint. Within 30 days, plaintiff shall move for class certification.

ENTER:

/s/

UNITED STATES DISTRICT JUDGE

DATED: APRIL 6, 2005

PO BOX 671927
Marietta, GA  30006-0033
FORWARDING SERVICE REQUESTED

**WORLDWIDE ASSET MANAGEMENT, L.L.C.
PRIVACY POLICY AND NOTICE**

02/09/04

Redacted

IRENE CHAPMAN
9751 S INGLESIDE AVE
CHICAGO IL  60628-1517

ACCOUNT NUMBER:   Redacted

   Worldwide Asset Management, L.L.C., as master servicing agent for Worldwide Asset Purchasing, L.L.C. and in conformity with the Gramm-Leach-Bliley Act, has adopted a Privacy Policy to protect information that we have about our customers. This Notice is to provide you with a description of our privacy policy. This Notice describes the nonpublic personal information we collect about you, how we use that information, how we safeguard the information that we maintain about you, and how and in what circumstances you may instruct us not to release that information to certain nonaffiliated third parties.

**Information We Collect**

We collect nonpublic personal information about you including the following:

*   Information we receive from you on applications or other forms or documents;

*   Information about your transactions with us, our affliates, or others; and

*   Information we receive from a consumer reporting agency.

**Information We Disclose**

We may disclose all of the information that we collect about you, for the categories described above (such as name, address, assets and income, payment history).

We may disclose nonpublic personal information about you to the following types of third parties:

   *   Financial service providers, such as mortgage companies and banks;
   *   Non-financial companies, such as retailers and direct marketers.
   *   We may also disclose nonpublic personal information about you to nonaffiliated third parties as permitted by law.

This information may be disclosed to these parties concerning both current and former customers.

   If you prefer that we not disclose nonpublic personal information about you to nonaffiliated third parties, other than for situations where we are permitted by law to disclose this information, you may opt out of these disclosures, that is, you may direct us not to make those disclosures. If you wish to opt out of these disclosures to nonaffiliated third parties, you may complete and return the form found at the end of this document. You may also elect simply to write us at the address found on the form and state your intention to opt out.

You also may instruct us not to disclose your credit bureau report and/or account application information with any of our affiliates.

Your Information Is safeguarded against Unauthorized Access:

We restrict access to nonpublic personal information about you to those persons (including our employees and service providers) who need to know that information in order to handle your account or provide services to you. We maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic personal information. For example we protect our offices through identification cards, electronic passkey systems, and password clearance for computer systems and databases. We also restrict access to your information to only those employees with a legitimate business purpose to have such access.

FEDERAL LAW REQUIRES US TO ADVISE YOU THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

--------------------------------------------------------------------------------

Complete and detach this form by cutting along the double line. Mail your completed form to:

Worldwide Asset Management, L.L.C.
Attn: GLB Compliance Dept.
P.O. Box 672107
Marietta, GA 30006-0033
1-866-252-9271

Account Number:     Redacted

[ ]   Please do not share nonpublic personal information about me with nonaffiliated third parties. I understand that by law, this does not include companies that are performing services on your behalf or your financial marketing partners, or other disclosures permitted by law.

[ ]   Please do not share my credit bureau report and/or account application information with any of your affiliates.

_____          _____
Signature                                Print Name

(_____) ____ - _____
Telephone Number

_____
Street Address

_____
City, State, Zip