IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DISTRICT

JOYCE HENDERSON,
    Plaintiff,

v.                                                                                     COURT FILE NO.:  05-10339 JLT

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP;
SHERMAN ACQUISITION II GENERAL
PARTNER LLC; ALEGIS GROUP, LP AND
ALEGIS GROUP, LLC,
    Defendants.

## ANSWER OF SHERMAN FINANCIAL GROUP, LLC
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Sherman Financial Group, LLC ("SFG"), as and for its Answer to the Amended Complaint of Plaintiff Joyce Henderson ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

1.    In response to Paragraph 1 of Plaintiff's Amended Complaint, Defendant SFG denies the allegations against it.  To all other extents, Defendant SFG has insufficient information to either admit or deny the remaining allegations and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

2.    Defendant SFG denies that this Honorable Court has jurisdiction and venue as set forth in Paragraph 2 of Plaintiff's Amended Complaint as there has been no violation of law.

3.    Defendant SFG has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 3 of Plaintiff's Amended Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

4. Defendant SFG admits the allegations set forth in Paragraph 4 of Plaintiff's Amended Complaint.

5. In response to Paragraph 5 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that its web site speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the contents of SFG's website.

6. Defendant SFG denies the allegations set forth in Paragraph 6 of Plaintiff's Amended Complaint.

7. In response to Paragraph 7 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

8. In response to Paragraph 8 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

9. In response to Paragraph 9 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

10. In response to Paragraph 10 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

11. Defendant SFG denies the allegations set forth in Paragraph 11 of Plaintiff's Amended Complaint.

12. In response to Paragraph 12 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

13. In response to Paragraph 13 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

14. In response to Paragraph 14 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

15. In response to Paragraph 15 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

16. Defendant SFG admits the allegations set forth in Paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant SFG denies the allegations set forth in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant SFG denies the allegations set forth in Paragraph 18 of Plaintiff's Amended Complaint.

19. In response to Paragraph 19 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that some managers and/or officers may be employed by more than one company.

20. Defendant SFG denies the allegations set forth in Paragraph 20 of Plaintiff's Amended Complaint.

21. In response to Paragraph 21 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required. To the extent that a response is deemed required, Defendant SFG states that the document referenced as Exhibit A speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the contents of Exhibit A.

22. Defendant SFG has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 22 of Plaintiff's Amended Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

23. In response to Paragraph 23 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that the document referenced as Exhibit A speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the contents of Exhibit A.

24. In response to Paragraph 24 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that the document referenced as Exhibit A speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the contents of Exhibit A.

25. Defendant SFG denies the allegations set forth in Paragraph 25 of Plaintiff's Amended Complaint.

26. In response to Paragraph 26 of Plaintiff's Amended Complaint, Defendant SFG denies the allegations to the extent said allegations refer to it. To all other extents, Defendant SFG has insufficient information and knowledge to either admit or deny the contents of said

paragraph and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

27. In response to Paragraph 27 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that the document referenced as Exhibit A speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the contents of Exhibit A.

28. In response to Paragraph 28 of Plaintiff's Amended Complaint, Defendant SFG restates and realleges paragraphs 1 through 27 as though fully stated herein.

29. In response to Paragraph 29 of Plaintiff's Amended Complaint, Defendant SFG affirmatively asserts that the FTC Commentary, and statute (15 U.S.C. § 1692 et seq. Fair Debt Collection Practices Act "FDCPA") referenced therein, speak for themselves. As such, no response is necessary by this answering defendant. To the extent that a response is required, Defendant SFG denies all portions to the extent that they are inconsistent with the FTC Commentary, the FDCPA, or case law interpreting them.

30. In response to Paragraph 30 of Plaintiffs' Complaint, Defendant SFG affirmatively asserts that the FDCPA sections referenced speak for themselves and are a statement of law. As such, no response is necessary by this answering defendant. To the extent that a response is required, Defendant SFG denies all portions to the extent that they are inconsistent with the FDCPA or case law interpreting the FDCPA.

31. In response to Paragraph 31 of Plaintiffs' Complaint, Defendant SFG affirmatively asserts that the FDCPA sections referenced speak for themselves and are a statement of law. As such, no response is necessary by this answering defendant. To the extent

that a response is required, Defendant SFG denies all portions to the extent that they are inconsistent with the FDCPA or case law interpreting the FDCPA.

32. In response to Paragraph 32 of Plaintiff's Amended Complaint, Defendant SFG affirmatively asserts that the FTC Commentary, and FDCPA referenced therein, speak for themselves. As such, no response is necessary by this answering defendant. To the extent that a response is required, Defendant SFG denies all portions to the extent that they are inconsistent with the FTC Commentary, the FDCPA, or case law interpreting them.

33. In response to Paragraph 33 of Plaintiffs' Complaint, Defendant SFG affirmatively asserts that the FDCPA sections referenced speak for themselves and are a statement of law. As such, no response is necessary by this answering defendant. To the extent that a response is required, Defendant SFG denies all portions to the extent that they are inconsistent with the FDCPA or case law interpreting the FDCPA.

34. In response to Paragraph 34 of Plaintiffs' Complaint, Defendant SFG affirmatively asserts that the FDCPA sections referenced speak for themselves and are a statement of law. As such, no response is necessary by this answering defendant. To the extent that a response is required, Defendant SFG denies all portions to the extent that they are inconsistent with the FDCPA or case law interpreting the FDCPA.

35. In response to Paragraph 35 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that the "privacy notice" speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the "privacy notice".

36. Defendant SFG has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 36 of Plaintiff's Amended Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

37. In response to Paragraph 37 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that the "privacy notice" speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the "privacy notice".

38. In response to Paragraph 38 of Plaintiff's Amended Complaint, Defendant SFG affirmatively states that the "privacy notice" speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the "privacy notice".

39. In response to Paragraph 39 of Plaintiff's Amended Complaint, Defendant SFG states that the allegations contained therein call for a conclusion of law and that no response is required of said answering defendant. To the extent a response is deemed required, Defendant SFG denies the allegations set forth in Paragraph 39 of Plaintiff's Amended Complaint.

40. In response to Paragraph 40 of Plaintiff's Amended Complaint, Defendant SFG states that the allegations contained therein call for a conclusion of law and that no response is required of said answering defendant. To the extent a response is deemed required, Defendant SFG denies the allegations set forth in Paragraph 40 of Plaintiff's Amended Complaint.

41. In response to Paragraph 41 of Plaintiff's Amended Complaint, Defendant SFG states that the allegations contained therein call for a conclusion of law based on an "example" and that no response is required of said answering defendant. To the extent a response is deemed required, Defendant SFG denies the allegations set forth in Paragraph 41 of Plaintiff's Amended Complaint.

42. In response to Paragraph 42 of Plaintiffs' Complaint, Defendant SFG affirmatively asserts that the FDCPA sections referenced speak for themselves and are a statement of law. As such, no response is necessary by this answering defendant. To the extent

that a response is required, Defendant SFG denies all portions to the extent that they are inconsistent with the FDCPA or case law interpreting the FDCPA.

43. Defendant SFG denies the allegations set forth in Paragraph 43 of Plaintiff's Amended Complaint.

44. In response to Paragraph 44 of Plaintiff's Amended Complaint, Defendant SFG admits that Plaintiff has styled her action as a class action but denies that Plaintiff is entitled to bring a class action as no violation of law has occurred and no class exists.

45. Defendant SFG denies the allegations set forth in Paragraph 45 of Plaintiff's Amended Complaint.

46. Defendant SFG denies the allegations set forth in Paragraph 46 of Plaintiff's Amended Complaint.

47. Defendant SFG denies the allegations set forth in Paragraph 47 of Plaintiff's Amended Complaint.

48. Defendant SFG denies the allegations set forth in Paragraph 48 of Plaintiff's Amended Complaint.

49. Defendant SFG denies the allegations set forth in Paragraph 49 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant SFG denies each and every material allegation of the Complaint and demands strict proof thereof.

## SECOND DEFENSE

All of the actions of Defendant SFG complied with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., if it is applicable at all.

## THIRD DEFENSE

Defendant SFG affirmatively asserts that this Court lacks subject matter jurisdiction over this Complaint as there has been no violation of the law.

## FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant SFG denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Defendant SFG.

## FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant SFG denies, was due to the affirmative actions and/or omission of others and does not give rise to any claim of damages against Defendant SFG.

## SIXTH DEFENSE

Plaintiff's Complaint fails to states a cause of action upon which relief may be granted against Defendant SFG.

## SEVENTH DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., if applicable, which Defendant SFG denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## EIGHTH DEFENSE

Defendant SFG has complied with both state and federal laws concerning the collection of a consumer debt and Plaintiff's action is therefore barred, assuming the underlying obligation was a consumer debt as alleged by Plaintiffs.

## NINTH DEFENSE

Defendant SFG denies all material allegations which purport that Defendant SFG has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

## TENTH DEFENSE

Defendant SFG reserves the right to assert such other affirmative defenses available pursuant to Rule 8(c) and 12(b) of the Federal Rules of Civil Procedure as may be revealed through discovery and disclosure in this matter.

## ELEVENTH DEFENSE

Defendant SFG reserves the right to assert a claim under 15 U.S.C. § 1692k(a)(3) as may be revealed through discovery and disclosure in this matter.

## TWELVETH DEFENSE

Defendants' Privacy Notice complies with all federal and states laws, including but not limited to the FDCPA and Gramm-Leech-Bliley Act.

## THIRTEENTH DEFENSE

Defendant SFG is not a debt collector under the FDCPA.

## FOURTEENTH DEFENSE

Plaintiff is contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter of the instant litigation.

## FIFTEENTH DEFENSE

Plaintiff lacks standing to assert a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., as alleged in Plaintiff's Amended Complaint.

**WHEREFORE,** Defendant SFG prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all pretended causes of action against Defendant SFG with prejudice and on the merits;

2. Awarding Defendant SFG such other and further relief as the Court deems just and equitable.

SHERMAN FINANCIAL GROUP, LLC
By its attorney,

_/s/ Steven S. Broadley_
Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA  02199-8004
617-973-6100

Of Counsel:

Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402

## CERTIFICATE OF SERVICE

    I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this _3_ day of June, 2005, I caused a copy of the **Answer to Plaintiff's Amended Complaint** to be mailed to:

Daniel A. Edelman, Esquire  
Edelman, Combs, Latturner & Goodwin, LLC  
120 S. LaSalle Street, 18th Floor  
Chicago, IL 60603-3403  

Christopher M. Lefebvre, Esquire  
Law Offices of Claude Lefebvre & Sons  
Two Dexter Street  
Pawtucket, RI 02860  

Michael S. Poncin, Esquire  
Moss & Barnett, P.A.  
4800 Wells Fargo Center  
90 South Seventh Street  
Minneapolis, MN 55402  

_____  
Steven S. Broadley