IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DISTRICT

JOYCE HENDERSON,
    Plaintiff,

v.                                                                   COURT FILE NO.: 05-10339 JLT

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP;
SHERMAN ACQUISITION II GENERAL
PARTNER LLC; ALEGIS GROUP, LP AND
ALEGIS GROUP, LLC,
    Defendants.

## ANSWER OF SHERMAN ACQUISITION II, LP
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Sherman Acquisition II, LP ("SA2"), as and for its Answer to the Amended Complaint of Plaintiff Joyce Henderson ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

1.     In response to Paragraph 1 of Plaintiff's Amended Complaint, Defendant SA2 denies the allegations against it. To all other extents, Defendant SA2 has insufficient information to either admit or deny the remaining allegations and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

2.     Defendant SA2 denies that this Honorable Court has jurisdiction and venue as set forth in Paragraph 2 of Plaintiff's Amended Complaint as there has been no violation of law.

3.     Defendant SA2 has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 3 of Plaintiff's Amended Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

4.  In response to Paragraph 4 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

5.  In response to Paragraph 5 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

6.  In response to Paragraph 6 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

7.  Defendant SA2 admits the allegations set forth in Paragraph 7 of Plaintiff's Amended Complaint.

8.  In response to Paragraph 8 of Plaintiff's Amended Complaint, the Defendant SA2 admit that it acquires debt but denies the remaining allegations.

9.  Defendant SA2 denies the allegations set forth in Paragraph 9 of Plaintiff's Amended Complaint.

10. In response to Paragraph 10 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

11. Defendant SA2 denies the allegations set forth in Paragraph 11 of Plaintiff's Amended Complaint.

12. In response to Paragraph 12 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

13. In response to Paragraph 13 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

14. In response to Paragraph 14 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

15. In response to Paragraph 15 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

16. Upon information and belief, Defendant SA2 admits the allegations set forth in Paragraph 16 of Plaintiff's Amended Complaint.

17. In response to Paragraph 17 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required.

18. Defendant SA2 denies the allegations set forth in Paragraph 18 of Plaintiff's Amended Complaint.

19. In response to Paragraph 19 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that some managers and/or officers may be employed by more than one company.

20. Defendant SA2 denies the allegations set forth in Paragraph 20 of Plaintiff's Amended Complaint.

21. In response to Paragraph 21 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that said paragraph does not make any allegations against said answering

defendant and that no response is therefore required. To the extent that a response is deemed required, Defendant SA2 states that the document referenced as Exhibit A speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the contents of Exhibit A.

22. Defendant SA2 has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 22 of Plaintiff's Amended Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

23. In response to Paragraph 23 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that the document referenced as Exhibit A speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the contents of Exhibit A.

24. In response to Paragraph 24 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that the document referenced as Exhibit A speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the contents of Exhibit A.

25. In response to Paragraph 25 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that said paragraph does not make any allegations against said answering defendant and that no response is therefore required. To the extent that a response is deemed required, Defendant SA2 states that the document referenced as Exhibit A speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the contents of Exhibit A.

26. In response to Paragraph 26 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that said paragraph does not make any allegations against said answering

defendant and that no response is therefore required. To the extent that a response is deemed required, Defendant SA2 states that the document referenced as Exhibit A speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the contents of Exhibit A.

27. In response to Paragraph 27 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that the document referenced as Exhibit A speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the contents of Exhibit A.

28. In response to Paragraph 28 of Plaintiff's Amended Complaint, Defendant SA2 restates and realleges paragraphs 1 through 27 as though fully stated herein.

29. In response to Paragraph 29 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively asserts that the FTC Commentary, and statute (15 U.S.C. § 1692 et seq. Fair Debt Collection Practices Act "FDCPA") referenced therein, speak for themselves. As such, no response is necessary by this answering defendant. To the extent that a response is required, Defendant SA2 denies all portions to the extent that they are inconsistent with the FTC Commentary, the FDCPA, or case law interpreting them.

30. In response to Paragraph 30 of Plaintiffs' Complaint, Defendant SA2 affirmatively asserts that the FDCPA sections referenced speak for themselves and are a statement of law. As such, no response is necessary by this answering defendant. To the extent that a response is required, Defendant SA2 denies all portions to the extent that they are inconsistent with the FDCPA or case law interpreting the FDCPA.

31. In response to Paragraph 31 of Plaintiffs' Complaint, Defendant SA2 affirmatively asserts that the FDCPA sections referenced speak for themselves and are a

statement of law. As such, no response is necessary by this answering defendant. To the extent that a response is required, Defendant SA2 denies all portions to the extent that they are inconsistent with the FDCPA or case law interpreting the FDCPA.

32. In response to Paragraph 32 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively asserts that the FTC Commentary, and FDCPA referenced therein, speak for themselves. As such, no response is necessary by this answering defendant. To the extent that a response is required, Defendant SA2 denies all portions to the extent that they are inconsistent with the FTC Commentary, the FDCPA, or case law interpreting them.

33. In response to Paragraph 33 of Plaintiffs' Complaint, Defendant SA2 affirmatively asserts that the FDCPA sections referenced speak for themselves and are a statement of law. As such, no response is necessary by this answering defendant. To the extent that a response is required, Defendant SA2 denies all portions to the extent that they are inconsistent with the FDCPA or case law interpreting the FDCPA.

34. In response to Paragraph 34 of Plaintiffs' Complaint, Defendant SA2 affirmatively asserts that the FDCPA sections referenced speak for themselves and are a statement of law. As such, no response is necessary by this answering defendant. To the extent that a response is required, Defendant SA2 denies all portions to the extent that they are inconsistent with the FDCPA or case law interpreting the FDCPA.

35. In response to Paragraph 35 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that the "privacy notice" speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the "privacy notice".

36. Defendant SA2 has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 36 of Plaintiff's Amended Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

37. In response to Paragraph 37 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that the "privacy notice" speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the "privacy notice".

38. In response to Paragraph 38 of Plaintiff's Amended Complaint, Defendant SA2 affirmatively states that the "privacy notice" speaks for itself, while denying the contents of said paragraph to the extent, if any, that it is inconsistent or misconstrues the "privacy notice".

39. In response to Paragraph 39 of Plaintiff's Amended Complaint, Defendant SA2 states that the allegations contained therein call for a conclusion of law and that no response is required of said answering defendant. To the extent a response is deemed required, Defendant SA2 denies the allegations set forth in Paragraph 39 of Plaintiff's Amended Complaint.

40. In response to Paragraph 40 of Plaintiff's Amended Complaint, Defendant SA2 states that the allegations contained therein call for a conclusion of law and that no response is required of said answering defendant. To the extent a response is deemed required, Defendant SA2 denies the allegations set forth in Paragraph 40 of Plaintiff's Amended Complaint.

41. In response to Paragraph 41 of Plaintiff's Amended Complaint, Defendant SA2 states that the allegations contained therein call for a conclusion of law based on an "example" and that no response is required of said answering defendant. To the extent a response is deemed required, Defendant SA2 denies the allegations set forth in Paragraph 41 of Plaintiff's Amended Complaint.

42. In response to Paragraph 42 of Plaintiffs' Complaint, Defendant SA2 affirmatively asserts that the FDCPA sections referenced speak for themselves and are a statement of law. As such, no response is necessary by this answering defendant. To the extent that a response is required, Defendant SA2 denies all portions to the extent that they are inconsistent with the FDCPA or case law interpreting the FDCPA.

43. Defendant SA2 denies the allegations set forth in Paragraph 43 of Plaintiff's Amended Complaint.

44. In response to Paragraph 44 of Plaintiff's Amended Complaint, Defendant SA2 admits that Plaintiff has styled her action as a class action but denies that Plaintiff is entitled to bring a class action as no violation of law has occurred and no class exists.

45. Defendant SA2 denies the allegations set forth in Paragraph 45 of Plaintiff's Amended Complaint.

46. Defendant SA2 denies the allegations set forth in Paragraph 46 of Plaintiff's Amended Complaint.

47. Defendant SA2 denies the allegations set forth in Paragraph 47 of Plaintiff's Amended Complaint.

48. Defendant SA2 denies the allegations set forth in Paragraph 48 of Plaintiff's Amended Complaint.

49. Defendant SA2 denies the allegations set forth in Paragraph 49 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant SA2 denies each and every material allegation of the Complaint and demands strict proof thereof.

### SECOND DEFENSE

All of the actions of Defendant SA2 complied with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., if it is applicable at all.

### THIRD DEFENSE

Defendant SA2 affirmatively asserts that this Court lacks subject matter jurisdiction over this Complaint as there has been no violation of the law.

### FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant SA2 denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Defendant SA2.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant SA2 denies, was due to the affirmative actions and/or omission of others and does not give rise to any claim of damages against Defendant SA2.

### SIXTH DEFENSE

Plaintiff's Complaint fails to states a cause of action upon which relief may be granted against Defendant SA2.

## SEVENTH DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., if applicable, which Defendant SA2 denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## EIGHTH DEFENSE

Defendant SA2 has complied with both state and federal laws concerning the collection of a consumer debt and Plaintiff's action is therefore barred, assuming the underlying obligation was a consumer debt as alleged by Plaintiffs.

## NINTH DEFENSE

Defendant SA2 denies all material allegations which purport that Defendant SA2 has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

## TENTH DEFENSE

Defendant SA2 reserves the right to assert such other affirmative defenses available pursuant to Rule 8(c) and 12(b) of the Federal Rules of Civil Procedure as may be revealed through discovery and disclosure in this matter.

## ELEVENTH DEFENSE

Defendant SA2 reserves the right to assert a claim under 15 U.S.C. § 1692k(a)(3) as may be revealed through discovery and disclosure in this matter.

## TWELVETH DEFENSE

Defendants' Privacy Notice complies with all federal and states laws, including but not limited to the FDCPA and Gramm-Leech-Bliley Act.

## THIRTEENTH DEFENSE

Defendant SA2 is not a debt collector under the FDCPA.

## FOURTEENTH DEFENSE

Plaintiff is contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter of the instant litigation.

## FIFTEENTH DEFENSE

Plaintiff lacks standing to assert a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., as alleged in Plaintiff's Amended Complaint.

**WHEREFORE,** Defendant SA2 prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all pretended causes of action against Defendant SA2 with prejudice and on the merits;

2. Awarding Defendant SA2 such other and further relief as the Court deems just and equitable.

**SHERMAN ACQUISITION II, LP**
By its attorney,

_____
Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA  02199-8004
617-973-6100

Of Counsel:

Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402

ID # 433520v01/14451-2/ 06.03.2005

11

## CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 7 day of June, 2005, I caused a copy of the **Answer to Plaintiff's Amended Complaint** to be mailed to:

Daniel A. Edelman, Esquire
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL  60603-3403

Christopher M. Lefebvre, Esquire
Law Offices of Claude Lefebvre & Sons
Two Dexter Street
Pawtucket, RI  02860

Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402

_____
Steven S. Broadley