IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DISTRICT

JOYCE HENDERSON,

       Plaintiff,

v.

                                              COURT FILE NO.: 05-10339 JLT

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP;
SHERMAN ACQUISITION II GENERAL
PARTNER LLC; ALEGIS GROUP, LP AND
ALEGIS GROUP, LLC,

       Defendants.

## MOTION OF DEFENDANTS TO COMPEL ARBITRATION

Comes now the defendants Sherman Financial Group, LLC, Sherman Acquisition II, LP, Sherman Acquisition II General Partner, LLC, Alegis Group, LP and Alegis Group, LLC, by its counsel, Posternak Blankstein & Lund, LLP, and pursuant to the Federal Arbitration Act (9 U.S.C. §§ 1-16), and Federal Rule of Civil Procedure 12(b)(6), hereby moves this Court for the following relief:

    1)    For an Order compelling the plaintiff to arbitrate her claims and disputes against Defendants pursuant to 9 U.S.C. § 3; and

    2)    For an Order dismissing the Complaint filed by the plaintiff in favor of arbitration, or, in the alternative, to stay all proceedings in this action until such arbitration has been completed.

This motion arises because the user of the account giving rise to the plaintiff's claims has agreed, pursuant to Section 21 of the Cardholder Agreement, to resolve any dispute, claim or controversy arising out of or relating to the underlying indebtedness that serves as the basis of

this litigation. Further, Section 25 of the Cardholder Agreement entitles any purchaser, assignee or transferee to the benefits of the terms of the Cardholder Agreement.

The federal court in *Carbajal v. H & R Block Tax Services, Inc, et al.*, 372 F.3d 903, (7th Cir. 2004) held that the enforcement of an arbitration clause in the context of FDCPA litigation is not unconscionable and should be followed. *Id.* at 905-06. The *Carbajal* court reasoned that:

> [A]rbitration is just a forum; people may choose freely which forum will resolve their dispute. This is so when the agreement concerns venue within a judicial system [citation omitted], and equally so when the agreement specifies a non-judicial forum.

The court went on to reiterate Section 2 of the Federal Arbitration Act which provides that an agreement to arbitrate shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. Thus, arbitration specified in a form contract must be treated just like any other clause of the form. *Id.* at 906. Lastly, the *Carbajal* court stated that the enforcement of an arbitration clause was not incompatible with the FDCPA because federal law does not prevent people from waiving their statutory rights in exchange for other things they value more and any such issue is a question for the arbitrator. *Id.*

The Court for the District of Massachusetts has recently agreed with the Seventh Circuit in the case *Hoefs v. CACV of Colorado, LLC*, 365 F.Supp.2d 69 (D.Mass. 2005). The *Hoefs* court held that a debt collection agency could enforce the arbitration clause contained in a credit card agreement between the original creditor and the consumer to compel arbitration of the consumers claims under the FDCPA. *Id.* at 76. The Court based its holding in part on the terms of the Federal Arbitration Act which state that "a written provision in any contract evidencing a transaction involving an agreement in writing to submit to arbitration an existing controversy arising out of such a contract shall be valid, irrevocable, and enforceable, save upon such

grounds as exist at law or in equity pursuant to their terms" *Id.* at 74 (quoting 9 U.S.C. § 2). Further, the *Hoefs* court held that the arbitration clause contained in the agreement between the consumer and original creditor was enforceable by the third party collection agency based on the plain language of the credit card agreement which stated that the arbitration clause applied to the original creditor, its parents, subsidiaries, affiliates, licensees, predecessors, successors, assigns, and any other purchaser of your account, and all of their officers, directors, employees, agents, and assigns or any and all of them; and that any claim or dispute by the consumer or the original creditor against the other, or against the employees, agents, or *assigns* of the other, arising from or relating in any way to the Agreement or any prior Agreement or your account shall be resolved by binding arbitration. *Id.* at 74.

In the current matter, the arbitration provisions that the *Hoefs* court held required arbitration are contained in the agreement between Sears and the user of the account as pled by the plaintiff Mary L. Burt. Section 21 of Burt's 2002 Agreement with Sears provides in relevant part:

> **Section 21. ARBITRATION.** Any and all claims, disputes or controversies of any nature whatsoever (whether in contract, tort, or otherwise) arising out of, relating to, or in connection with: (a) this Agreement; (b) any prior agreement you may have had with us, Sears, the Sears Affiliates, or with any of their predecessors, successors, and assigns, or with any of the dealers, contractors, licensees, agents, employees, officers, directors and representative of any of the foregoing entities; (c) the application for the Account, this Agreement or any prior agreement; (d) the relationships which result from this Agreement, or any prior agreement (including any relationship with us, Sears or of the Sears Affiliates); or (e) the validity, scope or enforceability of this arbitration section or this Agreement or any prior agreement (the immediately preceding subsections [a] through [e] shall be referred to in this section, collectively, as "claims"), shall be resolved, upon your election or our election, by final and binding arbitration before a single arbitrator, on an individual basis without resort to any form of class action, except that each party retains the right to seek relief from a small claims court, on an individual basis without resort to any form of class action, for claims within the scope of its jurisdiction.

> Arbitration may be elected to any time, regardless of whether a lawsuit has been filed or not, unless such a lawsuit has resulted in a judgment or the other party would suffer substantial prejudice as a result of the delay in demanding arbitration…
>
> All arbitration shall be administered by the National Arbitration Forum ("NAF") in accordance with its Code of Procedure in effect at the time the claim is filed. As of July, 1999, the Code of Procedure, rules and forms of the NAF may be obtained by calling 1-800-474-2371, or by visiting NAF's Web site at www.arb-forum.com. All claims may be filed at any NAF office or at P.O. Box 50191, Minneapolis, MN, 55405…
>
> **IF ARBITRATION IS CHOSEN BY YOU OR US, YOU WILL NOT HAVE THE RIGHT TO GO TO COURT (EXCEPT FOR SMALL CLAIMS COURT) ON THAT CLAIM OR TO HAVE A JURY TRIAL ON THAT CLAIM. IF ARBITRATION IS CHOSEN, YOU ALSO WILL NOT BE ABLE TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO THAT CLAIM AND YOU WILL HAVE ONLY THOSE RIGHTS THAT ARE AVAILABLE IN ARBITRATION. THE DECISION OF THE ARBITRATOR WILL BE FINAL AND BINDING EXCEPT AS PROVIDED IN THE FEDERAL ARBITRATION ACT.**

Aff. of McConnell ¶ 7.

Further, the Cardholder Agreement clearly states:

> **Section 25. ASSIGNMENT.** You understand that the Account or any interest, balance or amount owed under the Account including any security interest securing such balance or amount may be sold, assigned or transferred by us without notice to you. Any purchaser, assignee or transferee is entitled to the benefits of the Agreement (including any security interest arising under it). You may not sell, transfer or assign any of your rights or obligations under this Agreement.

Aff. of McConnell ¶ 8.

Because the Cardholder Agreement between Burt and Sears contained the above referenced language which is almost identical to the language contained in the Agreement in the *Hoefs* case, the plaintiff should be required to arbitrate her FDCPA claims with the defendants.

WHEREFORE, defendants respectfully request that the plaintiff be compelled to arbitrate her claims, that the plaintiff's Complaint be dismissed, or, in the alternative, that this litigation be

stayed until such arbitration has been completed, and that the defendants be granted costs and attorney's fees as allowed by law, and such other and further relief as this Court shall deem proper and just.

## CERTIFICATION UNDER LOCAL RULE 7.1

The defendants have conferred in good faith with the plaintiff, prior to filing this motion, in an effort to resolve this issue.

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP; SHERMAN
ACQUISITION II GENERAL PARTNER LLC;
ALEGIS GROUP, LP AND ALEGIS GROUP,
LLC,
By their attorney,

_____
Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA  02199-8004
617-973-6100

Of Counsel:

Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402

ID # 433877v01/14451-2/ 06.13.2005

## CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 13 day of June, 2005, I caused a copy of the **Motion to Compel Arbitration w/ Certification under Local Rule 7.1** to be mailed to:

Daniel A. Edelman, Esquire
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL  60603-3403

Christopher M. Lefebvre, Esquire
Law Offices of Claude Lefebvre & Sons
Two Dexter Street
Pawtucket, RI  02860

Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402

_____
Steven S. Broadley

ID # 433877v01/14451-2/ 06.13.2005