IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DISTRICT

JOYCE HENDERSON,
    Plaintiff,

v.                                           DOCKET NO.: 05-10339 JLT

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP; SHERMAN
ACQUISITION II GENERAL PARTNER LLC;
ALEGIS GROUP, LP AND ALEGIS GROUP,
LLC,
    Defendants.

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant and subject to the provisions of Rule 16.1 of the Local Rules of the United States District Court for the District of Massachusetts, counsel for all parties have conferred concerning an agenda of matters to be discussed at the scheduling conference (presently scheduled for October 4, 2005) and a proposed pretrial schedule for the case, and hereby submit the following Joint Statement:

**1.**    **Proposed Agenda**

The parties suggest that an appropriate agenda for the scheduling conference would include setting a pretrial schedule, establishing the scope of permissible discovery, and discussing potential ADR options.

**2.**    **Pending Motion**

There are no pending motions.

**3.**    **Summary of Position Asserted by Plaintiff**

Plaintiff alleges that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and Mass. G.L., Ch. 93A, by sending plaintiff and the putative class the privacy notice

which was attached to the amended complaint as <u>Exhibit A</u>. Specifically, Plaintiff alleges that the following provisions of the notice are unlawful:

1) "Information we receive from your account file at the time we purchase your account. Information you may give us on applications, questionnaires or through discussions with you. Information about your transactions with any of the Sherman Companies. Information we receive from consumer reporting agencies and other third party information providers such as public records and databases that contain publicly available data about you. All of the information that we collect is sometimes referred to in this notice as 'collected information.'"

2) **Joint Agreements.** The Sherman Companies from time to time may enter into agreements with other providers of financial products and services. These providers may perform services for us, or they may join with us to offer customers and former customers new or different products and services. We may share collected information with these institutions, subject to the confidentiality and security requirements imposed by law.

3) The notice states that the consumer may ask SFG and its affiliates not to share collected information, but that "Your request will not affect collected information we are permitted by law to share, such as collected information related to our experiences and transactions with you."

The plaintiff contends that the FDCPA restricts the dissemination of debtors' information to these parties and that 15 U.S.C. § 1692c, and § 1692e make it illegal for a debt collector to state that it will do so or has the legal authority to do so. The amended complaint further alleges that the publication of such lists would violate 15 U.S.C. § 1692d. Finally, plaintiff alleges that these FDCPA violations are <u>per se</u> violations of Mass. G.L., ch. 93A, § 9.

**4.     Summary of Position Asserted by Defendants**

The defendants assert, initially, that the plaintiff lacks standing to assert the claims in the complaint, as her claims are based on supposed correspondence addressed to the plaintiff's mother (who has asserted no claims). Substantively, the defendants assert that they neither engaged in nor threatened to engage in any improper communication with any third party regarding the obligation claimed to be owed by the plaintiff's mother, and hence no arguable violation of M.G.L. c.93A or the FDCPA or any other statute or common law rule has occurred.

5.  **Proposed Pre-Trial Schedule**

(a)  Initial Disclosures shall be completed no later than September 19, 2005.

(b)  Class Certification: Any such motion shall be filed by November 30, 2005.

(c)  Fact Discovery: All fact discovery shall be completed on or before March 31, 2006.

(d)  Naming Additional Parties, Amending Pleadings: These requests shall be filed by January 13, 2006.

(e)  Expert Witness Disclosures: Plaintiff's expert disclosures shall be made on or before April 30, 2006, and defendants' disclosures within 30 days after plaintiff's are complete.

(f)  Expert Discovery: If any, it shall be completed following fact discovery and expert disclosures, by May 31, 2006.

(g)  Summary Judgment Motions: Any such motions shall be filed on or before June 30, 2006. Oppositions shall be due July 30, 2006. Any reply to opposition shall be due on or before August 15, 2006.

6.  **Trial by Magistrate Judge**

The parties do not consent to trial by Magistrate Judge. The plaintiff expressly requests trial by jury. The parties jointly estimate that the trial will require two or three days.

7.  **Rule 16.1(c) Settlement Proposals**

The plaintiffs have submitted settlement demands to the defendants which have not been accepted.

8.  **Rule 16.1(d)(3) Certifications**

On or before October 4, 2005 the parties will separately submit their certifications regarding consultation on litigation budgets and alternative dispute resolution as required by Local Rule 16.1(d)(3).

JOYCE HENDERSON
By her attorneys,

_____  /ssb
Daniel A. Edelman, Esquire
Cathleen M. Combs, Esquire
Jeremy P. Monteiro, Esquire
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603-3403
312-739-4200

_____  /ssb
Christopher M. Lefebvre, BBO #629056
Law Offices of Claude Lefebvre & Sons
Two Dexter Street
Pawtucket, RI 02860
401-728-6060

SHERMAN ACQUISITION II GENERAL
PARTNER LLC
By its attorneys,

_____
Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199-8004
617-973-6100

_____  /ssb
Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
612-347-0300

## CERTIFICATE OF SERVICE

    I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 19 day of September, 2005, I caused a copy of the **Joint Statement Pursuant to Local Rule 16.1** to be mailed to:

Daniel A. Edelman, Esquire
Cathleen M. Combs, Esquire
Jeremy P. Monteiro, Esquire
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603-3403

Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

Christopher M. Lefebvre, Esquire
Law Offices of Claude Lefebvre & Sons
Two Dexter Street
Pawtucket, RI 02860

_____
Steven S. Broadley

ID # 443137v01/14451-2/ 09.14.2005

4