IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

JOYCE HENDERSON,

        Plaintiff,

v.                          COURT FILE NO. 05-10339 JLT

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP;
SHERMAN ACQUISITION II GENERAL
PARTNER LLC; ALEGIS GROUP, L.P.
AND ALEGIS GROUP, LLC,

        Defendants.

## STIPULATED AND AGREED PROTECTIVE ORDER

Plaintiff JOYCE HENDERSON, ("HENDERSON"), and Defendants SHERMAN FINANCIAL GROUP, LLC, SHERMAN ACQUISITION II, LP, SHERMAN ACQUISITION II GENERAL PARTNER LLC, ALEGIS GROUP, L.P. and ALEGIS GROUP, LLC (the "SHERMAN DEFENDANTS"), having stipulated and agreed to the entry of this protective order and the Court being fully advised on the premises:

IT IS HEREBY ORDERED that the following provisions and conditions should govern the use and disclosure of the below listed confidential information produced by or on behalf of the parties in this case (the "Action").

1.     When used in this Order, the word "document" means all written, recorded, or electronically stored material of any kind, including, but not limited to, interrogatory answers, production responses, requests to admit and responses thereto, documents, as

905825v1

defined in applicable court rules or in the discovery requests in the Action, or physical items produced by any party or non-party in the Action whether pursuant to discovery, subpoena, court order, or by agreement, deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

2. The documents that are protected under this Order as confidential are as follows:

    a. All documents and information marked, stamped or otherwise designated as "confidential" by Henderson or the Sherman Defendants.

    b. In lieu of marking, stamping or otherwise designating the originals of documents or information, the party may mark the copies of such documents or information that are produced or exchanged.

3. Any confidential information not reduced to documentary, tangible or physical form shall be designated as confidential in the manner set forth in paragraph 2, including but not limited to data contained in any electronic form. If any party produces confidential material stored electronically, including but not limited to production of magnetic diskettes or downloaded or uploaded files transferred by any method including electronic mail, then all of that information retains its confidential nature regardless of whether the information is manipulated or converted to any other media, including but not limited to the creation of print-outs or other hard copies and conversions or manipulation of data for whatever purpose, including but not limited to conversions or manipulation for processing by any other computer hardware or software.

4. Any part of deposition testimony and deposition exhibits in the Action may be designated confidential by following the procedure set forth in paragraph 2(b) above

and then by notifying the reporter and all parties in writing within fifteen days of the receipt of the transcript by the deponent or deponent's counsel. Deposition testimony and exhibits marked confidential shall be given to no one other than people described in paragraph 7, the court reporter, the deponent, and the deponent's counsel present. Any confidential testimony must be marked, designated, treated, used and/or disclosed only as provided in this Agreement.

5. A party may object to the designation of any document or information as confidential, stating the grounds for the objection. The parties shall try to resolve informally such disputes in good faith within seven days of the objection. If the dispute cannot be resolved, the objecting party may seek relief from the Court, including an order that the documents or information should not be treated as confidential or that specified provisions of this Order shall not apply to the document or information.

6. Nothing in this Order shall prevent any party from objecting to discovery that it believes is improper.

7. Documents designated as confidential and all information contained therein and information designated as confidential shall be kept confidential, shall be used solely for the prosecution and defense of the Action, and shall be disclosed only to:

    a.    Henderson and the Sherman Defendants in the Action, including officers, directors, and employees of Sherman Defendants;

    b.    Counsel for the parties to the Action;

    c.    Attorneys, paralegals, secretaries, staff and other personnel employed or retained by or working under the supervision of counsel of record described in subparagraph 7(b) who are assisting in the Action;

    d.    Outside consultants, technical advisors and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

    e.    Any other person or entity as to whom counsel for the producer or provider of the confidential document or information agreed in writing shall have access to such document or information;

    f.    The Court in the Action or other tribunal or people employed by the Court or other tribunal;

    g.    People who authored or received the confidential documents or information in question in the ordinary course of business;

    h.    Non-party witnesses;

    i.    People who, in addition to those identified above, are permitted access to confidential documents or information by order of the Court, after giving the party to whom the confidential document or information in question belongs a chance to object, or upon stipulation of the party to whom the confidential document or information in question belongs;

    j.    Court reporters employed by a party, the Court or other tribunal for the purposes of transcribing depositions or other proceeding in the Action.

8.    Disclosure of confidential documents and information to certain persons designated in paragraph 7.

    a.    Confidential documents or information may be disclosed to persons described in subparagraph 7(d) of this Order ("a 7(d) person") only for evaluation, testing, testimony, preparation for trial or other services related to the Action. A 7(d) person must sign a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Agreement and agrees to be bound by its terms, before seeing confidential documents or information. Counsel of record for the party on whose behalf the outside consultant, technical advisor or expert witness has been employed or retained shall maintain the original Exhibit A.

905825v1    4

      b.    Before confidential documents or information is disclosed to any person described above in subparagraphs 7(a), 7(e), 7(h), and 7(i), the person shall be advised that the information is subject to this Agreement and may not be used other than as allowed by this Order, and the person shall: (i) read this Order; and (ii) sign a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Agreement and agrees to be bound by its terms, before seeing confidential documents or information. Counsel of record for the party shall maintain the original Exhibit A.

9.    Notwithstanding anything to the contrary in the above paragraph 7, a party may use without restriction:

      a.    Its own confidential documents or information however, the use of such documents or information, in a contrary manner as provided by this Order, shall result in a waiver of such confidentiality; and

      b.    Confidential documents or information it obtained independent of discovery in the Action.

10.    Confidential documents or information subject to this Order shall not be used for any purpose other than the preparation and trial of the Action according to the provisions of this Agreement.

11.    If any papers filed with the Court contain, quote, paraphrase, compile or otherwise reveal the substance of documents or information designated as confidential, these papers shall be filed with the Clerk of the Court in a sealed envelope prominently marked with the caption of this case and with the legend "CONFIDENTIAL—TO BE OPENED ONLY AS DIRECTED BY THE COURT"; provided, however, that copies of any such papers, redacted to omit any text which contains, quotes, paraphrases, compiles, or otherwise reveals the substances of documents or information designated confidential shall be filed with the Clerk of the Court without being filed under seal.

12. Upon written request of the producing party and within thirty (30) days after the final disposition of all aspects of the Action by settlement, judgment, or expiration of time to appeal, all documents or information designed confidential, including any reproductions of such documents or information, must be returned to the producing party or its counsel. In addition, a party seeking to keep confidential any documents or information filed with the Court as confidential must notice a motion within thirty (30) days of resolution of the case by settlement, judgment, or appeal to have the confidential documents or information returned by the Court. If no such motion is filed, the confidential documents or information will become part of the public record.

13. The inadvertent, unintentional, or *in camera* disclosure of confidential documents or information does not constitute a waiver of the protections of this Order.

14. The parties hereto agree and acknowledge that a material and willful violation of this Order by any party, their employees, representatives or agents or any third party who executes a document in the form of the attached Exhibit A will result in irreparable harm to the producing party, and nothing in this Order shall preclude a party from pursing an action for damages based on the violation of the terms of this Order.

15. Nothing in this Order shall prevent any member of the public from challenging the propriety of the filing under seal of any documents or information.


Dated this ____ day of _____, 2006.

_____


APPROVED AS TO FORM:

*[signature]* by SSB

Daniel A. Edelman (pro hace vice)
Jeremy Monteiro (pro hace vice)
Attorneys for Plaintiff
Edelman, Combs, Latturner & Goodwin, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60604
(312) 739-4200

Christopher M. Lefebvre
Law Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI  02862
401-728-6060
401-728-6534 (Facsimile)

*[signature]*

Steven S. Broadley
Attorneys for Defendants
Posternak, Blankstein & Lund, LLP
800 Boylston Street
Suite 3200
Boston, MA 02199-8161
(617) 973-6100

## EXHIBIT A

1.      I,_____, residing at

_____, have read the foregoing "Order" in *Joyce Henderson v. Sherman Financial Group, LLC et al.,* Court File No. 05-10339 JLT in the United States District Court for the District of Massachusetts, Eastern Division (the "Action").  I agree to be bound by its terms with respect to any documents or information designated as "confidential" thereunder that are furnished to me as set forth in the Order.

2.      I further agree: (a) not to disclose to anyone any documents, or any information contained in documents, or any information, designated as "confidential" other than as set forth in the Order; and (b) not to make any copies of any documents or information designated as "confidential" except in accordance with the Order.

3.      I hereby consent to the jurisdiction of the United States District Court for the District of Massachusetts, Eastern Division, with regard to any proceedings to enforce the terms of the Agreement against me.

4.      I hereby agree that any documents or information designated as "confidential" that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own; nor will the information contained therein be shared or otherwise imparted by me to any other person.  At the conclusion of the Action, I agree that all documents or information designated confidential in my possession or control, including any

905825v1

reproductions of such documents or information, must be returned to the producing party or its counsel.

```
_____   _____
        Signature                      Date
```