**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOYCE HENDERSON; | ) | |
| | ) | |
| Plaintiff, | ) | 05-10339 |
| | ) | |
| v. | ) | Judge Joseph L. Tauro |
| | ) | Magistrate Judith G. Dein |
| SHERMAN FINANCIAL GROUP LLC; | ) | |
| SHERMAN ACQUISITION II, LP; | ) | |
| SHERMAN ACQUISITION II | ) | |
| GENERAL PARTNER LLC; | ) | |
| ALEGIS GROUP L.P.; and | ) | |
| ALEGIS GROUP LLC; | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS**

Plaintiff Joyce Henderson, through her attorneys, Edelman, Combs, Latturner &

Goodwin, LLC, pursuant to Fed. R. Civ. P. 23, respectfully requests this Honorable Court enter

an order (1) preliminarily approving the settlement agreement; (2) approving the method and

form of notice to the class and opt-out procedures as satisfying the requirements of due process

and Rule 23 of the Federal Rules of Civil Procedure; and (3) scheduling a hearing for final

approval of the settlement agreement and entry of a final order.

In further support of this Motion, Plaintiff states as follows:

1.      Plaintiff brought this class action lawsuit against the Sherman Family of

Companies ("Sherman" or "Defendants") and its affiliates.  The class action was based upon a

form privacy notice received by the Plaintiff which Plaintiff alleged violated various portions of

the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and

Mass. G.L., ch. 93A, § 9 ("93A").  Specifically, Plaintiff alleged that the "Privacy Notices" contained in the collection letters of the Defendants violated the FDCPA and 93A by falsely representing the legal authority which Defendants had to disclose certain information about the Plaintiff.

2.      Counsel for Plaintiff and Defendants have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation, and the likelihood, costs, and possible outcomes of one or more appeals.  Based upon their review and analysis, Plaintiff and Defendants entered into the Class Action Settlement Agreement ("the Agreement") attached as Appendix A to this Motion.

3.      Under the Agreement, Plaintiff agrees to settle her claims against Defendants. Some key terms and conditions of the Agreement are as follows:

a.      Class Certification.  The parties agree for settlement purposes only that the following class should be certified: All persons in Massachusetts who received a debt collection letter containing or accompanied by the privacy notice sent by or on behalf of a member of the Sherman Family of Companies ("Sherman") on or after February 22, 2004 and before March 14, 2005.  Defendants represent the total number of class members who will receive a credit, as further discussed below, consists of approximately 4,200 individuals.  Defendants further represents the total number of class members in Massachusetts who will receive a cash payment, as further discussed below, consists of approximately 600 individuals.

b.      Class Notice.  Defendants will give, or cause to be given, notice to the

class members by U.S. Mail which permits the provision of address correction information. The form of the Notice is attached as <u>Exhibit 1</u> to the Agreement. Defendants will bear the expense of sending out notice and distributing the settlement funds to the class.

        c.     <u>Class Members' Right to Opt Out or Object</u>. Class members may seek to be excluded from the Agreement and the lawsuit by opting out of the settlement class within the time period set by this Court. Any member who opts out of the settlement class shall not be bound by the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement. Class members may seek to Object to the proposed Agreement by filing an Objection within the time period set by this Court.

        d.     <u>Relief to Plaintiff</u>. Defendants, upon final approval of the Court, will pay $1,000 to Plaintiff Joyce Henderson in statutory damages and in recognition of her services as class representative.

        e.     <u>Relief to Class</u>: For each class member not opting out, Defendants will provide a credit of 15% of their account balance as of the Opt-Out date, as set by the Court. Defendants estimate the number of class members who will receive such relief is approximately 4,200 and the combined face amount of the credits is approximately $1 million. For each class member not opting out, who, as of August 23, 2006, had entered into a settlement as to the underlying account, payment plan as to the underlying account, or had a pending payment plan as to the underlying account, Defendants will pay $20.00 to each class member. Defendants estimate the number of class members who will receive such relief is approximately 600 and the combined cash amount of the credits is approximately $12,000. Class members will receive a credit or cash payment, but not both.

f.     <u>Attorneys' Fees and Costs</u>: Subject to this Court's approval, Defendants will pay Plaintiff's counsel $50,000 for attorneys' fees and costs.

g.     <u>Unclaimed Settlement Funds</u>:  The sum of any uncashed checks after the void date on the check has passed shall be donated to a legal service clinic(s) affiliated with accredited law schools within Massachusetts and approved by the Court, with proper notice to Class Counsel.

4.     Counsel for Plaintiff and the proposed class believe that the settlement of these actions on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

5.     Counsel for Plaintiff has submitted a draft preliminary approval order, attached as <u>Exhibit 2</u> to the Agreement.  Counsel for Plaintiff requests 30 days from the date of the entry of the order for Defendants to cause notice to be mailed to the class.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order in the form of <u>Exhibit 2</u> to the Agreement, attached hereto, which (i) grants preliminary approval of the proposed settlement, (ii) directs the mailing of notice, in the form of <u>Exhibit 1</u> to the Agreement, attached hereto, and (iii) sets dates for opt-outs, objections, appearances, and schedules a hearing for final approval under Fed. R. Civ. P. 23(e).

Respectfully submitted,

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman PHV
Cathleen M. Combs PHV
Jeremy P. Monteiro PHV
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle St., 18th Floor

Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (fax)

Christopher M. Lefebvre
Law Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (Fax)
R.I. Bar No. 4019

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on October 12, 2006, a copy of the foregoing **PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS** was filed electronically. Parties were served a copy of the filed document via the below listed methods. Notified via the Court's electronic filing system:

Steven S. Broadley
sbroadley@pbl.com

Christopher M. Lefebvre
lefeblaw@aol.com

Served via US Mail and Facsimile:

Michael S. Poncin
**Moss & Barnett, P.A.**
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 339-6686 (Fax)

/s/ Daniel A. Edelman
Daniel A. Edelman (pro hac vice)

Daniel A. Edelman (pro hac vice)
Cathleen M. Combs (pro hac vice)
Jeremy P. Monteiro (pro hac vice)
EDELMAN, COMBS, LATTURNER
& GOODWIN LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher M. Lefebvre
Law Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI  02862
401-728-6060
401-728-6534 (Facsimile)
R.I. Bar No. 4019

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

JOYCE HENDERSON,

          Plaintiff,

v.

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP;
SHERMAN ACQUISITION II GENERAL
PARTNER LLC; ALEGIS GROUP, L.P.
AND ALEGIS GROUP, LLC,

          Defendants.

COURT FILE NO. 05-10339 JLT

## CLASS SETTLEMENT AGREEMENT

       The parties to this Settlement Agreement ("Agreement") are "Plaintiff" as listed in Section D, below, individually and on behalf of the class of persons defined in Section F below ("collectively the Class"), and Defendants, as listed in Section E, below ("collectively Defendants").

## RECITALS

### A.    Cases, Parties, and Nature of Litigation.

       Plaintiff Joyce Henderson, individually and on behalf of a class, filed *Henderson  v. Sherman Financial Group LLC; Sherman Acquisition II, LP; Sherman Acquisition II General Partner LLC; Alegis Group, LP, and Alegis Group, LLC*, 05-10339, in the United States District Court for the District of Massachusetts, Eastern Division, alleging that the "Privacy Notices" contained in the collection letters of the named Defendants in this action violated the Fair Debt

922217v7

Collection Practices Act ("FDCPA") and Mass. G.L., ch. 93A, § 9 ("93A") by falsely representing the legal authority which Defendants had to disclose certain information about the Plaintiff.

**B.   Liability.**

1.     Defendants deny liability to Plaintiff and the Class for the claims alleged, but consider it desirable that the action and the claims alleged herein be settled upon the terms and conditions set forth in this Agreement, in order to avoid further expense and burdensome, protracted litigation. Plaintiff believes that the Defendants are liable and that the Class may be entitled to a larger amount of relief; however, Plaintiff desires that the settlement set forth in this agreement be entered and approved by the Court.

2.     Plaintiff desires to settle her claims against Defendant, having taken into account, through her counsel, the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

3.     Counsel for the Class have investigated the facts available to them and the applicable law.

4.     Based on the foregoing, and upon an analysis of the benefits which this Settlement Agreement affords the Class, counsel for the Class consider it to be in the best interest of the Class to enter into this Settlement Agreement.

5.     In consideration of the foregoing and other good and valuable consideration, Plaintiff and Defendants stipulate and agree that the claims of the Plaintiff and the class should be and are hereby compromised and settled, subject to the approval of the court, upon the following terms and conditions.

2

## C.    Terms.

　　　　1.    **Effective Date.**  This agreement shall become effective (hereinafter the "Effective Date") upon (1) the court's entry of a final order approving this agreement as fair, reasonable and adequate to the Class; finding that this agreement is fair and made in good faith, dismissing the claims of Plaintiff and the class members against Defendants with prejudice; and (2) the expiration of five (5) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment and decree, the terms and provisions of this Agreement, and the consummation of the settlement in accordance with the terms and provisions of this Agreement.

## D.    Plaintiff.

　　　　The "Plaintiff" is Joyce Henderson.

## E.    Defendants.

　　　　The Defendants for purposes of this agreement are Sherman Financial Group LLC, and any subsidiary or affiliate of Sherman Financial Group LLC, including but not limited to, Sherman Acquisition II, LP, Sherman Acquisition II General Partner, LLC, Alegis Group, LP, and Alegis Group, LLC.

## F.    Class.

　　　　The Class is defined as follows: (a) all natural persons with Massachusetts addresses (b) who were sent a letter containing or accompanied by the privacy notice, (c) on or after a February 22, 2004, and (d) March 14, 2005.  Class members are defined as individuals who are part of the Class.

3

Specifically excluded from the Class described herein and excluded from the herein agreement are the following: (i) accounts where a Defendant or a previous creditor obtained a judgment against the obligor prior to Final Approval that has not been reversed or vacated, (ii) accounts where one or more of the obligors are deceased, (iii) accounts where one or more of the obligor(s) filed bankruptcy that was either discharged or is pending, (iv) accounts where Defendants do not have a valid address for the obligor(s), and (v) accounts "put back" (returned for cause under the terms of the agreement by which they were acquired) by Defendants with the seller(s) of the account before the effective date of this agreement; and, (vi) accounts sold by Defendants, or any of them, in the ordinary course of business.

## G.   Relief to Plaintiff.

Defendants agree to pay the sum of $1,000.00 to Joyce Henderson in statutory damages and in recognition of her services as class representative.

## H.   Relief to Class.

1.   Relief to the Class Members shall be as follows:

a.   For each class member not opting out, Defendants owning their accounts will provide a credit of 15% of their account balance as of the Opt-Out date, as set by the Court. Defendants estimate the number of class members who will receive such relief is approximately 4,200 and the combined face amount of the credits is approximately in excess of $1 million;

b.   For each class member not opting out, who, as of August 23, 2006, had entered into a settlement as to the underlying account, payment plan as to the underlying account, or had a pending payment plan as to the underlying account, Defendants will pay $20.00 to the class member. Defendants estimate the number of class members who will receive

4

such relief is approximately 600 and the combined cash amount of the credits is approximately $
$12,000.  Further, class members eligible for relief pursuant to paragraph H(1)(b) herein are
excluded from receiving the relief described in paragraph H(1)(a)(2).

In the event that a class member is entitled to a refund described in Section
H(1)(b) herein is deceased, or there are multiple obligors on an account, Defendants shall send or
cause to be sent, a check to the person(s) reasonably believed to be the person(s) entitled thereto,
and the release in Section J of this Agreement shall be effective as to such class member,
notwithstanding any failure to comply with laws relating to probate and/or marital property.
Defendants assume no liability for allegations from person(s) that Defendants should have had a
reasonable belief that such person(s) were entitled to a check or the credit pursuant to Section I
but did not receive said documents.

3.     The sum of any uncashed checks after the void date on the check has
passed shall be donated to legal service clinics affiliated with accredited law schools within
Massachusetts and approved by the Court, with proper notice to Class Counsel.

4.     Within 10 days after the Effective Date, Defendants shall distribute all
monies and provide such credits as set forth in this Settlement Agreement.  Credits shall be
provided and reported in a manner that makes clear it is a credit pursuant to this settlement and
not a payment by the debtor.  Consumer reporting agencies shall be notified of the credits once
they are given to the extent an account is reported by one of the Defendants to a consumer
reporting agency.

## I.     **Release of Plaintiff.**

Plaintiff Joyce Henderson and Mary Burt grant Defendants the following release:
Joyce Henderson and Mary Burt, as of the Opt-Out Date, as set by the Court, do hereby release

5

and forever discharge Defendants (Section E), and their present or former partners, members, principals, insurers, parents, officers, directors, representatives, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, administrators, and assigns including but not limited to those parties listed above in Section E ("Defendants") of and from all causes of action, suits, claims and demands, liabilities, debts, and damages, including any claims for payment of attorneys' fees and costs, for anything that occurred from the beginning of time up through and including the Opt-Out Date, as set by the Court, in law or in equity, known or unknown at this time, of any kind or nature whatsoever, arising out of all of the allegations made, or which could have been made, on behalf themselves and the class members, as defined above, in the Complaint and/or Amended Complaint, described in ¶ A of this agreement. Without limiting the foregoing in any way, Joyce Henderson and Mary Burt hereby release and discharge the Defendants (as defined in Section E herein) from any and all claims, whether known or unknown, that were or that could have been asserted from the beginning of time through the Opt-Out Date, as set by the Court. Joyce Henderson and Mary Burt do not release any defenses they may have as to the underlying debt, including but not limited to, the crediting of payments and the calculation of interest owed upon the debt.

This release is conditioned upon the final approval of the Settlement Agreement by the Court and Defendants meeting there obligations therein.

## J.    Release of Class Members.

1.    Class Members who do not exclude themselves , as of the Opt-Out Date, as set by the Court, release and forever discharge the Defendants (Section E) and their present or former partners, members, principals, insurers, parents, officers, directors, representatives, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs,

6

executors, administrators, and assigns including but not limited to those parties and entities listed above in Section E ("Defendants") of and from all causes of action, suits, claims and demands, liabilities, debts and damages, including any claims for payment of attorney fees and costs, for anything that occurred from the beginning of time up through and including the Opt-Out Date, as set by the Court, in law or in equity, known or unknown at this time, of any kind or nature whatsoever, arising out of the allegations made, or which could have been made, on behalf themselves and the class members, as defined above, in connection with the Complaint and/or Amended Complaint in the action described in paragraph A herein. Without limiting the foregoing in any way, the Class Members hereby release and discharge Defendants (as defined in Section E herein) from any and all claims, whether known or unknown, that were or that could have been asserted from the beginning of time through the Opt-Out Date, as set by the Court. The class members do not release any defense they may have as to the underlying debt, including but not limited to, the crediting of payments and the calculation of interest owed upon the debt.

2.    The releases of the Class Representatives and Class Members are conditioned upon the final approval of the Settlement Agreement by the Court and Defendants meeting their obligations therein.

3.    If this agreement is not approved by the court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

K.    **Class List.**

1.    Defendants will retain and provide Class Counsel a class list which may be electronic format, which indicates the following for each class member:

7

a.   Name of the Class Member;

b.   Address of the Class Member;

c.   Amount Credited to the Account or Amount Paid to the Class

Member; and

d.   Account Number.

## L.   **Attorney's Fees, Notice Costs and Related Matters.**

Plaintiff's counsel will receive attorneys' fees and costs of this lawsuit in the amount of $50,000.00, subject to Court approval. Plaintiff's counsel will not request additional fees or costs from Defendants or the class members and Defendants will not oppose or cause to be opposed their request for approval of attorney's fees and costs in an amount not to exceed $50,000.00. Defendants will pay the costs of notice and settlement distribution. The parties may destroy documents generated in the administration of the settlement class not earlier than 3 years after the Effective Date.

## M.   **Notice.**

Defendants will cause notice to be provided to the Class by U.S. Mail. Defendants accounts shall, within 30 days of entry of the Preliminary Approval Order, cause actual notice, in the form of Exhibit 1, to be sent to the last known addresses of the class members, according to Defendants' records. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendants shall forward any such returned notice to the address provided to Defendants within fourteen business days of receipt. Defendants reserve the right to include a collection demand, which has been pre-approved by Plaintiff's Class Counsel, representing the

8

adjusted balance as provided for in Section I along with the notice. If the parties are unable to reach an agreement as to the collection demand, Defendants may seek relief from the Court.

## N.    **Preliminary Approval.**

1.    As soon as practicable after execution of this agreement, the parties shall make application to the court for an order which:

        a.    Preliminarily approves this Settlement Agreement.

        b.    Schedules a hearing for final approval of this agreement by the court.

        c.    Approves the form of notice to the Class, to be directed to the last known address of the class members as shown on Defendants' records. If as a result of the mailing, a forwarding address is furnished by the Postal Service but the notice is not forwarded by the Postal Service, the notice will be re-mailed to the address(es) provided.

        d.    Finds that mailing of the class notice and the other measures specified in Section M is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

2.    The parties agree to request the form of notice attached hereto as Exhibit 1 and propose the form of preliminary approval order attached hereto as Exhibit 2. The fact that the court may require non-substantive changes in the notice or order does not invalidate this Settlement Agreement.

## O.    **Final Approval.**

1.    At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this agreement, Counsel for the Class and Defendants shall request that the Court enter a Final Order approving the terms of this

9

agreement as fair, reasonable and adequate, providing for the implementation of those terms and

provisions, finding that the notice given to the Class satisfies the requirements of due process and

Rule 23, dismissing the claims of the named Plaintiff and the Class with prejudice and without

costs, directing the entry of a final order, and retaining jurisdiction to enforce the provisions of

this agreement.

          2.      All litigation listed in ¶ A shall be dismissed with prejudice upon (1) the

court's entry of a final order approving this agreement as fair, reasonable and adequate to the

Class; finding that this agreement is fair and made in good faith, dismissing the claims of

Plaintiff and the class members against Defendants with prejudice; and (2) the expiration of five

(5) days after the time the final order, judgment and decree becomes a final, non-appealable

order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any

such appeal from any such final order, judgment and decree, which disposition approves the

Court's final order, judgment and decree, the terms and provisions of this Agreement, and the

consummation of the settlement in accordance with the terms and provisions of this Agreement.

          3.      The parties agree to request the form of final order attached hereto as

Exhibit 3. The fact that the court may require non-substantive changes in the final order does not

invalidate this Settlement Agreement.

**P.**     **Release of Attorney's Lien.**

          1.      In consideration of this Settlement Agreement, Plaintiff's counsel, hereby

waive, discharge and release the "Defendants" as defined in Section E, above, of and from any

and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Plaintiff's

counsel in connection with this case. Plaintiff's counsel further represent and certify that they

10

will pay any amounts due for attorney's fees pursuant to agreement with them, and hold
Defendants harmless from any such claim.

      2.     Other Claims. Plaintiff's counsel represent that they presently know of no
other similar claims or causes against Defendants which have not been asserted in this lawsuit.
Counsel for Plaintiff are not aware of any other claim or cause against Defendants by Plaintiff
which have not been asserted in these lawsuits.

## Q.    Miscellaneous Provisions.

      1.     Whether or not this Agreement and the settlement contemplated hereunder
are consummated, this agreement and the proceedings had in connection herewith shall in no
event be construed as, or be deemed to be, evidence of an admission or concession on the part of
Defendants of any liability or wrongdoing whatsoever.

      2.     The parties and their attorneys agree to cooperate fully with one another in
seeking court approval of this agreement, and to use their best efforts to effect the consummation
of this agreement and the settlement provided for herein.

      3.     Notices of objections to this Settlement Agreement shall be sent to:

Daniel A. Edelman (12848)
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street, Suite 1800
Chicago, IL 60603

and notices to Defendants shall be sent to:

Steven S. Broadley
POSTERNAK BLANKSTEIN & LUND LLP
800 Boylston Street
Boston, Massachusetts 02199

The persons and addresses designated in this paragraph may be changed by any signatory hereto
by written notice to the other signatories hereto.

4.      The foregoing constitutes the entire agreement between the parties with
regard to the subject matter hereof and may not be modified or amended except in writing,
signed by all parties hereto, and approved by the Court.

5.      This Settlement Agreement may be executed in counterparts, in which
case the various counterparts shall be said to constitute one instrument for all purposes. The
several signature pages may be collected and annexed to one or more documents to form a
complete counterpart. Photocopies of executed copies of this Settlement Agreement may be
treated as originals.

6.      Each and every term of this Settlement Agreement shall be binding upon
and inure to the benefit of Plaintiff, the members of the Class, and any of their heirs, assigns,
successors and personal representatives, and shall bind and shall inure to the benefit of the
Released Parties, all of which persons and entities are intended to be beneficiaries of this
Settlement Agreement.

7.      Each undersigned party represents, warrants, and states that all legal action
necessary for the effectuation and execution of this Settlement Agreement has been validly taken
and that the individuals whose signatures appear below on behalf of each party are duly
authorized to execute this Settlement Agreement on behalf of their respective parties.

8.      This Settlement Agreement shall be governed by and interpreted in
accordance with the laws of the State of Massachusetts.

IN WITNESS WHEREOF, the parties hereto, acting by and through their
respective counsel of record, have so agreed, on _____October 25_____ , 2006.

**For Plaintiff and the Class**

12

Joyce Henderson _____

Mary Burt _____

**For Class/Counsel with respect to the release of attorney's lien:**

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0479 (FAX)

**For Defendants**

BY: _____

_____

_____

**Approved as to form:**

Steven S. Broadley
POSTERNAK BLANKSTEIN & LUND LLP
800 Boylston Street
Boston, Massachusetts 02199
617.973.6136
617.722.4909 (FAX)

13

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

JOYCE HENDERSON,

               Plaintiff,

v.

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP;
SHERMAN ACQUISITION II GENERAL
PARTNER LLC; ALEGIS GROUP, L.P.
AND ALEGIS GROUP, LLC,

               Defendants.

05-10339 JLT

Judge Joseph L. Tauro

Magistrate Judge G. Dein

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO:** Individuals in Massachusetts who received a debt collection letter containing or accompanied by the privacy notice sent by or on behalf of a member of the Sherman Family of Companies ("Sherman") on or after February 22, 2004 and before March 14, 2005. You are being sent this notice because you have been identified in Sherman's files as a class member entitled to recovery in this lawsuit.

*PLEASE READ THIS NOTICE CAREFULLY.*
*THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.*
*YOU MAY BENEFIT FROM READING THIS NOTICE.*

## WHAT THIS LAWSUIT IS ABOUT

This class action lawsuit is pending in the United States District Court for the District of Massachusetts, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Mass. G.L., ch. 93A, § 9 ("93A"), in connection with privacy notice sent to Plaintiff by and on behalf of Sherman. Plaintiff in this case alleged that the privacy notice violated the FDCPA because it contained false and misleading statements regarding the legal authority which Sherman had to disclose certain information about the Plaintiffs.

In the course of the litigation, Plaintiff and Sherman agreed to settle Plaintiff's claim because they concluded that settlement was preferable to expending further resources in what might prove to be protracted and expensive litigation.

On October 25, 2006, Judge Joseph L. Tauro, District Judge of the United States District Court for the District of Massachusetts granted preliminary approval of the Class Action Settlement Agreement (hereinafter "Settlement"), subject to a fairness hearing. At the preliminary approval hearing, Judge Tauro appointed Joyce Henderson as representative of the class. Judge Tauro also appointed the law firm of Edelman, Combs, Latturner & Goodwin LLC, as Class Counsel ("Class Counsel").

**The fairness hearing will take place on _____ at __:__ a.m. before Judge Tauro in Courtroom 20 at 1 Courthouse Way, Boston, Massachusetts 02210.**

You are being sent this notice because you appear to be a member of the class covered by the Settlement. This notice explains the nature of the lawsuit and the terms of the Settlement, and informs you of your legal rights and obligations.

## NO ADMISSION OF LIABILITY BY DEFENDANT

By settling this lawsuit, Sherman is not admitting that it has done anything wrong. Sherman expressly denies that it did anything wrong.

## THE PROPOSED SETTLEMENT

Plaintiff and Sherman have agreed to the Settlement described below. **If you do not wish to be part of the Settlement, you must opt-out. If the settlement is finally approved, you will receive the benefits described below.**

**Plaintiff's Recovery.** Pursuant to the settlement, Sherman will pay the Plaintiff $1,000.00.

**Class Recovery.** Pursuant to the Settlement, Sherman will provide to each class member a 15% credit of their account balance as of the Opt-Out Date. For each class member, who, as of August 23, 2006, had entered into a settlement as to the underlying account, payment plan as to the underlying account, or had a pending payment plan as to the underlying account, Sherman will pay $20.00. A class member will receive a credit or $20.00, not both.

Sherman represents that the estimated total face amount of credits to class members pursuant to the agreement is approximately in excess of $1 million. Sherman further represents that the number of class members who will receive a credit are approximately 4,200.

Sherman further represents the estimated number of class members who will receive such relief is approximately 600 and the combined cash amount of the credits is approximately $12,000.

**Attorneys' Fees.** Pursuant to the Settlement, Class Counsel will petition the Court for an award of attorneys' fees and costs in an amount not to exceed $50,000. This amount is paid in addition to the class recovery and will not reduce the class recovery.

**Costs.** Sherman will pay for the costs associated with class notice and administration of this Settlement.

**Release.** Unless you exclude yourself from the Settlement, you will be part of the class. By staying in the class, all of the Court's orders will apply to you, and you are required to give the Defendants affiliates a "release." A release means you cannot sue or ever be part of any other lawsuit against Defendants or their affiliates related to the claims or issues more fully described in the Settlement Agreement.

## CLASS COUNSEL'S OPINION OF THE VALUE OF THE SETTLEMENT

Plaintiff brought claims against Sherman under the Fair Debt Collection Practices Act ("FDCPA") and Mass. G.L., ch. 93A, § 9 ("93A"). The FDCPA says that in a class action, the most money the Court can award to the class is: (1) each Class Member's "actual damages," and (b) money damages set by law, or "statutory damages," described in the next paragraph. The FDCPA also allows the award of attorneys' fees and costs if the plaintiff wins.

The highest amount of statutory damages the FDCPA permits a court to award per lawsuit is $500,000, or 1% of a defendant's net worth, whichever amount is smaller. The Court could award nothing. Class Counsel believes that, considering the facts and circumstances of the lawsuits and the possible damages recoverable, a settlement in which the face amount of the credits is in excess of $ 1million and the face value of the cash payments paid by Sherman to class members is approximately $12,000 to class members is fair and reasonable.

Class Counsel believes that plaintiff had a good chance of prevailing in this case had it gone to trial. However, Sherman disputes Plaintiff's claims and believes that they have complete defenses. Sherman has raised those defenses and there are risks for Plaintiff and the class associated with further litigation.

The amount you will receive if you decide to stay in the Class will be a 15% credit on your account balance as of the Opt-Out Date. However, if you had entered into a settlement as to the underlying account, payment plan as to the underlying account, or had a pending payment plan as to the underlying account, Defendants owning their accounts will pay $20.00.

If, on the other hand, you exclude yourself from the Class, filed your own lawsuit, and successfully proved Sherman's liability under the FDCPA, you could receive (a) between $0 and $1,000 in statutory damages; and (b) any actual damages if you can show you actually suffered actual damages, and (c) attorneys' fees.

When deciding whether to participate in the settlement or to exclude yourself, you should balance the certainty of receiving a credit or refund from this settlement against the uncertainty of receiving more or nothing if you were to opt out and pursue your own individual claim against Sherman.

Plaintiff and Plaintiff's attorneys have examined the risks of pursuing Plaintiff's claims to judgment and have concluded that this settlement is fair, reasonable, and prudent.

## FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement, including the amount of the award to plaintiff's attorneys for their costs and fees. The hearing will take place on _____ at __:__ a.m. before Judge Tauro in Courtroom 20 at 1 Courthouse Way, Boston, Massachusetts 02210. YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING.

## YOUR OPTIONS

A.    **Accept the Settlement.** If you wish to receive the benefits of the Settlement described above, you do not need to take any further action. If the Settlement is approved by Judge Tauro, you will receive a credit or refund depending upon class membership. **You are not required to appear at the Fairness**

**Hearing on** _____, **at** __:__ **a.m.**

  **B.**  **Representation by an attorney.** You will be represented by Class Counsel without additional charge. Or, if you prefer, you may enter your own appearance or ask the Court to allow you to participate in the settlement through your own attorney. If you wish to participate on your own or through your own attorney, an appearance must be filed with the Court by _____. If you participate through your own attorney, it will be at your expense.

  **C.**  **You have the right to exclude yourself from both the class action and the settlement.** In order to properly exclude yourself from both the class action and the settlement you must do the following:

    1.  File a request for exclusion with the Clerk of the United States District Court for the District of Massachusetts, Eastern Division, 1 Courthouse Way, Boston, Massachusetts 02210. The request for exclusion must be <u>received</u> by the Clerk of the Court on or before _____, **2006**. The request must refer to your name, address, and the name and number of the case.

    2.  You must also send copies of the request for exclusion to Class Counsel and the attorneys for Sherman. These attorneys cannot represent you. The attorneys' proper addresses are as follows:

Class Counsel:
> Daniel A. Edelman (12848)
> Edelman, Combs, Latturner & Goodwin LLC
> 120 South LaSalle Street, Suite 1800
> Chicago, IL 60603
> (312) 419-0379 (fax)
> info@edcombs.net

Defendant's Attorneys:
> Steven S. Broadley
> POSTERNAK BLANKSTEIN & LUND LLP
> 800 Boylston Street
> Boston, Massachusetts 02199
> (617) 722-4909 (fax)

  **D.**  **If you object to the settlement and wish to submit an objection rather than simply exclude yourself from the class action**, you must do the following:

    1.  Submit your objection in writing to the Clerk of the United States District Court for the District of Massachusetts, Eastern Division, 1 Courthouse Way, Boston, Massachusetts 02210. The objection must be received by the Clerk of the Court on or before _____, 2006. The objection must refer to the name and number of the case. Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.

    2.  You must also mail copies of your objection to Class Counsel and Sherman's attorneys by the same date at the addresses above. Any objection must include your name and address and the name and number of the case and a statement of the reasons why you believe that the Court should find that the

4

proposed settlement is not in the best interests of the class.

           3.    If you file an objection, you may also appear at the hearing before Judge Tauro on _____, 2006, at 9:30 a.m.

IMPORTANT: The Court Requires That Any Requests For Exclusion Or Objections Be Received By The Clerk By _____. If You Mail A Request For Exclusion Or Objection, You Bear The Risk Of The Request For Exclusion Or Objection Not Being Received By The Clerk By The Deadline.

     If the settlement is not approved, the case will proceed as if no settlement had been attempted. In that event, Plaintiffs and Defendant retain the right to continue litigating this matter, including proceeding to trial. There can be no assurance that the classes will recover more than is provided in this settlement, if indeed anything, in the event the settlement is not approved.

     This description of the Settlement and the lawsuits covered by the Settlement is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the Settlement Agreement, you should visit the office of the Clerk of the United States District Court for the District of Massachusetts, Eastern Division, 1 Courthouse Way, Boston, Massachusetts 02210. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

## CORRECT ADDRESS

     If this notice was forwarded by the Postal Service, or if it was otherwise sent to you at an address which is not current, you should immediately send a letter to the address listed below stating your past and current addresses plus the case name, Henderson v. Sherman Financial Group, (Case No. 05-10339 (E.D.Mass.):

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC (12848)
120 South LaSalle Street, Suite 1800
Chicago, IL 60603

     If any of the persons to whom this notice is sent have died or are divorced, you should send a letter to the same address explaining who is entitled to this claim. Include any supporting documentation (such as a divorce decree) with this letter.

## INQUIRIES

     Any questions you or your attorney have concerning this notice should be directed to:

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
312-419-0379 (fax)
1-800-644-4673 (toll free)
info@edcombs.net
www.edcombs.com

Please include the case name and number, your name and your current return address on any letters, not just the envelopes.

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOYCE HENDERSON; | ) | |
| | ) | |
| Plaintiff, | ) | 05-10339 |
| | ) | |
| v. | ) | Judge Joseph L. Tauro |
| | ) | Magistrate Judith G. Dein |
| SHERMAN FINANCIAL GROUP LLC; | ) | |
| SHERMAN ACQUISITION II, LP; | ) | |
| SHERMAN ACQUISITION II | ) | |
| GENERAL PARTNER LLC; | ) | |
| ALEGIS GROUP L.P.; and | ) | |
| ALEGIS GROUP LLC; | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PRELIMINARY APPROVAL ORDER**</u>

This matter coming before the Court on Plaintiff's request for preliminary

approval of a Class Settlement Agreement ("Agreement") with Defendants, and notice to the

class, the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1.      The Court finds that the proposed settlement is within the range of fairness

and reasonableness and grants preliminary approval to it.

2.      The Court certifies, for settlement purposes only the following class:  All

persons in Massachusetts who received a debt collection letter containing or accompanied by the

privacy notice sent by or on behalf of a member of the Sherman Family of Companies

("Sherman") on or after February 22, 2004 and before March 14, 2005.

3.      The Court appoints, for settlement purposes, Joyce Henderson as

representative of the classes. The Court appoints, for settlement purposes, the law firm of

Edelman, Combs, Latturner & Goodwin LLC as counsel for the class.

4.      A hearing on the fairness and reasonableness of the Agreement and

whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on _____, at _____ a.m.

       5.      The Court approves the proposed form of notice to the class, to be directed to the last known address of the class members as shown on Defendants' records.  Defendants will mail, or cause to be mailed notice to class members on or before _____ 2006.  Any mail returned with a forwarding address will be re-mailed.  Defendant will have the notice sent by any form of bulk mail that provides address forwarding mail to each address.

       6.      The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the classes is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

       7.      Class members shall have until _____ , 2006 to opt-out, object to the proposed settlement, or file an appearance.  Any class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the District Court of Massachusetts, Eastern Division and serve copies of the request on counsel for both Plaintiff and Defendants by that date.  Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the District Court of Massachusetts, Eastern Division, and serve copies of the objection on counsel for both Plaintiff and Defendants by that date.  Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class.  Objectors, who have filed written objections to the settlement, may also appear at the hearing and be heard on the fairness of the settlement.

2

DATE: _____          ENTER: _____
                                            The Honorable Joseph L. Tauro
                                            United States District Court Judge