IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| JOYCE HENDERSON,<br>  Plaintiff<br><br>v.<br><br>SHERMAN FINANCIAL GROUP, LLC;<br>SHERMAN ACQUISITION II, LP;  SHERMAN ACQUISITION II<br>  GENERAL PARTNER LLC;<br>ALEGIS GROUP, LP; and<br>ALEGIS GROUP, LLC,<br>  Defendants | 05-10339<br><br>Judge Joseph L. Tauro<br>Magistrate Judith G. Dein |

## MOTION TO SUBSTITUTE AMENDED PRELIMINARY APPROVAL ORDER

The parties jointly request that this Court allow and substitute the attached Amended Preliminary Approval Order for the Preliminary Approval Order which was allowed and entered by this Court on October 25, 2006.  As grounds for this motion, the parties state that they wish to correct the language in paragraph 2 of the Approval Order so that it accurately tracks the description of the class contained within the parties' Settlement Agreement and proposed Notice to the class.  No other change is proposed except to the contents of paragraph 2; the parties have already adopted the deadline dates contained within the Preliminary Approval Order and the defendants are preparing notices to be sent to the anticipated class members.

Accordingly, the parties request that the Court allow the substitution of this Amended Preliminary Approval Order and docket it to replace the Order which was entered by agreement on October 25, 2006.

ID # 489876v01/14451-2/ 10.31.2006

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP;
SHERMAN ACQUISITION II GENERAL
PARTNER LLC; ALEGIS GROUP, LP; and
ALEGIS GROUP, LLC,
By their attorney,

_____
Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 33rd Floor
Boston, MA  02199-8004
617-973-6100

**ASSENTED TO**

/s/ Jeremy P. Monteiro
Jeremy P. Monteiro, Esquire (Pro Hac Vice)
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL  60603-3403
312-739-4200


### CERTIFICATE OF SERVICE

     I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 31 day of October, 2006, I caused a copy of the above **Motion to Substitute Amended Preliminary Approval Order** to be mailed to:

Daniel A. Edelman, Esquire
Jeremy P. Monteiro, Esquire
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL  60603-3403

Christopher M. Lefebvre, Esquire
Law Offices of Claude Lefebvre & Sons
Two Dexter Street
Pawtucket, RI  02860

John Rossman, Esquire
Michael S. Poncin, Esquire
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402

_____
Steven S. Broadley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

JOYCE HENDERSON,
  Plaintiff

v.

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP;
SHERMAN ACQUISITION II
          GENERAL PARTNER LLC;
ALEGIS GROUP, LP; and
ALEGIS GROUP, LLC,
  Defendants

05-10339

Judge Joseph L. Tauro
Magistrate Judith G. Dein

## AMENDED PRELIMINARY APPROVAL ORDER

This matter coming before the Court on Plaintiff's request for preliminary approval of a Class Settlement Agreement ("Agreement") with Defendants, and notice to the class, the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2. The Court certifies, for settlement purposes only the following class: Individuals in Massachusetts who received a debt collection letter containing or accompanied by the privacy notice sent by Alegis Group, L.P. on behalf of a member of the Sherman Family of Companies ("Sherman") on or after February 22, 2004, and before March 14, 2005.

3. The Court appoints, for settlement purposes, Joyce Henderson as representative of the classes. The Court appoints, for settlement purposes, the law firm of Edelman, Combs, Latturner & Goodwin LLC as counsel for the class.

4. A hearing on the fairness and reasonableness of the Agreement and

ID # 489875v01/14451-2/ 10.31.2006

whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on January 30, 2007, at 2:15 p.m.

5. The Court approves the proposed form of notice to the class, to be directed to the last known address of the class members as shown on Defendants' records. Defendants will mail, or cause to be mailed notice to class members on or before November 27, 2006. Any mail returned with a forwarding address will be re-mailed. Defendant will have the notice sent by any form of bulk mail that provides address forwarding mail to each address.

6. The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the classes is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

7. Class members shall have until January 16, 2007, to opt-out, object to the proposed settlement, or file an appearance. Any class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the District Court of Massachusetts, Eastern Division and serve copies of the request on counsel for both Plaintiff and Defendants by that date. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the District Court of Massachusetts, Eastern Division, and serve copies of the objection on counsel for both Plaintiff and Defendants by that date. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors, who have filed written objections to the settlement, may also appear at the hearing and be heard on the fairness of the settlement.

DATE: _____.        ENTER: _____
                                        The Honorable Joseph L. Tauro
                                        United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

JOYCE HENDERSON,
 Plaintiff

v.

SHERMAN FINANCIAL GROUP, LLC;
SHERMAN ACQUISITION II, LP;
SHERMAN ACQUISITION II
         GENERAL PARTNER LLC;
ALEGIS GROUP, LP; and
ALEGIS GROUP, LLC,
 Defendants

05-10339

Judge Joseph L. Tauro
Magistrate Judith G. Dein

## AMENDED PRELIMINARY APPROVAL ORDER

This matter coming before the Court on Plaintiff's request for preliminary approval of a Class Settlement Agreement ("Agreement") with Defendants, and notice to the class, the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2. The Court certifies, for settlement purposes only the following class: Individuals in Massachusetts who received a debt collection letter containing or accompanied by the privacy notice sent by Alegis Group, L.P. on behalf of a member of the Sherman Family of Companies ("Sherman") on or after February 22, 2004, and before March 14, 2005.

3. The Court appoints, for settlement purposes, Joyce Henderson as representative of the classes. The Court appoints, for settlement purposes, the law firm of Edelman, Combs, Latturner & Goodwin LLC as counsel for the class.

4. A hearing on the fairness and reasonableness of the Agreement and

ID # 489875v01/14451-2/ 10.31.2006

whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on January 30, 2007, at 2:15 p.m.

     5. The Court approves the proposed form of notice to the class, to be directed to the last known address of the class members as shown on Defendants' records. Defendants will mail, or cause to be mailed notice to class members on or before November 27, 2006. Any mail returned with a forwarding address will be re-mailed. Defendant will have the notice sent by any form of bulk mail that provides address forwarding mail to each address.

     6. The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the classes is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

     7. Class members shall have until January 16, 2007, to opt-out, object to the proposed settlement, or file an appearance. Any class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the District Court of Massachusetts, Eastern Division and serve copies of the request on counsel for both Plaintiff and Defendants by that date. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the District Court of Massachusetts, Eastern Division, and serve copies of the objection on counsel for both Plaintiff and Defendants by that date. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors, who have filed written objections to the settlement, may also appear at the hearing and be heard on the fairness of the settlement.

DATE: _____.        ENTER: _____
                                                                                                        The Honorable Joseph L. Tauro
                                                                                                        United States District Court Judge