Sara E. Bulger ~ 6 80th Street ~ Newburyport, MA 01950

FILED
CLERKS OFFICE

2006 DEC 28  A 11: 48

U.S. DISTRICT COURT
DISTRICT OF MASS.

December 14, 2006

Clerk of the U.S. District Court for the District of Massachusetts
1 Courthouse Way,
Boston, Massachusetts, 02210

Attn: Clerk of the United States District Court for the District of Massachusetts

Request for Exclusion:

Sara E Bulger
6 80th Street
Newburyport, MA 01950

Re: Class action / Joyce Henderson v. Sherman Financial Group, LLC, 05-10339-JLT.

I wish to opt out of this settlement. I dispute owing any money to Sherman Financial or any of their subsidiaries/partners.


Cc:

Class Council
Daniel A Edleman (12848)
Edelman, Combs, Latturner & Goodwin LLC
120 South LaSalle Street, Suite 1800
Chicago, IL 60603

Defendant's Attorneys:
Steven S. Broadley
Posternak Blankstein & Lund LLP
800 Boylston Street
Boston, Massachusetts 02199

Best regards,

Sara E. Bulger

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

JOYCE HENDERSON,

          Plaintiff,

v.

SHERMAN FINANCIAL GROUP, LLC; SHERMAN
ACQUISITION II, LP; SHERMAN ACQUISITION II
GENERAL PARTNER LLC; ALEGIS GROUP, L.P.
AND ALEGIS GROUP, LLC,

          Defendants.

COURT FILE NO. 05-10339 JLT

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO:** Individuals in Massachusetts who received a debt collection letter containing or accompanied by the privacy notice sent by Alegis Group, L.P. on behalf of a member of the Sherman Family of Companies ("Sherman") on or after February 22, 2004 and before March 14, 2005. You are being sent this notice because you have been identified in Sherman's files as a class member entitled to recovery in this lawsuit.

*PLEASE READ THIS NOTICE CAREFULLY.*
*THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.*
*YOU MAY BENEFIT FROM READING THIS NOTICE.*

### WHAT THIS LAWSUIT IS ABOUT

This class action lawsuit is pending in the United States District Court for the District of Massachusetts, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Mass. G.L., ch. 93A, § 9 ("93A"), in connection with privacy notice sent to Plaintiff by and on behalf of Sherman. Plaintiff in this case alleged that the privacy notice violated the FDCPA because it contained false and misleading statements regarding the legal authority which Sherman had to disclose certain information about the Plaintiffs.

In the course of the litigation, Plaintiff and Sherman agreed to settle Plaintiff's claim because they concluded that settlement was preferable to expending further resources in what might prove to be protracted and expensive litigation.

On October 25, 2006, Judge Joseph L. Tauro, District Judge of the United States District Court for the District of Massachusetts granted preliminary approval of the Class Action Settlement Agreement (hereinafter "Settlement"), subject to a fairness hearing. At the preliminary approval hearing, Judge Tauro appointed Joyce Henderson as representative of the class. Judge Tauro also appointed the law firm of Edelman, Combs, Latturner & Goodwin LLC, as Class Counsel ("Class Counsel").

**The fairness hearing will take place on January 30, 2007, at 2:15 p.m. before Judge Tauro in Courtroom 20 at 1 Courthouse Way, Boston, Massachusetts 02210.**

You are being sent this notice because you appear to be a member of the class covered by the Settlement. This notice explains the nature of the lawsuit and the terms of the Settlement, and informs you of your legal rights and obligations.

### NO ADMISSION OF LIABILITY BY DEFENDANT

By settling this lawsuit, Sherman is not admitting that it has done anything wrong. Sherman expressly denies that it did anything wrong.

1

EF08UG/NCP/11-06

## THE PROPOSED SETTLEMENT

Plaintiff and Sherman have agreed to the Settlement described below. **If you do not wish to be part of the Settlement, you must opt-out. If the settlement is finally approved, you will receive the benefits described below.**

**Plaintiff's Recovery. Pursuant to the settlement, Sherman will pay the Plaintiff $1,000.00.**

**Class Recovery.** Pursuant to the Settlement, Sherman will provide to each class member a 15% credit of their account balance as of the Opt-Out Date. For each class member, who, as of August 23, 2006, had entered into a settlement as to the underlying account, payment plan as to the underlying account, or had a pending payment plan as to the underlying account, Defendants will pay $20.00. A class member will receive a credit or $20.00, not both. Defendants estimate the number of class members who will receive such relief is approximately 600 and the combined cash amount of the credits is approximately $12,000.

Sherman represents that the estimated total face amount of credits to class members pursuant to the agreement is approximately in excess of $1 million. Sherman further represents that the number of class members who will receive a credit are approximately 4,200.

**Attorneys' Fees.** Pursuant to the Settlement, Class Counsel will petition the Court for an award of attorneys' fees and costs in an amount not to exceed $50,000. This amount is paid in addition to the class recovery and will not reduce the class recovery.

**Costs.** Sherman will pay for the costs associated with class notice and administration of this Settlement.

**Release.** Unless you exclude yourself from the Settlement, you will be part of the class. By staying in the class, all of the Court's orders will apply to you, and you are required to give the Defendants affiliates a "release." A release means you cannot sue or ever be part of any other lawsuit against Defendants or their affiliates related to the claims or issues more fully described in the Settlement Agreement.

## CLASS COUNSEL'S OPINION OF THE VALUE OF THE SETTLEMENT

Plaintiff brought claims against Defendants under the Fair Debt Collection Practices Act ("FDCPA") and Mass. G.L., ch. 93A, § 9 ("93A"). The FDCPA says that in a class action, the most money the Court can award to the class is: (1) each Class Member's "actual damages," and (b) money damages set by law, or "statutory damages," described in the next paragraph. The FDCPA also allows the award of attorneys' fees and costs if the plaintiff wins.

The highest amount of statutory damages the FDCPA permits a court to award per lawsuit is $500,000, or 1% of a defendant's net worth, whichever amount is smaller. The Court could award nothing. Class Counsel believes that, considering the facts and circumstances of the lawsuits and the possible damages recoverable, a settlement in which the face amount of the credits is in excess of $1million and the face value of the cash payments paid by Sherman to class members is approximately $12,000 to class members is fair and reasonable.

Class Counsel believes that plaintiff had a good chance of prevailing in this case had it gone to trial. However, Sherman, disputes Plaintiff's claims and believes that they have complete defenses. Sherman has raised those defenses and there are risks for Plaintiff and the class associated with further litigation.

The amount you will receive if you decide to stay in the Class will be a 15% credit on your account balance as of the Opt-Out Date. However, if you had entered into a settlement as to the underlying account, payment plan as to the underlying account, or had a pending payment plan as to the underlying account, Defendants owning their accounts will pay $20.00.

If, on the other hand, you exclude yourself from the Class, filed your own lawsuit, and successfully proved Sherman's liability under the FDCPA, you could receive (a) between $0 and $1,000 in statutory damages; and (b) any actual damages if you can show you actually suffered actual damages, and (c) attorneys' fees.

When deciding whether to participate in the settlement or to exclude yourself, you should balance the certainty of receiving a credit or refund from this settlement against the uncertainty of receiving more or nothing if you were to opt out and pursue your own individual claim against Sherman.

2

Plaintiff and Plaintiff's attorneys have examined the risks of pursuing Plaintiff's claims to judgment and have concluded that this settlement is fair, reasonable, and prudent.

### FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement, including the amount of the award to plaintiff's attorneys for their costs and fees. The hearing will take place on January 30, 2007, at 2:15 p.m. before Judge Tauro in Courtroom 20 at 1 Courthouse Way, Boston, Massachusetts 02210. YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING.

### YOUR OPTIONS

A. **Accept the Settlement.** If you wish to receive the benefits of the Settlement described above, you do not need to take any further action. If the Settlement is approved by Judge Tauro, you will receive a credit or refund depending upon class membership. **You are not required to appear at the Fairness Hearing on January 30, 2007, at 2:15 p.m.**

B. **Representation by an attorney.** You will be represented by Class Counsel without additional charge. Or, if you prefer, you may enter your own appearance or ask the Court to allow you to participate in the settlement through your own attorney. If you wish to participate on your own or through your own attorney, an appearance must be filed with the Court by **January 16, 2007**. If you participate through your own attorney, it will be at your expense.

C. **You have the right to exclude yourself from both the class action and the settlement.** In order to properly exclude yourself from both the class action and the settlement you must do the following:

　　1. File a request for exclusion with the Clerk of the United States District Court for the District of Massachusetts, Eastern Division, 1 Courthouse Way, Boston, Massachusetts 02210. The request for exclusion must be received by the Clerk of the Court on or before **January 16, 2007**. The request must refer to your name, address, and the name and number of the case.

　　2. You must also send copies of the request for exclusion to Class Counsel and the attorneys for Sherman. These attorneys cannot represent you. The attorneys' proper addresses are as follows:

Class Counsel:
　　Daniel A. Edelman (12848)
　　Edelman, Combs, Latturner & Goodwin LLC
　　120 South LaSalle Street, Suite 1800
　　Chicago, IL 60603
　　(312) 917-4504
　　(312) 419-0379 (fax)
　　1-800-644-4673 (toll free)
　　info@edcombs.net
　　www.edcombs.com

Defendant's Attorneys:
　　Steven S. Broadley
　　POSTERNAK BLANKSTEIN & LUND LLP
　　800 Boylston Street
　　Boston, Massachusetts 02199
　　617.973.6136
　　617.722.4909 (fax)

D. **If you object to the settlement and wish to submit an objection rather than simply exclude yourself from the class action**, you must do the following:

　　1. Submit your objection in writing to the Clerk of the United States District Court for the District of Massachusetts, Eastern Division, 1 Courthouse Way, Boston, Massachusetts 02210. The objection must be received by the Clerk of the Court on or before January 16, 2007. The objection must refer to the name and number of the case. Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.

3

      2.      You must also mail copies of your objection to Class Counsel and Sherman's attorneys by the same date at the addresses above. Any objection must include your name and address and the name and number of the case and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the class.

      3.      If you file an objection, you may also appear at the hearing before Judge Tauro on January 30, 2007, at 2:15 p.m.

IMPORTANT: The Court Requires That Any Requests For Exclusion Or Objections Be Received By The Clerk By January 16, 2007. If You Mail A Request For Exclusion Or Objection, You Bear The Risk Of The Request For Exclusion Or Objection Not Being Received By The Clerk By The Deadline.

If the settlement is not approved, the case will proceed as if no settlement had been attempted. In that event, Plaintiffs and Defendant retain the right to continue litigating this matter, including proceeding to trial. There can be no assurance that the classes will recover more than is provided in this settlement, if indeed anything, in the event the settlement is not approved.

This description of the Settlement and the lawsuits covered by the Settlement is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the Settlement Agreement, you should visit the office of the Clerk of the United States District Court for the District of Massachusetts, Eastern Division, 1 Courthouse Way, Boston, Massachusetts 02210. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

## CORRECT ADDRESS

If this notice was forwarded by the Postal Service, or if it was otherwise sent to you at an address which is not current, you should immediately send a letter to the address listed below stating your past and current addresses plus the case name, Henderson v. Sherman Financial Group, and case number (Case No. 12848 05-10339 (E.D.Mass.)):

Edelman, Combs, Latturner & Goodwin, LLC (12848)
120 South LaSalle Street, Suite 1800
Chicago, IL 60603

If any of the persons to whom this notice is sent have died or are divorced, you should send a letter to the same address explaining who is entitled to this claim. Include any supporting documentation (such as a divorce decree) with this letter.

## INQUIRIES

Any questions you or your attorney have concerning this notice should be directed to:

Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 917-4504
312-419-0379 (fax)
1-800-644-4673 (toll free)
info@edcombs.net
www.edcombs.com

Please include the case name and number, your name and your current return address on any letters, not just the envelopes.

4

Fwd Henderson v. Sherman Financial Group LLC.txt

---------- Forwarded message ----------
From: Mihaela Muresan < mmuresan@edcombs.com>
Date: Dec 7, 2006 11:35 AM
Subject: RE: Henderson v. Sherman Financial Group, LLC
To: Sara < sara.bulger@gmail.com>

Very well,

You may opt out of this suit. In order to do so, you need to write a letter to that effect to the Court in Massachusetts:

Clerk of the U.S. District Court for the District of Massachusetts
1 Courthouse Way,
Boston, Massachusetts, 02210

You would have to mention your name, the date of the letter, your address and the name and court case number in the case (Joyce Henderson v. Sherman Financial Group, LLC, 05-10339-JLT). Then, just state that you wish to opt out of this settlement and sign.

You need to make sure that you send this by no later than January 16, 2007 in order to be guaranteed this opt out. A copy of this letter should be also mailed to both counsels' offices, listed in your notice of settlement.

Please be advised that if you fail to opt out, Sherman might take this as an admission of your debt to them.

Let me know if you have further questions.

Best,

Michaela



------------------------------------------------------------------------
From: Sara [mailto:sara.bulger@gmail.com]
Sent: Thursday, December 07, 2006 10:26 AM
To: Mihaela Muresan
Subject: Re: Henderson v. Sherman Financial Group, LLC

I dispute that I owe any money to Sherman.

so i don't know that this is the right civil suit for me.

How to proceed?


On 12/7/06, Mihaela Muresan <mmuresan@edcombs.com > wrote:
  Dear Sara Bulger,

        This mailing that you mention in your request is a notice of settlement in the above-captioned case. We are the attorneys representing Joyce Henderson against Sherman. We filed a complaint in federal court claiming that the privacy notice regarding Ms. Henderson's debt to Sherman violated the Fair Debt Collection Practices Act. We also asked the Court to include as plaintiffs all persons who received the same privacy notice.

        According to Sherman's records, there are 4800 people who were sent this notice, including yourself.
        Each person will receive a portion of the settlement. The settlement provides for a

Page 1

Fwd Henderson v. Sherman Financial Group LLC.txt
15% reduction in the account balance that you have with Sherman. Or, in case you alread paid this account, you will receive a $20 check in the mail.

This deduction/reimbursement will happen in February, after the last court date noted on your notice. YOU DO NOT NEED TO ATTEND!!!!!!!!

If you wish to sue Sherman yourself over this matter, you should opt out of this settlement, otherwise, this settlement in on your behalf and in your favor. YOU ARE NOT BEING SUED!

From Sherman's records that they shared with us, your account balance shows to be $7658.87. Yet, for all further inquiries into this matter you should contact Resurgent Financial ( a subsidiary and database of Sherman's) so that you may aske them your questions at (864) 248-8817.

Let me know if you have any further questions. Thank you for writing.

Best regards,


Michaela Muresan
Legal Assistant
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street, Suite 1800
Chicago, IL 60603

mmuresan@edcombs.com
tel   (312) 917-4533
fax  (312) 419-0379




IMPORTANT: This message is intended solely to be used by the individual or entity to which it is addressed.  It may contain information which is privileged, confidential and otherwise exempt by law from disclosure.  If you are not the intended recipient, employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately and delete this communication.  Thank you.    Edelman, Combs, Latturner & Goodwin, LLC.



--
"Against the assault of laughter - nothing can stand."
-Mark Twain (The Mysterious Stranger)



IMPORTANT: This message is intended solely to be used by the individual or entity to which it is addressed.  It may contain information which is privileged, confidential and otherwise exempt by law from disclosure.  If you are not the intended recipient, employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately and delete this communication.  Thank you.    Edelman, Combs, Latturner & Goodwin, LLC.



--
"Against the assault of laughter - nothing can stand."
-Mark Twain (The Mysterious Stranger)

Fwd Henderson v. Sherman Financial Group LLC.txt

--
"Against the assault of laughter - nothing can stand."
-Mark Twain (The Mysterious Stranger)