**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOYCE HENDERSON; | ) | |
| | ) | |
| Plaintiff, | ) | 05-10339 |
| | ) | |
| v. | ) | Judge Joseph L. Tauro |
| | ) | Magistrate Judith G. Dein |
| SHERMAN FINANCIAL GROUP LLC; | ) | |
| SHERMAN ACQUISITION II, LP; | ) | |
| SHERMAN ACQUISITION II | ) | |
| GENERAL PARTNER LLC; | ) | |
| ALEGIS GROUP L.P.; and | ) | |
| ALEGIS GROUP LLC; | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF CLASS COUNSEL IN SUPPORT OF**
**REQUEST FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Joyce Henderson ("Plaintiff"), individually and as a representative of the class of similarly situated persons, by Class counsel, Edelman, Combs, Latturner & Goodwin, LLC and Christopher M. Lefebvre respectfully submits this Memorandum in support of the request for an award of attorneys' fees and costs.

Pursuant to the settlement agreement, counsel is seeking attorney's fees and costs of $50,000. Plaintiff's counsel include experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter. The amount requested by counsel is less than the actual time and costs incurred in prosecuting this action. The law firm of Edelman, Combs, Latturner & Goodwin, LLC has incurred $40,911.21 in fees and $3,345.71 in costs, for a total of $44,256.92. See Exhibit F to the Declaration of Daniel A. Edelman, attached hereto as Appendix A. In addition, local counsel, Christopher M. Lefebvre, has incurred $10,545.00 in fees and $156.00 in costs, for

a total of $ 10,701.00.  <u>Appendix B</u>, Declaration Regarding Time and Expenses of Local Counsel Christopher M. Lefebvre.  In sum, Class counsel have incurred $54,957.92 in fees and costs, which is greater than the $50,000 being requested by class counsel.

As compensation for their efforts on behalf of Plaintiff and the Class and pursuant to the Settlement Agreement ("Agreement"), Class counsel requests approval of attorneys' fees and costs in the amount of $50,000, to be paid separate and apart from the settlement fund.  The amount is approximately 20% of the total economic value of the settlement, which includes at least $1 million in credits and $12,000 in cash payments and represents less than Class counsel's lodestar.  The amount is also reasonable in relation to the time and effort expended by Class counsel in pursuing this case on behalf of the Class.

## I.    <u>NATURE OF THE SETTLEMENT</u>

Unlike a standard "common fund" settlement, this settlement consists of two components.  The primary benefit provided by the settlement is a 15% credit to the class members' account balances which Defendants estimate to be approximately $1 million.  As an alternate to the credit, the settlement also provides a cash payment of approximately $12,000, which represents $20.00 for those class members who had already entered into a settlement as to the underlying account, payment plan as to the underlying account, or had a pending payment plan as to the underlying account.

## II.    <u>COUNSEL IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS</u>

An award of adequate compensation to assure protection of legal rights is critical in consumer class actions.  The Supreme Court has repeatedly recognized the importance of private litigation as a necessary and desirable tool to assure the effective enforcement of the

antitrust laws, and the same principle applies to consumer class actions. See, e.g., Pillsbury Co. v. Conboy, 459 U.S. 248, 262-63 (1983); Reitner v. Sonotone Corp., 442 U.S. 330, 331 (1979); Fortner Enterprises Inc. v. U.S. Steel Corp., 394 U.S. 495, 502 (1969); Perma Life Mufflers, Inc. v. International Parts Corp., 392 U.S. 134, 139 (1968); Minnesota Mining & Mfg. Co. v. New Jersey Wood Finishing Co., 381 U.S. 311, 318-19 (1965).  As the Seventh Circuit noted in a case brought under the Fair Debt Collection Practices Act:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies.  By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

Toletino v. Friedman, 46 F.3d 652-53 (7th Cir. 1995)(citing Student Public Interest Research Group v. AT&T Bell Laboratories, 842 F.2d 1436, 1449 (3d Cir. 1989).

The First Circuit has specifically authorized the district courts to award attorneys' fees using the lodestar method or the percentage of fund method.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Consolo v. George, 94-1202, 1996 U.S. App. LEXIS 10196, at *7 (1st Cir. May 3, 1996).

In computing the lodestar, the hourly billing rate applied is the hourly rate that is normally charged in the community where counsel practices, i.e., the "market price." See, e.g., Blum, 465 U.S. at 895; McDonald v. Armontrout, 860 F.2d 1456, 1459 (8th Cir. 1988)("'in most cases, billing rates reflect market rates — they provide an efficient and fair short-cut for determining the market rate'"); Spencer v. Comserv Corp., 1986 WL 15155, Fed.Sec.L.Rep. ¶ 93, 124, at 95, 532 (D. Minn. Dec. 30, 1986)("[c]ompensating a nationally recognized securities class action attorney at his hourly rate is entirely appropriate."); Lindy I, 487 F.2d at 167 ("The

value of an attorney's time generally is reflected in his normal billing rate."); <u>Lindy Bros.</u>
<u>Builders, Inc. v. Amer. Radiator & Std. Sanitary Corp.</u>, 487 F.2d 161, 167 (3d Cir. 1973)("The
value of an attorney's time generally is reflected in his normal billing rate.").  The hourly rates of
Edelman, Combs, Latturner & Goodwin, LLC's and a detailed listing of Edelman, Combs,
Latturner & Goodwin, LLC's lodestar is set forth in <u>Exhibit F</u> to the Declaration of Daniel A.
Edelman, attached hereto as <u>Appendix A</u>.  A Declaration from Christopher M. Lefebvre is
attached hereto as <u>Appendix B</u>.

   The United States Supreme Court and many lower courts have held that the use of
<u>current</u> rates is proper to compensate for inflation and the loss of use of funds.  <u>See e.g.</u>, <u>Missouri</u>
<u>v. Jenkins</u>, 491 U.S. 274 (1989); <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean</u>
<u>Air</u>, 483 U.S. 711, 716 (1987); <u>Skelton v. General Motors Corp.</u>, 860 F.2d 250, 255 (7th Cir.
1988), <u>cert. denied</u>, 493 U.S. 810 (1989); <u>Johnson v. University College of University of</u>
<u>Alabama</u>, 706 F.2d 1205, 1210-1211 (11th Cir.), <u>cert. denied</u>, 464 U.S. 994 (1983); <u>Norman</u>, 836
F.2d at 1302; <u>Copeland v. Marshall</u>, 641 F.2d 880, 893 (D.C. Cir. 1980)<u>(en banc)</u>; <u>In re Union</u>
<u>Carbide Corp. Consumer Prod. Business Sec. Litig.</u>, 724 F. Supp. at 163.

   Class counsel submit that the hours spent on this case is reasonable and reflect the
commitment of Class counsel to achieving a successful result.  The hours spent in this matter on
a fully contingent basis, in connection with the significant risk faced by Class counsel, support
an award of approximately 20% of the total economic value of the settlement, under the
percentage method.

   This case was prosecuted by Class counsel on a contingent fee basis with no
assurance of any fee.  In undertaking to prosecute this case on that basis, Class counsel assumed

a significant risk of nonpayment or underpayment. Numerous cases recognize that the contingent fee risk is an important factor in determining the fee award. See In re Continental Illinois Sec. Litig., 962 F.2d 566 (7th Cir. 1992)(holding that when a common fund case has been prosecuted on a contingent basis, plaintiff's counsel must be compensated adequately for the risk of non-payment); Ressler, 149 F.R.D. at 651, 654 (M.D. Fla. 1992)("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award.").

Class counsel are experienced lawyers, with extensive experience in class action cases. See Declaration of Daniel A. Edelman, attached hereto as Appendix A. Class counsel filed a well-researched complaint, conducted discovery, filed numerous briefs, and engaged in difficult and lengthy negotiations which resulted in the Settlement. In light of the work performed in all of these matters, the request of Class counsel for $50,000 is reasonable, and Plaintiff accordingly requests approval of this amount.

Plaintiff's counsel is also entitled to reimbursement of their out-of-pocket expenses incurred in this matter so long as they are consistent with what the private market would bear and are billed with the level of detail that paying clients would find satisfactory. Synthroid, 264 F.3d at 722, citing other Seventh Circuit cases. The request for reimbursement of expenses meets both of these standards.

The Agreement contemplates that the $50,000 payment to Class counsel will include reasonable expenses incurred. As set forth in the accompanying Declaration, those expenses are equal to $54,957.92 and were necessary to the prosecution of this case, are consistent with what the private market would bear, and are billed with the level of detail that

paying clients would find satisfactory.

## III.    <u>CONCLUSION</u>

For all the reasons set forth above, Plaintiff, individually and as representative of

the Class of similarly situated persons, by counsel, request this Honorable Court grant Class

counsel's request for attorney's fees and costs.

Respectfully submitted,


<u>s/ Jeremy P. Monteiro</u>
Jeremy P. Monteiro

Daniel A. Edelman (pro hace vice)
Cathleen M.Combs (pro hace vice)
Jeremy P. Monteiro (pro hace vice)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher Lefebvre
BBO # 629056
Claude Lefebvre, P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

   I, Jeremy P. Monteiro, hereby certify that on January 19, 2007, a copy of the foregoing **MEMORANDUM  OF CLASS COUNSEL IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES AND COSTS** was filed electronically and notice was electronically sent to the following parties:

Steven S. Broadley
POSTERNAK, BLANKSTEIN & LUND, LLP
sbroadley@pbl.com

Christopher M. Lefebvre
lefeblaw@aol.com

Served via US Mail and Facsimile:

Michael S. Poncin
**Moss & Barnett, P.A.**
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 339-6686 (Fax)

         <u>s/ Jeremy P. Monteiro</u>
         Jeremy P. Monteiro (pro hac vice)

         Daniel A. Edelman (pro hac vice)
         Cathleen M. Combs (pro hac vice)
         Jeremy P. Monteiro (pro hac vice)
         EDELMAN, COMBS, LATTURNER
         & GOODWIN LLC
         120 S. LaSalle Street, 18th Floor
         Chicago, Illinois  60603
         (312) 739-4200
         (312) 419-0379 (FAX)

         Christopher M. Lefebvre
         Law Offices of Claude Lefebvre & Sons
         P.O. Box 479
         Pawtucket, RI  02862
         401-728-6060
         401-728-6534 (Facsimile)
         R.I. Bar No. 4019

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE HENDERSON; | ) | |
| | ) | |
| Plaintiff, | ) | 05-10339 |
| | ) | |
| v. | ) | Judge Joseph L. Tauro |
| | ) | Magistrate Judith G. Dein |
| SHERMAN FINANCIAL GROUP LLC; | ) | |
| SHERMAN ACQUISITION II, LP; | ) | |
| SHERMAN ACQUISITION II | ) | |
| GENERAL PARTNER LLC; | ) | |
| ALEGIS GROUP L.P.; and | ) | |
| ALEGIS GROUP LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF DANIEL A. EDELMAN

Daniel A. Edelman declares under penalty of perjury, as provided for by the laws of the United States (28 U.S.C. §1746) [federal]/ § 1-109 of the Code of Civil Procedure [state], that the following statements are true:

**1.** Edelman, Combs, Latturner & Goodwin, LLC, has 5 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, and Michelle R. Teggelaar and 9 associates.

**2.** **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers, mostly through class actions. He is the co-author of Rosmarin & Edelman, Consumer Class Action Manual (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of Payday Loans: Big Interest Rates and Little Regulation, 11 Loy.Consumer L.Rptr. 174 (1999); author of Consumer Fraud and Insurance Claims, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," Ohio Consumer Law (1995 ed.); co-author of Fair Debt Collection: The Need for Private

1

Enforcement, 7 Loy.Consumer L.Rptr. 89 (1995); author of An Overview of The Fair Debt Collection Practices Act, in Financial Services Litigation, Practicing Law Institute (1999); co-author of Residential Mortgage Litigation, in Financial Services Litigation, Practicing Law Institute (1996); author of Automobile Leasing: Problems and Solutions, 7 Loy.Consumer L.Rptr. 14 (1994); author of Current Trends in Residential Mortgage Litigation, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); author of Applicability of Illinois Consumer Fraud Act in Favor of Out-of-State Consumers, 8 Loy.Consumer L.Rptr. 27 (1996); co-author of Illinois Consumer Law (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, Attorney Liability Under the Fair Debt Collection Practices Act (Chicago Bar Ass'n 1996); author of The Fair Debt Collection Practices Act: Recent Developments, 8 Loy.Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994). He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Court for the District of Arizona, United States District Court for the District of Connecticut, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

      **3.**    **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. She formerly supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs & Latturner in early 1991. Decisions in which she was involved prior to joining the firm include: Johnson v. Heckler, 607 F.Supp. 875 (N.D.Ill. 1984), and 100 F.R.D. 70 (N.D. Ill. 1983); Sanders v. Shephard, 185 Ill.App.3d 719, 541 N.E.2d 1150 (1st Dist. 1989); Maller v. Cohen, 176 Ill.App.3d 987, 531 N.E.2d 1029 (1st Dist. 1988); Wright v. Department of Labor, 166 Ill.App.3d 438, 519 N.E.2d 1054 (1st Dist. 1988); Barron v. Ward, 165 Ill.App.3d 653, 517 N.E.2d 591 (1st Dist. 1987); City of Chicago v. Leviton, 137 Ill.App.3d 126, 484 N.E.2d 438 (1st Dist. 1985); Jude v. Morrissey, 117 Ill.App.3d 782, 454 N.E.2d 24 (1st Dist. 1983). She is a member of the Northern District of Illinois trial bar.

      **4.**    **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in Federal Practice Manual for Legal Services Attorneys (M. Masinter, Ed., National Legal Aid and Defender Association 1989); Governmental Tort Immunity in Illinois, 55 Ill.B.J. 29 (1966); Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations, 2 Loy.Consumer L.Rep. 64

2

(1990), and <u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued some 30 appeals, including two cases in the United States Supreme Court and two in the Illinois Supreme Court. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

5.    **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988)and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). She has been with the firm since her graduation and has participated in many of the cases described below. **Reported Cases.** <u>Williams v. Chartwell Financial Services, LTD</u>, 204 F.3d 748 (7th Cir. 2000); <u>Hillenbrand v. Meyer Medical Group</u>, 682 N.E.2d 101 (Ill.1st Dist. 1997), 720 N.E.2d 287 (Ill.1st Dist. 1999); <u>Bessette v. Avco Fin. Servs.</u>, 230 F.3d 439 (1st Cir. 2000); <u>Large v. Conseco Fin. Servicing Co.</u>, 292 F.3d 49 (1st Cir. 2002);; <u>Carbajal v. Capital One</u>, 219 F.R.D. 437 (N.D.Ill. 2004); <u>Russo v. B&B Catering</u>, 209 F.Supp.2d 857 (N.D.IL 2002); <u>Garcia v. Village of Bensenville</u>, 2002 U.S.Dist. LEXIS 3803 (N.D.Ill.); <u>Romaker v. Crossland Mtg. Co.</u>, 1996 U.S.Dist. LEXIS 6490 (N.D.IL); <u>Mount v. LaSalle Bank Lake View</u>, 926 F.Supp. 759 (N.D.Ill 1996). She is a member of the Northern District of Illinois trial bar.

6.    **Michelle R. Teggelaar** is a graduate of the University of Illinois (B.A., 1993) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors, 1997). **Reported Cases:** <u>Johnson v. Revenue Management, Inc.</u>, 169 F.3d 1057 (7th Cir.1999); <u>Coelho v. Park Ridge Oldsmobile, Inc.</u>, 247 F. Supp. 2d 1004 (N.D. Ill. 2003); <u>Dominguez v. Alliance Mtge., Co.</u>, 226 F. Supp. 2d 907 (N.D. Ill. 2002); <u>Watson v. CBSK Financial Group, Inc.</u>, 197 F. Supp. 2d 1118 (N.D. Ill. 2002); <u>Van Jackson v. Check 'N Go of Illinois, Inc.</u> 123 F. Supp. 2d 1085 (N.D. Ill. 2000), <u>Van Jackson v. Check 'N Go of Illinois, Inc.</u>, 123 F. Supp. 2d 1079, <u>Van Jackson v. Check 'N Go of Illinois, Inc.</u>, 114 F. Supp. 2d 731 (N.D. Ill. 2000); <u>Van Jackson v. Check 'N Go of Illinois, Inc.</u>, 193 F.R.D. 544 (N.D. Ill. 2000); <u>Vines v. Sands</u>, 188 F.R.D. 302 (N.D. Ill. 1999); <u>Veillard v. Mednick</u>, 24 F. Supp. 2d 863 (N.D. Ill.1998); <u>Sledge v. Sands</u>, 182 F.R.D. 255 (N.D. Ill. 1998), <u>Vines v. Sands</u>, 188 F.R.D. 203 (N.D. Ill. 1999), <u>Livingston v. Fast Cash USA, Inc</u>, 753 N.E.2d 572 (Ind. 2001); <u>Carroll v. Butterfield Heath Care, Inc.</u>, 2003 WL 22462604 (N.D. Ill. 2003); <u>Payton v. New Century Mtge., Inc.</u>, 2003 WL 22349118 (N.D. Ill. 2003); <u>Seidat v. Allied Interstate, Inc.</u>, 2003 WL 2146825 (N.D. Ill. 2003) (Report and Recommendation); <u>Michalowski v. Flagstar Bank, FSB</u>, 2002 WL 112905 (N.D. Ill. 2002); <u>Bigalke v. Creditrust Corp.</u>, 2001 WL 1098047 (N.D. Ill 2001) (Report and Recommendation); <u>Donnelly v. Illini Cash Advance</u>, 2000 WL 1161076 (N.D. Ill. 2000); <u>Mitchem v. Paycheck Advance Express</u>, 2000 WL 419992 (N.D. Ill 2000); <u>Pinkett v. Moolah Loan Co.</u>, 1999 WL 1080596 (N.D. Ill. 1999); <u>Farley v. Diversified Collection Serv.</u>, 1999 WL 965496 (N.D. Ill. 1999); <u>Davis v. Commercial Check Control</u>, 1999 WL 965496 (N.D. Ill. 1999); <u>Sledge v. Sands</u>, 1999 WL 261745 (N.D. Ill. 1999); <u>Slater v. Credit Sciences, Inc.</u>, 1998 WL 341631 (N.D. Ill. 1998); <u>Slater v. Credit Sciences, Inc</u>, 1998 WL 299803 (N.D. Ill. 1998).

7.    **Associates**

    a.    **Francis R. Greene** is a graduate of Johns Hopkins University (B.A., with honors, May 1984), Rutgers University (Ph.D., October 1991), and Northwestern University Law School (J.D., 2000). **Reported Cases:** <u>Johnson v. Thomas</u>, 342 Ill. App.3d 382, 794 N.E.2d 919 (1ˢᵗ Dist. 2003); <u>Jolly v. Shapiro & Kreisman</u>, 237 F. Supp. 2d 888 (N.D. Ill. 2002); <u>Parker v. 1-800 Bar None, a Financial Corp., Inc.</u> 2002 WL 215530 (N.D. Ill. 2002); <u>Jiang v. Allstate Ins. Co.</u> (199 F.R.D. 267); <u>Hill v. AMOCO Oil Co.</u> 2003 WL 262424, 2001 WL 293628 (N.D. Ill. 2003); <u>Roquet v. Arthur Anderson LLP</u> 2002 WL 1900768 (N.D. Ill. 2002); <u>White v. Financial Credit, Corp.</u> 2001 WL 1665386 (N.D. Ill.); <u>Ransom v. Gurnee Volkswagen</u> 2001 WL 1241297 (N.D. Ill. 2001) and 2002 WL 449703 (N.D. Ill 2002); <u>Doxie v. Impac Funding Corp.</u> 2002 WL 31045387 (N.D. Ill. 2002); <u>Levin v. Kluever & Platt LLC</u> 2003 WL 22757763 and 2003 WL 22757764 (N.D. Ill. 2003); <u>Pleasant v. Risk Management Alternatives</u> 2003 WL 22175390 (N.D. Ill. 2003); <u>Jenkins v. Mercantile Mortgage</u> 231 F. Supp. 2d 737 (N.D. Ill. 2002); <u>Hobson v. Lincoln Ins. Agency, Inc.</u> 2001 WL 55528, 2001 WL 648958 (N.D. Ill. 2001), <u>Anderson v. Lincoln Ins. Agency</u> 2003 WL 291928, <u>Hobson v. Lincoln Ins. Agency</u> 2003 WL 338161 (N.D. Ill. 2003). He is a member of the Northern District of Illinois trial bar.

    b.    **Julie Clark** (nee Cobolovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** <u>Qualkenbush v. Harris Trust & Savings Bank</u> 219 F.Supp.2d 935 (N.D.Ill.,2002); <u>Covington-McIntosh v. Mount Glenwood Memory Gardens</u> 2002 WL 31369747 (N.D.Ill.,2002), 2003 WL 22359626 (N.D. Ill. 2003).

    c.    **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude,* 1997), and Roger Williams University School of Law (J.D., 2002).

    d.    **Albert F. Hofeld Jr.** is a graduate of Reed College (B.A., 1990), the University of Chicago Divinity School (M. Div., 1994), and Northwestern University Law School (J.D,. 2000).

    e.    **Thomas E. Soule** is a graduate of Stanford University (B.A., 2000), and the University of Wisconsin Law School (J.D., 2003).

    f.    **Jeremy P. Monteiro** is a graduate of St. John's University (B.A., 1999) and DePaul University College of Law (J.D. *magna cum laude* 2003).

    g.    **Derek B. Rieman** is a graduate of Indiana University (B.A., 2000) and University of Oregon Law School (J.D., 2004).

    h.    **Deborah A. Morgan** is a graduate of Sheffield (England) University (B.A. with honors 1989), University of Oregon (M.A. 1995), and American University, Washington College of Law (J.D. summa cum laude 2006).

     **i.**    **Alexia Bratis** is a graduate of Macalester College (B.A. 2002) and Chicago-Kent College of Law (J.D. 2006).

     **j.**    **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. 2006).

    **8.**    The firm also has 15 legal assistants, as well as other support staff.

    **9.**    Since its inception, the firm has recovered more than $500 million for consumers.

    **10.**    The types of cases handled by the firm are illustrated by the following:

    **11.**    **Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, In re Mortgage Escrow Deposit Litigation, MDL-1713, In re Bank of America ATM Fee Litigation, and MDL-1604, In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: Christakos v. Intercounty Title Co., 196 F.R.D. 496 (N.D.Ill. 2000); Johnstone v. Bank of America, N.A., 173 F.Supp.2d 809 (N.D.Ill. 2001); Leon v. Washington Mut. Bank, F.A., 164 F.Supp.2d 1034 (N.D.Ill. 2001); Williamson v. Advanta Mortg. Corp., 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); McDonald v. Washington Mut. Bank, F.A., 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); Metmor Financial, Inc. v. Eighth Judicial District Court, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); GMAC Mtge. Corp. v. Stapleton, 236 Ill.2d App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); Leff v. Olympic Fed. S. & L. Ass'n, 1986 WL 10636 (N.D.Ill. 1986); Aitken v. Fleet Mtge. Corp., 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. 1991), and 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); Poindexter v. National Mtge. Corp., 1991 U.S.Dist. LEXIS 19643 (N.D.Ill., Dec. 23, 1991), later opinion, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); Sanders v. Lincoln Service Corp., 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. 1993); Robinson v. Empire of America Realty Credit Corp., 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); In re Mortgage Escrow Deposit Litigation, M.D.L. 899, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 8, 1994); Greenberg v. Republic Federal S. & L. Ass'n, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

    **12.**    The recoveries in the escrow overcharge cases alone are over $250 million. Leff was the seminal case on mortgage escrow overcharges.

    **13.**    The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

    **14.**    **Bankruptcy:** The firm brought a number of cases complaining that

money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. Conley v. Sears, Roebuck, 1:97cv11149 (D.Mass); Fisher v. Lechmere Inc., 1:97cv3065, (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. Bessette v. Avco Financial Services, 99-2291 (1st Cir., October 27, 2000).

      **15.**    **Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

      **a.**    Hidden finance charges resulting from pass-on of discounts on auto purchases. Walker v. Wallace Auto Sales, Inc., 155 F.3d 927, 1998 U.S. App. LEXIS 22663 (7th Cir. 1998).

      **b.**    Misrepresentation of amounts disbursed for extended warranties. Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 1998 U.S.App. LEXIS 16434 (7th Cir. 1998); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); Slawson v. Currie Motors Lincoln Mercury, Inc., 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 5, 1995); Cirone-Shadow v. Union Nissan, Inc., 1995 U.S.Dist. LEXIS 1379 (N.D.Ill., Feb. 3, 1995), later opinion, 1995 U.S.Dist. LEXIS 5232 (N.D.Ill., April 20, 1995) (same); Chandler v. Southwest Jeep-Eagle, Inc., 1995 U.S. Dist. LEXIS 8212 (N.D.Ill., June 8, 1995); Shields v. Lefta, Inc., 1995 U.S.Dist. LEXIS 7807 (N.D.Ill., June 5, 1995).

      **c.**    Spot delivery. Janikowski v. Lynch Ford, Inc., 1999 U.S. Dist. LEXIS 3524 (N.D.Ill., March 11, 1999); Diaz v. Westgate Lincoln Mercury, Inc., 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. 1994); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

      **d.**    Force placed insurance. Bermudez v. First of America Bank Champion, N.A., 860 F.Supp. 580 (N.D.Ill. 1994); Travis v. Boulevard Bank, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill., 1995); Moore v. Fidelity Financial Services, Inc., 884 F. Supp. 288 (N.D.Ill. 1995).

      **e.**    Improper obligation of cosigners. Lee v. Nationwide Cassell, 174 Ill.2d 540, 675 N.E.2d 599 (1996); Taylor v. Trans Acceptance Corp., 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995).

      **f.**    Evasion of FTC holder rule. Brown v. LaSalle Northwest Nat'l Bank, 148 F.R.D. 584 (N.D.Ill. 1993), 820 F.Supp. 1078 (N.D.Ill. 1993), and 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

**16.**     These cases also had a substantial effect on industry practices. The warranty cases, such as <u>Grimaldi</u>, <u>Gibson</u>, <u>Slawson</u>, <u>Cirone-Shadow</u>, <u>Chandler</u>, and <u>Shields</u>, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

**17.     Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, mostly as class actions. <u>Livingston v. Fast Cash USA, Inc.</u>, 753 N.E.2d 572 (Ind. Sup. Ct. 2001);  <u>Williams v. Chartwell Fin. Servs.</u>, 204 F.3d 748 (7th Cir. 2000); <u>Parker v. 1-800 Bar None, a Financial Corp., Inc.</u>, 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb 12, 2002); <u>Gilkey v. Central Clearing Co.</u>, 202 F.R.D. 515 (E.D.Mich. 2001);  <u>Van Jackson v. Check 'N Go of Ill., Inc.</u>, 114 F.Supp.2d 731 (N.D.Ill. 2000), later opinion, 193 F.R.D. 544 (N.D.Ill. 2000), 123 F.Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F.Supp. 2d 1085 (N.D.Ill. 2000); <u>Henry v. Cash Today, Inc.</u>, 199 F.R.D. 566 (S.D.Tex. 2000); <u>Donnelly v. Illini Cash Advance, Inc.</u>, 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); <u>Jones v. Kunin</u>, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); <u>Davis v. Cash for Payday</u>, 193 F.R.D. 518 (N.D.Ill. 2000); <u>Reese v. Hammer Fin. Corp.</u>, 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); <u>Pinkett v. Moolah Loan Co.</u>, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); <u>Gutierrez v. Devon Fin. Servs.</u>, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); <u>Vance v. National Benefit Ass'n</u>, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

**18.     Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

        **a.**     Phony nonfiling insurance. <u>Edwards v. Your Credit Inc.</u>, 148 F.3d 427, 1998 U.S. App. LEXIS 16818 (5th Cir. 1998); <u>Adams v. Plaza Finance Co.</u>, 1999 U.S. App. LEXIS 1052 (7th Cir., January 27, 1999); <u>Johnson v. Aronson Furniture Co.</u>, 1997 U.S. Dist. LEXIS 3979 (N.D. Ill., March 31, 1997).

        **b.**     The McCarran Ferguson Act exemption. <u>Autry v. Northwest Premium Services, Inc.</u>, 144 F.3d 1037, 1998 U.S. App. LEXIS 9564 (7th Cir. 1998).

        **c.**     Loan flipping. <u>Emery v. American General</u>, 71 F.3d 1343 (7th Cir. 1995). <u>Emery</u> limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

        **d.**     Home improvement financing practices. <u>Fidelity Financial Services, Inc. v. Hicks</u>, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; <u>Heastie v. Community Bank of Greater Peoria</u>, 690

F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990). Heastie granted certification of a class of over 6,000 in a home improvement fraud case.

        **e.**    Arbitration clauses. Wrightson v. ITT Financial Services, 617 So.2d 334 (Fla. 1st DCA 1993).

        **f.**    Insurance packing. Elliott v. ITT Corp., 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

        **19.**    **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include Lundquist v. Security Pacific Automotive Financial Services Corp., Civ. No. 5:91-754 (TGFD) (D.Conn.), aff'd, 993 F.2d 11 (2d Cir. 1993); Kedziora v. Citicorp Nat'l Services, Inc., 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); Johnson v. Steven Sims Subaru and Subaru Leasing, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); McCarthy v. PNC Credit Corp., 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); Kinsella v. Midland Credit Mgmt., Inc., 1992 U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D.Ill. 1992); Highsmith v. Chrysler Credit Corp., 18 F.3d 434 (7th Cir. 1994); Black v. Mitsubishi Motors Credit of America, Inc., 1994 U.S.Dist. LEXIS 11158 (N.D.Ill., August 10, 1994); Simon v. World Omni Leasing Inc., 146 F.R.D. 197 (S.D.Ala. 1992). Settlements in such cases include Shepherd v. Volvo Finance North America, Inc., 1-93-CV-971 (N.D.Ga.)($8 million benefit); McCarthy v. PNC Credit Corp., 291 CV 00854 PCD (D.Conn.); Lynch Leasing Co. v. Moore, 90 CH 876 (Circuit Court of Cook County, Illinois) (class in auto lease case was certified for litigation purposes, partial summary judgment was entered, and case was then settled); Blank v. Nissan Motor Acceptance Corp., 91 L 8516 (Circuit Court of Cook County, Illinois); Mortimer v. Toyota Motor Credit Co., 91 L 18043 (Circuit Court of Cook County, Illinois); Duffy v. Security Pacific Automotive Financial Services, Inc., 93-729 IEG (BTM) (S.D.Cal., April 28, 1994).

        **20.**    Lundquist and Highsmith are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the Lundquist case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

        **21.**    **Collection practices:** The firm has brought a number of cases under the Fair Debt Collection Practices Act, both class and individual. Decisions in these cases include: Jenkins v. Heintz, 25 F.3d 536 (7th Cir. 1994), aff'd 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); Johnson v. Revenue Management Corp., 169 F.3d 1057, 1999 U.S. App. LEXIS 3142 (7th Cir. 1999); Keele v. Wexler & Wexler, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. 1995) (merits), aff'd, 149 F.3d 589, 1998

U.S.App. LEXIS 15029 (7th Cir. 1998); Mace v. Van Ru Credit Corp., 109 F.3d 338, 1997
U.S.App. LEXIS 5000 (7th Cir., Mar. 17, 1997); Maguire v. Citicorp Retail Services, Inc., 147
F.3d 232, 1998 U.S.App. LEXIS 16112 (2d Cir. 1998); Young v. Citicorp Retail Services, Inc.,
1998 U.S.App. LEXIS 20268 (2d Cir. 1998); Charles v. Lundgren & Assocs., P.C., 119 F.3d
739, 1997 U.S. App. LEXIS 16786 (9th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996),
aff'g Avila v. Van Ru Credit Corp., 1995 U.S.Dist. LEXIS 461 (N.D.Ill., Jan. 10, 1995), later
opinion, 1995 U.S.Dist. LEXIS 1502 (N.D.Ill., Feb. 6, 1995), later opinion, 1995 U.S.Dist.
LEXIS 17117 (N.D.Ill., Nov. 14, 1995);  Tolentino v. Friedman, 833 F.Supp. 697 (N.D.Ill.
1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); Blakemore v. Pekay, 895
F.Supp.972 (N.D.Ill. 1995); Oglesby v. Rotche, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 4,
1993), later opinion, 1994 U.S.Dist. LEXIS 4866 (N.D.Ill., April 15, 1994); Laws v. Cheslock,
1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999);Davis v. Commercial Check Control, Inc.,
1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); Hoffman v. Partners in Collections, Inc.,
1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); Vaughn v. CSC Credit Services, Inc.,
1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 U.S.Dist. LEXIS 1358
(N.D.Ill., Feb. 3, 1995); Beasley v. Blatt, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 14, 1994);
Taylor v. Fink, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); Gordon v. Fink, 1995
U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); Brujis v. Shaw, 876 F.Supp. 198 (N.D.Ill. 1995).
Settlements in such cases include Boddie v. Meyer, 93 C 2975 (N.D.Ill.); and Cramer v. First of
America Bank Corporation, 93 C 3189 (N.D.Ill.).

22.    Jenkins v. Heintz is a leading decision regarding the liability of attorneys
under the Fair Debt Collection Practices Act. I argued it before the Supreme Court and Seventh
Circuit. Avila v. Rubin is a leading decision on phony "attorney letters."

23.    **Fair Credit Reporting Act:** The firm has filed numerous cases under the
Fair Credit Reporting Act, primarily as class actions, alleging that lenders and automotive
dealers, among others, improperly accessed consumers' credit information, without their consent
and without having a purpose for doing so permitted by the FCRA. Important decisions in this
area include: Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004), Murray v. GMAC Mortgage
Corp., 434 F.3d 948 (7th Cir. 2006); Perry v. First National Bank, 459 F.3d 816 (7th Cir. 2006);
Murray v. Sunrise Chevrolet, Inc., 441 F. Supp.2d 940 (N.D. Ill. 2006); Kudlicki v. Capital One
Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81103 (N.D. Ill., Nov. 2, 2006); Thomas v. Capital
One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81358 (N.D. Ill., Oct. 24, 2006); Pavone v. Aegis
Lending Corp., 2006 U.S. Dist. LEXIS 62157 (N.D. Ill., Aug. 31, 2006); Murray v. E*Trade
Financial Corp., 2006 U.S. Dist. LEXIS 53945 (N.D. Ill., July 19, 2006); Bonner v. Home 123
Corp., 2006 U.S. Dist. LEXIS 37922 (N.D. Ind., May 25, 2006); Murray v. Sunrise Chevrolet ,
Inc., 2006 U.S. Dist. LEXIS 19626 (N.D. Ill., Mar. 30, 2006); and Murray v. Finance America,
LLC, 2006 U.S. Dist. LEXIS 7349 (N.D. Ill., Jan 5, 2006).

24.    **Class action procedure:** Important decisions include Crawford v.
Equifax Payment Services, Inc., 201 F.3d 877 (7th Cir. 2000); Blair v. Equifax Check Services,
Inc., 181 F.3d 832 (7th Cir. 1999); Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir.

1997); and <u>Gordon v. Boden</u>, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

      **25.**    **Landlord-tenant:** The firm has brought a number of class actions against landlords for failing to pay interest on security deposits or commingling security deposits.

      **26.**    Some of the other reported decisions in our cases include: <u>Elder v. Coronet Ins. Co.</u>, 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); <u>Smith v. Keycorp Mtge., Inc.</u>, 151 Bankr. 870 (N.D.Ill. 1992); <u>Gordon v. Boden</u>, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); <u>Armstrong v. Edelson</u>, 718 F.Supp. 1372 (N.D.Ill. 1989); <u>Newman v. 1st 1440 Investment, Inc.</u>, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. 1993); <u>Mountain States Tel. & Tel. Co. v. District Court</u>, 778 P.2d 667 (Colo. 1989); <u>Disher v. Fulgoni</u>, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); <u>Harman v. Lyphomed, Inc.</u>, 122 F.R.D. 522 (N.D.Ill. 1988); <u>Haslam v. Lefta, Inc.</u>, 1992 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); <u>Source One Mortgage Services Corp. v. Jones</u>, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994).

      **27.**    <u>Gordon v. Boden</u> is the first decision approving "fluid recovery" in an Illinois class action. <u>Elder v. Coronet Insurance</u> held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

      **28.**    The majority of our practice is contingent fee litigation on the plaintiff's side. We I regularly represent plaintiffs in contingent fee cases in Federal Court in Illinois and Indiana, and in Illinois state courts. We frequently work with other plaintiff's lawyers who handle cases on a contingent fee basis. We are generally familiar with the range of contingent fee percentages charged by plaintiff's lawyers.

      **29.**    The hourly rates for the attorneys set forth below, are the same as the regular current rates charged for their services in other contingent matters in class action litigation. They are also consistent with fees charged to occasional paying clients. The firm adjusts them annually to account for inflation and increasing experience and they are consistent with the rates charged by attorneys of comparable experience and expertise in the Chicago area. The rates listed and used in this case represent rates previously approved in a number of cases plus an annual adjustment.

      **30.**    Examples of the approval of counsel's rates include:

      **a.**    Rates of $385 for Daniel A. Edelman, Cathleen M. Combs and James O. Latturner, $190 for Thomas Soule, and $100-$105 for legal assistants were approved in <u>Smith v. American Revenue Corp.</u>, 2:04-cv-199-PRC (N.D.Ind., Oct. 24, 2005).

      **b.**    Rates of $425 for James O. Latturner, $190/ hour for Alex Burke were approved in <u>Schulz v. Oxford Management</u>, 05 C 3133 (N.D.Ill., Oct. 21, 2005), by Judge Leinenweber. His order is attached as <u>Exhibit A</u>.

**c.**      Rates of $400/hour for Daniel A. Edelman, Cathleen M. Combs and James O. Latturner, a rate of $335/hour for Tara L. Goodwin, and a rate of $190/hour for Francis R. Greene, were approved by Judge Darrah in <u>Levin v. Kluever & Platt LLC</u>, No. 03 C 2160 (N.D.Ill September 15, 2004)(Darrah, J.). A transcript is attached as <u>Exhibit B</u>.

**d.**      Rates of $370/hour for Daniel A. Edelman and James O. Latturner, and a rate of $210/hour for Michelle R. Teggelaar, were approved by Judge Holderman in <u>Payton v. New Century Mortgage Co.</u>, 2004 WL 524693 (N.D. Ill. 2004).

**e.**      Rates of $360/hour for Daniel A. Edelman, Cathleen M. Combs, and James O. Latturner, a rate of $310 for Tara L. Goodwin, and a rate of $200/hour for Michelle R. Teggelaar, were approved by Judge Lefkow in <u>Johnson v. Fast Cash Advance, Inc.</u>, No. 00 C 1875 (United States District Court, Northern District of Illinois, February 25, 2003).

**f.**      Rates of $350/hour for Daniel A. Edelman, Cathleen M. Combs, and James O. Latturner, a rate of $300/hour for Tara L. Goodwin, and a rate of $200/hour for Michelle R. Teggelaar and Keith J. Keogh, were approved by Judge Billik in <u>Rentas v. Vacation Break U.S.A.</u>, No. 98 CH 02782 (Circuit Court of Cook County, May 9, 2002).

**g.**      Rates of $300/hour were approved by Judge Kennelly for Daniel A. Edelman and James O. Latturner, and a rate of $275/hour for Cathleen M. Combs in <u>Hobson v. Lincoln Insurance Agency, Inc.</u>, 2002 WL 338161 (N.D. Ill. 2002). Judge Kennelly also approved rates of $150/hour for associates James S. Harkness and Charles H. Lee and $135/hour for associate Francis R. Greene.

**h.**      Rates of $275 were approved by the Seventh Circuit Court of Appeals in <u>Tolentino v. Friedman</u>, 46 F.3d 645 (1995) for Mr. Edelman.

**i.**      Rates of $330 for Mr. Edelman and $170 for Charles H. Lee were approved in <u>Clay v. Johnson</u>, 97 C 6007 (N.D.Ill.), for work done in 1997-1999.

**(1)**      $330/ hour for Mr. Edelman and Mr. Latturner were approved by Judge Boharic in <u>Johnson v. Thomas</u>, 97 CH 10793 (Cir. Ct. Cook Co., April 24, 2001), a mortgage foreclosure action in which the borrower successfully prosecuted a Truth in Lending counterclaim through trial and rescinded the mortgage.

**(2)**      Rates were approved in <u>Avila v. Van Ru Credit Corp.</u>, 1995 U.S. Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995), <u>aff'd</u>, 84 F.3d 222 (7th Cir. 1996), as follows: Daniel A. Edelman, $275.00; Cathleen M. Combs, $235.00; James O. Latturner, $275.00.

**(3)**      Edelman, Combs & Latturner was paid in excess of $25,000 by an estate in connection with a usury case using the same rates as were approved in <u>Avila</u>. <u>Stob v.</u>

11

F.G.L.M. Enterprises, 91 L 17357 (Cir.Ct. of Cook County).  All of our bills were reviewed by principal counsel for the estate, who hired us, and found unobjectionable.

      **31.**    In determining the rates charged by the firm charges and requests, Counsel consults surveys of rates charged by other Chicago law firms.  Such surveys have been relied upon by courts in awarding fees.  E.g., FDIC v. Morris, 1992 U.S. Dist. LEXIS 9439 (N.D. Ill., June 29, 1992); Alliance to End Repression v. City of Chicago, 1993 U.S. Dist. LEXIS 1972 (N.D. Ill., Feb. 22, 1993).

      **32.**    I am reasonably confident that the rates are accurate, based on my personal knowledge of large firm rates when I was at Kirkland & Ellis and Reuben & Proctor, my general awareness of rates in the legal community, court awards, negotiations with defendants, and discussions with other attorneys.

      **33.**    The rates we used are also consistent with fee awards by courts in this or other comparable areas for comparable work:

      **a.**    For example, in Covington v. District of Columbia, 839 F. Supp. 894 (D.D.C., December 13, 1993), Judge Lamberth found, on the basis of court-approved surveys of rates in the Washington, D.C., area, that it was appropriate to award $260 per hour to attorneys with between 11 and 19 years experience for the time period 1992-93.  He further found that it was appropriate to have an annual increment of $10 per year or, alternatively, to multiply by 103.4% in accordance with the Consumer Price Index (the result is approximately the same).  He also noted that it had been relied upon by six other District Judges in the District of Columbia and the Court of Appeals for the District of Columbia Circuit.  Judge Lamberth awarded current rates for all work done in the past, in lieu of making the award at the then-current rate and awarding interest on it.

      **b.**    The figures used in the Covington case have been updated each year by the office of the U. S. Attorney for the District of Columbia.  The updated figures (through 2006) are in the chart attached as Exhibit C, available on the Internet site of the U. S Attorney's office ("Laffey Matrix", after Laffey v. Northwest Airlines, Inc., 572 F.Supp. 354 (D.D.C. 1983).

      **c.**    The use of the Laffey Matrix has been either expressly or implicitly approved by the courts in the Northern District and within the Seventh Circuit, at a minimum as a guide for adjusting attorney fee rates based on experience and cost of living increases. See Arch v. Glendale Nissan, 2005 WL 1421140, *1 (N.D. Ill. 2005); Samuel v. Barnhart, 316 F.Supp.2d 768, 781-82 (E.D. Wis. 2004); Sadler v. Barnhart, 2004 WL 419908, *3 (N.D. Ill. 2004); Covington-McIntosh v. Mount Glenwood Memory Gardens South, Inc., 2004 WL 2700482, *4 (N.D. Ill. 2004); Embry v. Barnhart, 2003 WL 22478769, *2 (N.D. Ill. 2003). See also In re HPL Technologies, Inc. Securities Litigation, 366 F.Supp.2d 912, 921 (N.D. Call. 2005) (adjusting the Laffey Matrix rates higher, to account for a higher cost of living in the San Francisco Bay area).

     **d.**    The last case is instructive insofar it shows that the Laffey Matrix\ is applicable to the Chicago area. As explained in <u>HPL Technologies</u>, one must compare market rates to comparable market rates. The issue becomes, whether market rates in the D.C. area, which, in part, are based on the cost of living, are comparable to the market rates in Chicago. Based on the locality pay differentials within the federal courts, which may be found at <u>http://www.opm.gov/oca/05tables/indexGS.asp</u> (Office of Personnel Management webpage), the court in <u>HPL Technologies</u> increased the rates for the San Francisco by 9%, because the locality pay differentials were +15.98% for the Washington-Baltimore area, and +26.39% for the San Francisco-Oakland-San Jose area.

     **e.**    The locality pay differential for Chicago is +19.70%, versus +15.98% for the D.C. area. See **Exhibits D and E** (relevant pages from the Office of Personnel Management locality pay differentials). Thus, to account for a higher cost of living in Chicago, as compared to Washington, D.C., the Laffey Matrix rates should be adjusted upward 4%.

     **f.**    In <u>Alliance to End Repression v. City of Chicago</u>, 1993 U.S.Dist. LEXIS 1972 (N.D.Ill., Feb. 22, 1993), then-Magistrate Judge Gottschall approved rates for experienced litigators in a civil rights case of $225 in 1991 and $250 in 1992.

     **g.**    In <u>Lewis v. General Employment Enterprises, Inc.</u>, 1992 U.S.Dist. LEXIS 5464 (N.D.Ill., April 14, 1992), Judge Rovner approved rates for experienced litigators of $195, $200 and $300 for work done in 1991-92, in a case that was "not particularly difficult or risky".

     **h.**    In <u>Spicer v. Chicago Board Options Exchange</u>, 844 F.Supp. 122 (N.D.Ill. 1993), Judge Will found appropriate rates of $275 and $240 to the partners in a small firm with a practice somewhat comparable to our own, $100-120 for junior associates, $140 and $150 for associates with some experience, and $65 and $70 for legal assistants.

     **34.**    The usual rates which I and the others in my firm charge fee-paying clients are as follows:

     **a.**    Daniel Edelman, Cathleen Combs, and James Latturner (partners): $550 an hour;

     **b.**    Tara Goodwin (partner): $450 an hour;

     **c.**    Michelle R. Teggelaar (partner): $400 an hour;

     **d.**    Associates: $190-280 an hour (based on experience); and

     **e.**    Paralegals: $100-$120 an hour (based upon experience).

**35.**    All attorneys and legal assistants in my firm are required to and do in fact keep track of their time on a contemporaneous basis, on computer. Everyone enters their time into a computer program, by case number. The computer system automatically sorts the entries by case and generates totals. Expenses are entered into the same computer program as they are incurred. The printouts for this case are attached as <u>Exhibit F</u>.

_____
Daniel A. Edelman

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

K:\general\daefee declaration with associates 12 20 05 wpd

14

# EXHIBIT A

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 3133 | **DATE** | October 21, 2005 |
| **CASE TITLE** | Daniel Schultz vs. Oxford Mgmt. Servs., Inc. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's Motion for Attorneys' Fees and Costs [14-1] is **granted**.  The Court awards Plaintiff $2427.07, which includes $2108.00 in attorneys' fees and $319.07 in costs.

■[ For further details see text below ]                                    Docketing to mail notices

---

### STATEMENT

On July 12, 2005, the Court entered judgment in favor of Plaintiff pursuant to Defendant's Rule 68 Offer of Judgment in this Fair Debt Collection Practices Act ("FDCPA") case.  Thereafter, the parties engaged in discussions to determine the amount of Plaintiff's reasonable attorneys' fees and costs.  The discussions broke down over a few discrete points of contention -- such as $9.07 in postage and $40.00 for a process server -- and Plaintiff filed the present Motion for Attorneys' Fees and Costs on August 31, 2005.  The Court gave Defendant until September 28, 20005 to respond to Plaintiff's motion [16-1].  Defendant failed to file a response or other objection.  For the following reasons, Plaintiff's motion is **granted**.

District courts have discretion in determining to what extent prevailing parties may be awarded costs.  *See Weeks v. Samsung Heavy*

Case 1:05-cv-03133    Document 17    Filed 10/21/2005    Page 2 of 3

## STATEMENT

*Indus. Co., Ltd.,* 126 F.3d 926, 945 (7th Cir. 1997) (citing 28 U.S.C. §
1920; Fed. R. Civ. P. 54(d)). Under the FDCPA, a prevailing party is
also entitled to reasonable attorney's fees as part of costs. *Zagorski
v. Midwest Billing Servs., Inc.,* 128 F.3d 1164, 1165-66 (7th Cir. 1997)
(citing 15 U.S.C. § 1692k(a)(3); 42 U.S.C. § 1988(b)). For Plaintiff to
recover its costs, the Court must find that the expenses are reasonable.
*See Deimer v. Cincinnati Sub-Zero Products, Inc.,* 58 F.3d 341, 345 (7th
Cir. 1995).

Plaintiff seeks $2108.00 in attorneys' fees and $319.07 in costs.
These fees and costs include the time spent on the case prior to the
Court's entry of judgment and the additional time spent negotiating and
filing the present motion for fees and costs. The Court finds the
request for fees and costs wholly reasonable in light of Plaintiff's
demonstrated good faith attempts to come to an agreement over the
appropriate amount for fees and costs. (*See* Mtn., Exhs.) Plaintiff's
fee request is reasonable both in the time frame and hourly rate, which
was calculated using the accepted "lodestar" method. (*Id.,* Appx. A).
The costs are reasonable both in content and in scope, which is limited
to only reimbursement requests for the time frame prior to the Court's
entry of judgment.

Defendant's unwillingness to come to an agreement because of their
objections over postage, process server, and photocopying charges
totaling less than $100.00 is patently unreasonable. Plaintiff even
offered to cut their photocopying charges by more than half, from $43.54
to $20.00, and informed Defendant that if the parties could not reach an
agreement, then Plaintiff would seek additional fees for time spent on

## STATEMENT

the present motion.  (*Id.*, Exh. B).  Further, Defendant's suggestion during the negotiations "that the Court should refuse to award any costs because the complaint was frivolous" is wholly unwarranted and contradicts Defendant's Offer of Judgment to pay reasonable fees and costs.  (*Id.* ¶ 9 & Exh. B).

Accordingly, the Court **grants** Plaintiff's motion and awards Plaintiff $2427.07, which includes $2108.00 in attorneys' fees and $319.07 in costs (which discounts the photocopying charges by more than half, from $341.32 to $319.17 total costs).

# EXHIBIT B

1

| | |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| | FOR THE NORTHERN DISTRICT OF ILLINOIS |
| 2 | EASTERN DIVISION |

ALLEN LEVIN,                              ) No. 03 C 2160
                                         )
                    Plaintiff,           ) Chicago, Illinois
                                         ) September 15, 2004
        v.                               ) 9:45 a.m.
                                         )
KLUEVER & PLATT, LLC,                    ) Fairness Hearing
                                         )
                    Defendant.           )
                                         )
                                         )

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JOHN W. DARRAH

APPEARANCES:

For the Plaintiff:      EDELMAN, COMBS, LATTURNER
                        & GOODWIN, LLC, by
                        MR. FRANCIS RICHARD GREENE
                        120 South LaSalle Street - 18th Floor
                        Chicago, Illinois 60603

For the Defendant:      HINSHAW & CULBERTSON, by
                        MR. DAVID MATTHEW SCHULTZ
                        222 North LaSalle Street - Suite 300
                        Chicago, Illinois 60601


                Valarie Harris Ramsey - Official Court Reporter
                    219 South Dearborn Street - Room 1212
                        Chicago, Illinois 60604
                            (312) 435-6891

1           THE CLERK:  03 C 2160, Levin versus Kluever & Platt.

2           MR. GREENE:  Good morning, Your Honor.  Francis

3    Greene for the plaintiff.

4           THE COURT:  Good morning, Mr. Greene.

5           MR. SCHULTZ:  David Schultz for defendant.

6           THE COURT:  Good morning, Mr. Schultz.

7           I'm sorry for the delay, counsel.

8           I had looked at this.  I reviewed the -- I read the

9    memorandum in support of the settlement agreement.  I looked

10   at the settlement agreement itself.  And you've also attached

11   a proposed order and additional material supporting the prayed

12   for relief as to attorney's fees and the like.

13          The final order I find is fair and reasonable, and I

14   find that the appropriate notice has been provided.  I find

15   that the class is appropriate pursuant to Rule 23.  I will

16   approve the terms and conditions of the settlement agreement,

17   and I find that the agreement was made in good faith and is a

18   fair resolution of the dispute between the parties.

19          Specifically as to the issue of attorney's fees, I

20   find that the amount prayed for, that's $19,500, is fairly

21   supported by the material attached in support of the prayer

22   for fees.  I find that the amount of fees as well as the

23   proposed hourly rate is fair and reasonable and is consistent

24   with a matter of this nature in this community.  And,

25   therefore, I will enter an order of final approval.

1         You've prepared a proposed order and attached it to

2   an exhibit.  Shall I just use this order, or do you have a

3   clean one?

4         MR. GREENE:  There are actually kind of two small

5   points that Your Honor needs to decide and then -- because the

6   final order that I submitted kind of gives two different

7   options.  One issue is we -- under the settlement agreement,

8   Mr. Levin, the plaintiff, is going to get a thousand dollars.

9   We've asked for an additional 500 hundred dollars for his

10   services as a class representative.

11         THE COURT:  I see.  And I'm going to award 1500.

12   I'll award the additional 500.

13         MR. SCHULTZ:  Can I comment to that, Your Honor?

14         THE COURT:  Sure.  Lets hear an argument on $500.  Go

15   ahead.  No, go ahead.

16         MR. SCHULTZ:  Either the class will get 6,000 or will

17   get 5500, so it's taking something from the class, and the

18   statute says that what the court can award is a thousand, 69

19   2K.

20         THE COURT:  Is that right, Mr. Greene, that I don't

21   have the authority to award in excess of a thousand?

22         MR. GREENE:  For his statutory damages.

23         THE COURT:  What's the authority, then, for the

24   additional 500 bucks?

25         MR. GREENE:  The authority is this is just something

4

1 | that's done, I mean.

2 |     THE COURT:  Then I will amend what I said a moment

3 | ago and award one thousand dollars.

4 |     What's the other difficulty in the order?

5 |     MR. GREENE:  259 claim forms were received on a

6 | timely basis.  There were 21 that were received after the due

7 | date, and we're requesting that those 21 claim forms that were

8 | received that were untimely be deemed timely and that they --

9 |     THE COURT:  Any objection to that?

10 |     MR. SCHULTZ:  No objection.

11 |     THE COURT:  I think that's fair and will deem the

12 | additional 21 claims to be deemed as having been received in a

13 | timely fashion.

14 |     MR. GREENE:  In light of Your Honor's rulings, maybe

15 | what I'll do is just bring a revised order later in the day.

16 |     THE COURT:  Okay.  Thanks.

17 |     MR. GREENE:  Thank you.

18 |     MR. SCHULTZ:  Thank you.

19 |     *   *   *   *   *   *   *

20 |     C E R T I F I C A T E

21 |

22 |     I hereby certify that the foregoing is a true and

23 | correct transcript of the above-entitled matter.

24 |

25 | _____        _____

Official Court Reporter                          Date

# EXHIBIT C

Civil Division - United States Attorney's Office for the District of Columbia                Page 1 of 2



## UNITED STATES ATTORNEY'S OFFICE
### FOR THE DISTRICT OF COLUMBIA
555 4TH STREET, NW
WASHINGTON, DC 20530
(202) 514-7566

HOME

U.S. ATTORNEY

ABOUT US

DIVISIONS

COMMUNITY
PROSECUTION

PROGRAMS
FOR YOUTH

VICTIM WITNESS
ASSISTANCE

PARTNERSHIPS

PRESS RELEASES

EMPLOYMENT

ESPAÑOL

CONTACT US

LINKS

SITE MAP

## LAFFEY MATRIX 2003 - 2006

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 03-04 | 04-05 | 05-06 |
|---|---|---|---|
| 20+ years | 380 | 390 | 405 |
| 11-19 years | 335 | 345 | 360 |
| 8-10 years | 270 | 280 | 290 |
| 4-7 years | 220 | 225 | 235 |
| 1-3 years | 180 | 185 | 195 |
| Paralegals & | 105 | 110 | 115 |
| Law Clerks | | | |

### Explanatory Notes

1   This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees  See, e g , 42 U S.C  § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U S C  § 552(a)(4)(E) (Freedom of Information Act); 28 U S.C  § 2412 (b) (Equal Access to Justice Act)  The matrix does not apply in cases in which the hourly rate is limited by statute  See 28 U S C  § 2412(d)

2   This matrix is based on the hourly rates allowed by the District Court in *Laffey v  Northwest Airlines, Inc* , 572 F  Supp  354 (D D C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F 2d 4 (D C  Cir  1984), *cert  denied*, 472 U S  1021 (1985)  It is commonly referred to by attorneys and federal judges in the District of Columbia as the "Laffey Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school  The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more)  See *Laffey*, 572 F  Supp  at 371

3   The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82. The Matrix begins with those rates  See *Laffey*, 572 F  Supp  at 371 (attorney rates) & 386 n 74 (paralegal and law clerk rate)  The rates for subsequent yearly periods are determined by adding the change in the cost of living for the Washington, D C  area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5)  The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant  Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year

4   Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v  Hodel*, 857 F 2d 1516, 1525 (D C  Cir  1988) (en banc)  The Court o

Civil Division - United States Attorney's Office for the District of Columbia    Page 2 of 2



Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area  See *Covington v. District of Columbia*, 57 F 3d 1101, 1105 & n 14, 1109 (D C  Cir  1995), *cert. denied*, 516 U S. 1115 (1996)  Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable  *See, e g , Blackman v  District of Columbia*, 59 F  Supp  2d 37, 43 (D.D C  1999); *Jefferson v  Milvets System Technology, Inc.*, 986 F Supp  6, 11 (D D C  1997); *Ralph Hoar & Associates v  Nat'l Highway Transportation Safety Admin*, 985 F. Supp  1, 9-10 n 3 (D D C  1997); *Martini v. Fed  Nat'l Mtg Ass'n*, 977 F  Supp 482, 485 n 2 (D D C  1997); *Park v  Howard University*, 881 F  Supp  653, 654 (D D C  1995)

Home  |  DOJ  |  EOUSA  |  DOJ For Kids  |  Privacy Policy

# EXHIBIT D

SALARY TABLE 2005-CHI
INCORPORATING THE 2.50% GENERAL SCHEDULE INCREASE AND A LOCALITY PAYMENT OF 19.70%
FOR THE LOCALITY PAY AREA OF CHICAGO-NAPERVILLE-MICHIGAN CITY, IL-IN-WI
(TOTAL INCREASE: 3.75%)
(See http://www.opm.gov/oca/05tables/locdef.asp for definitions of locality pay areas.)
EFFECTIVE JANUARY 2005
Hourly Basic (B) Rates by Grade and Step
Hourly Overtime (O) Rates by Grade and Step

| GRADE | B/O | STEP 1 | STEP 2 | STEP 3 | STEP 4 | STEP 5 | STEP 6 | STEP 7 | STEP 8 | STEP 9 | STEP 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS-1 | B | 9.19 | 9.49 | 9.80 | 10.10 | 10.41 | 10.69 | 10.89 | 11.19 | 11.21 | 11.49 |
|  | O | 13.79 | 14.24 | 14.70 | 15.15 | 15.62 | 15.89 | 16.34 | 16.79 | 16.82 | 17.24 |
| 2 | B | 10.33 | 10.57 | 10.92 | 11.21 | 11.33 | 11.66 | 12.00 | 12.33 | 12.66 | 13.00 |
|  | O | 15.50 | 15.86 | 16.39 | 16.82 | 17.00 | 17.49 | 18.00 | 18.50 | 18.99 | 19.50 |
| 3 | B | 11.27 | 11.64 | 12.02 | 12.40 | 12.77 | 13.15 | 13.52 | 13.90 | 14.27 | 14.65 |
|  | O | 16.91 | 17.46 | 18.03 | 18.60 | 19.16 | 19.73 | 20.28 | 20.85 | 21.41 | 21.98 |
| 4 | B | 12.65 | 13.07 | 13.49 | 13.91 | 14.34 | 14.76 | 15.18 | 15.60 | 16.02 | 16.44 |
|  | O | 18.98 | 19.61 | 20.24 | 20.87 | 21.51 | 22.14 | 22.77 | 23.40 | 24.03 | 24.66 |
| 5 | B | 14.15 | 14.63 | 15.10 | 15.57 | 16.04 | 16.51 | 16.99 | 17.46 | 17.93 | 18.40 |
|  | O | 21.23 | 21.95 | 22.65 | 23.36 | 24.06 | 24.77 | 25.49 | 26.19 | 26.90 | 27.60 |
| 6 | B | 15.78 | 16.30 | 16.83 | 17.35 | 17.88 | 18.41 | 18.93 | 19.46 | 19.99 | 20.51 |
|  | O | 23.67 | 24.45 | 25.25 | 26.03 | 26.82 | 27.62 | 28.40 | 29.19 | 29.97 | 30.77 |
| 7 | B | 17.53 | 18.12 | 18.70 | 19.29 | 19.87 | 20.45 | 21.04 | 21.62 | 22.21 | 22.79 |
|  | O | 26.30 | 27.18 | 28.05 | 28.94 | 29.81 | 30.68 | 31.56 | 32.43 | 33.32 | 34.19 |
| 8 | B | 19.42 | 20.06 | 20.71 | 21.36 | 22.00 | 22.65 | 23.30 | 23.94 | 24.59 | 25.24 |
|  | O | 29.13 | 30.09 | 31.07 | 32.04 | 33.00 | 33.98 | 34.95 | 35.43 | 35.43 | 35.43 |
| 9 | B | 21.46 | 22.16 | 22.87 | 23.59 | 24.30 | 25.02 | 25.73 | 26.45 | 27.16 | 27.88 |
|  | O | 32.18 | 33.24 | 34.31 | 35.39 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 |
| 10 | B | 23.62 | 24.40 | 25.19 | 25.98 | 26.77 | 27.55 | 28.34 | 29.13 | 29.92 | 30.70 |
|  | O | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 |
| 11 | B | 25.95 | 26.81 | 27.66 | 28.52 | 29.41 | 30.27 | 31.14 | 32.00 | 32.87 | 33.73 |
|  | O | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 |
| 12 | B | 31.10 | 32.14 | 33.17 | 34.21 | 35.24 | 36.28 | 37.32 | 38.35 | 39.39 | 40.43 |
|  | O | 35.43 | 35.43 | 35.43 | 35.43 | 35.43 | 36.28 | 37.32 | 38.35 | 39.39 | 40.43 |
| 13 | B | 36.98 | 38.21 | 39.45 | 40.68 | 41.91 | 43.14 | 44.38 | 45.61 | 46.84 | 48.07 |
|  | O | 36.98 | 38.21 | 39.45 | 40.68 | 41.91 | 43.14 | 44.38 | 45.61 | 46.84 | 48.07 |
| 14 | B | 43.70 | 45.16 | 46.61 | 48.07 | 49.53 | 50.98 | 52.44 | 53.90 | 55.36 | 56.81 |
|  | O | 43.70 | 45.16 | 46.61 | 48.07 | 49.53 | 50.98 | 52.44 | 53.90 | 55.36 | 56.81 |
| 15 | B | 51.40 | 53.12 | 54.83 | 56.55 | 58.26 | 59.97 | 61.69 | 63.40 | 65.11 | 66.83 |
|  | O | 51.40 | 53.12 | 54.83 | 56.55 | 58.26 | 59.97 | 61.69 | 63.40 | 65.11 | 66.83 |

NOTE: Locality rates of pay are basic pay only for certain purposes--see "Salary Tables for 2005" cover sheet.

# EXHIBIT E

## SALARY TABLE 2005-DCB

INCORPORATING THE 2.50% GENERAL SCHEDULE INCREASE AND A LOCALITY PAYMENT OF 15.98%
FOR THE LOCALITY PAY AREA OF WASHINGTON-BALTIMORE-NORTHERN VIRGINIA, DC-MD-PA-VA-WV
(See http://www.opm.gov/oca/05tables/locdef.asp for definitions of locality pay areas.)
(TOTAL INCREASE: 3.71%)
EFFECTIVE JANUARY 2005
Hourly Basic (B) Rates by Grade and Step
Hourly Overtime (O) Rates by Grade and Step

| GRADE | B/O | STEP 1 | STEP 2 | STEP 3 | STEP 4 | STEP 5 | STEP 6 | STEP 7 | STEP 8 | STEP 9 | STEP 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS-1 | B | 8.90 | 9.20 | 9.49 | 9.79 | 10.08 | 10.26 | 10.55 | 10.84 | 10.86 | 11.13 |
|  | O | 13.35 | 13.80 | 14.24 | 14.69 | 15.12 | 15.39 | 15.83 | 16.26 | 16.29 | 16.70 |
| 2 | B | 10.01 | 10.34 | 10.56 | 10.86 | 10.99 | 11.30 | 11.50 | 11.82 | 12.27 | 12.59 |
|  | O | 15.02 | 15.36 | 15.67 | 16.29 | 16.47 | 16.95 | 17.43 | 17.93 | 18.41 | 18.89 |
| 3 | B | 10.92 | 11.28 | 11.65 | 12.01 | 12.37 | 12.74 | 13.10 | 13.47 | 13.83 | 14.19 |
|  | O | 16.38 | 16.92 | 17.48 | 18.02 | 18.56 | 19.11 | 19.65 | 20.21 | 20.75 | 21.29 |
| 4 | B | 12.26 | 12.67 | 13.07 | 13.48 | 13.89 | 14.30 | 14.71 | 15.12 | 15.52 | 15.93 |
|  | O | 18.39 | 19.01 | 19.61 | 20.22 | 20.84 | 21.45 | 22.07 | 22.68 | 23.28 | 23.90 |
| 5 | B | 13.71 | 14.17 | 14.63 | 15.09 | 15.54 | 16.00 | 16.46 | 16.92 | 17.37 | 17.83 |
|  | O | 20.57 | 21.26 | 21.95 | 22.64 | 23.31 | 24.00 | 24.69 | 25.38 | 26.05 | 26.75 |
| 6 | B | 15.28 | 15.80 | 16.31 | 16.82 | 17.32 | 17.83 | 18.34 | 18.85 | 19.36 | 19.87 |
|  | O | 22.94 | 23.70 | 24.47 | 25.23 | 25.98 | 26.75 | 27.51 | 28.28 | 29.04 | 29.81 |
| 7 | B | 16.99 | 17.55 | 18.12 | 18.69 | 19.25 | 19.82 | 20.38 | 20.95 | 21.52 | 22.08 |
|  | O | 25.49 | 26.33 | 27.18 | 28.04 | 28.88 | 29.73 | 30.57 | 31.43 | 32.28 | 33.12 |
| 8 | B | 18.81 | 19.44 | 20.07 | 20.70 | 21.32 | 21.95 | 22.57 | 23.20 | 23.83 | 24.45 |
|  | O | 28.22 | 29.16 | 30.11 | 31.04 | 31.98 | 32.93 | 33.86 | 34.32 | 34.32 | 34.32 |
| 9 | B | 20.78 | 21.47 | 22.16 | 22.86 | 23.55 | 24.24 | 24.93 | 25.63 | 26.32 | 27.01 |
|  | O | 31.17 | 32.21 | 33.24 | 34.29 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 |
| 10 | B | 22.88 | 23.64 | 24.41 | 25.17 | 25.93 | 26.70 | 27.46 | 28.22 | 28.99 | 29.75 |
|  | O | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 |
| 11 | B | 25.14 | 25.98 | 26.82 | 27.65 | 28.49 | 29.33 | 30.17 | 31.01 | 31.84 | 32.68 |
|  | O | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 |
| 12 | B | 30.13 | 31.14 | 32.14 | 33.14 | 34.15 | 35.15 | 36.16 | 37.16 | 38.17 | 39.17 |
|  | O | 34.32 | 34.32 | 34.32 | 34.32 | 34.32 | 35.15 | 36.16 | 37.16 | 38.17 | 39.17 |
| 13 | B | 35.03 | 36.22 | 37.41 | 38.61 | 39.81 | 41.00 | 42.19 | 43.39 | 44.58 | 46.56 |
|  | O | 35.03 | 36.22 | 37.41 | 38.61 | 39.81 | 41.00 | 42.19 | 43.39 | 44.58 | 46.56 |
| 14 | B | 42.34 | 43.75 | 45.17 | 46.58 | 47.99 | 49.40 | 50.81 | 52.22 | 53.63 | 55.05 |
|  | O | 42.34 | 43.75 | 45.17 | 46.58 | 47.99 | 49.40 | 50.81 | 52.22 | 53.63 | 55.05 |
| 15 | B | 49.81 | 51.47 | 53.13 | 54.79 | 56.45 | 58.11 | 59.77 | 61.43 | 63.09 | 64.75 |
|  | O | 49.81 | 51.47 | 53.13 | 54.79 | 56.45 | 58.11 | 59.77 | 61.43 | 63.09 | 64.75 |

NOTE: Locality rates of pay are basic pay only for certain purposes—see "Salary Tables for 2005" cover sheet.

EXHIBIT F

Edelman, Combs, Latturner & Goodwin LLC
120 S. LaSalle St, 18th Floor
Chicago, IL 60603-3403

Date:   1/19/2007

Regarding:  SHERMAN FINANCIAL GROUP, LLC V JOYCE HENDER
Invoice No:  8

*Services Rendered*

| Date | Staff | Description | Hours | Rate | Charges |
|------|-------|-------------|-------|------|---------|
| 9/01/2004 | MRT | rev and assign | 0.10 | $310.00 | $31.00 |
| 10/06/2004 | FRG | checked SOL and docketed it | 0.10 | $250.00 | $25.00 |
| 2/02/2005 | JPM | research local rules - mass | 0.40 | $225.00 | $90.00 |
| 2/10/2005 | CMC | conf. FRG, HAP re: filing case | 0.20 | $550.00 | $110.00 |
| 2/10/2005 | FRG | t/c Chris LeFebvre re: filing case | 0.30 | $250.00 | $75.00 |
| 2/10/2005 | FRG | conf. HAP, CMC re: filing case | 0.20 | $250.00 | $50.00 |
| 2/10/2005 | HAK | conf. FRG, CMC re: filing case | 0.20 | $250.00 | $50.00 |
| 2/11/2005 | DAE | conf. FRG re: drafting complaint | 0.10 | $550.00 | $55.00 |
| 2/11/2005 | DAE | draft complaint | 2.00 | $480.00 | $960.00 |
| 2/11/2005 | FRG | conf. DAE re: drafting complaint | 0.10 | $280.00 | $28.00 |
| 2/11/2005 | FRG | tried to e-mail Lefebvre | 0.30 | $250.00 | $75.00 |
| 2/11/2005 | FRG | edited client letter | 0.30 | $250.00 | $75.00 |
| 2/11/2005 | FRG | conf. KP2 re: filing complaint | 0.10 | $250.00 | $25.00 |
| 2/11/2005 | FRG | letter to Lefebvre re: fees | 0.40 | $250.00 | $100.00 |
| 2/11/2005 | XKP2 | draft client letter, mail via ups, prep docs for review, copies | 0.50 | $100.00 | $50.00 |

Edelman, Combs, Latturner & Goodwin LLC

Page No.:   2

| 2/11/2005 | XKP2 | conf. FRG re: filing complaint | 0.10 | $100.00 | $10.00 |
|-----------|------|--------------------------------|------|---------|--------|
| 2/14/2005 | JOL | work on complaint; conf dae   OK | 0.40 | $480.00 | $192.00 |
| 2/15/2005 | FRG | t/c M  Burt; memo to DAE re: same | 0.50 | $250.00 | $125.00 |
| 2/15/2005 | XKP2 | conf with XSN re: filing complaint | 0.20 | $100.00 | $20.00 |
| 2/15/2005 | XSN | conf with KP2 re: filing complaint | 0.20 | $100.00 | $20.00 |
| 2/16/2005 | FRG | conf with JPM & SN | 0.20 | $280.00 | $56.00 |
| 2/16/2005 | JPM | conf with FRG & SN | 0.20 | $250.00 | $50.00 |
| 2/16/2005 | XSN | updating client info; conf with FRG & JPM | 0.40 | $100.00 | $40.00 |
| 2/16/2005 | XSN | preparing case for filing; corresp | 1.00 | $100.00 | $100.00 |
| 2/17/2005 | XSN | preparing complaint for filing | 1.00 | $100.00 | $100.00 |
| 2/18/2005 | XSN | preparing complaint for filing in Mass | 3.00 | $100.00 | $300.00 |
| 2/22/2005 | JPM | conf mrt re: consol of files | 0.60 | $250.00 | $150.00 |
| 2/22/2005 | MRT | conf jpm re: consol of files, memo to LS re: re-naming, designating files/assn jpm | 0.60 | $310.00 | $186.00 |
| 2/23/2005 | JPM | research, phone call to local counsel | 0.40 | $225.00 | $90.00 |
| 2/23/2005 | JPM | research | 0.20 | $225.00 | $45.00 |
| 2/24/2005 | JB | Confs JPM re: pro hac; call C  Lef; check request; prep let to C  Lef re: same; prep UPS; loc doc | 0.60 | $105.00 | $63.00 |
| 2/24/2005 | JPM | rev mt pro hace | 0.50 | $225.00 | $112.50 |
| 2/24/2005 | JPM | Confs JB re: pro hac | 0.20 | $250.00 | $50.00 |
| 3/01/2005 | JPM | rev pro hace mt | 0.10 | $225.00 | $22.50 |
| 3/03/2005 | XSN | docket: serving summons; serving local counsel with courtesy copies of initial filing | 2.00 | $100.00 | $200.00 |
| 3/04/2005 | XSN | serving summons | 0.70 | $100.00 | $70.00 |
| 3/09/2005 | XSN | corresp with co-counsel re: status of pro hac vice mtn | 0.10 | $100.00 | $10.00 |

| 3/10/2005 | XSN | checking on status of pro hac vice mtn | 0 80 | $100 00 | $80.00 |
| 3/14/2005 | DAE | conf w/ JPM re status | 0 10 | $550 00 | $55 00 |
| 3/14/2005 | JPM | conf DAE | 0 10 | $250 00 | $25 00 |
| 3/14/2005 | XSN | corresp with Lefebvre re. courtesy copies of initiating docs | 0 30 | $100 00 | $30.00 |
| 3/15/2005 | JPM | rev local rules re mtd resp | 0 10 | $225 00 | $22 50 |
| 3/21/2005 | JPM | resp to mtd and research | 2 80 | $225 00 | $630 00 |
| 3/21/2005 | XSN | checking on status of ECF registration | 0 50 | $100 00 | $50 00 |
| 3/22/2005 | JPM | draft resp to mtd and mt leave amend complt | 0.80 | $225.00 | $180.00 |
| 3/22/2005 | XSN | updating case info | 0 20 | $100 00 | $20 00 |
| 3/23/2005 | JPM | edit resp to mtd | 1 00 | $225 00 | $225 00 |
| 3/23/2005 | JPM | rev local rules re briefs | 0.40 | $225.00 | $90 00 |
| 3/24/2005 | JPM | edit resp mtd | 1 20 | $225 00 | $270.00 |
| 3/24/2005 | XSN | Filing P's Mtn for leave to File Am Complaint | 0 50 | $100 00 | $50.00 |
| 3/24/2005 | XSN | filing P's response to Sherman Def's Mtn to Dismiss | 2 50 | $100 00 | $250 00 |
| 3/25/2005 | XSN | filing executed summons for SA2GP and SA2LP | 0.40 | $100 00 | $40 00 |
| 3/29/2005 | XSN | docket | 0 10 | $100 00 | $10 00 |
| 3/29/2005 | XSN | filng executed summons | 0 40 | $100.00 | $40 00 |
| 4/01/2005 | JPM | research re mtd | 0.40 | $225.00 | $90.00 |
| 4/04/2005 | JPM | rev opp to am complt | 0 50 | $225 00 | $112 50 |
| 4/04/2005 | XSN | docket; mtn for admission pro hac vice | 0 10 | $100.00 | $10 00 |
| 4/05/2005 | JPM | rev memo and objection | 1 80 | $225 00 | $405 00 |
| 4/05/2005 | XSN | updating loggin re: filed summons | 0 30 | $100 00 | $30.00 |

| 4/05/2005 | XSN | docket | 0 40 | $100 00 | $40 00 |
| 4/06/2005 | JPM | edit brief in opp to reply | 1 60 | $225 00 | $360 00 |
| 4/06/2005 | XSN | docket: executed summons | 0 10 | $100 00 | $10 00 |
| 4/07/2005 | JPM | opp to reply brief | 0 30 | $225 00 | $67 50 |
| 4/12/2005 | XSN | ECF: P's mtn for leave to cite additional authority, instanter | 1 00 | $100 00 | $100 00 |
| 4/13/2005 | XSN | ECF: Plaintiffs' response in opposition to def's mtn to file reply brief | 1 00 | $100 00 | $100 00 |
| 4/13/2005 | XSN | docket: ECF mtn for leave & responses | 0 10 | $100 00 | $10 00 |
| 4/18/2005 | JPM | 26f letter | 0 10 | $225 00 | $22 50 |
| 4/18/2005 | XSN | corresp with oc re: 26f conf | 0 30 | $100 00 | $30 00 |
| 4/20/2005 | JPM | rev local rules re: 26 f conf | 0 10 | $225 00 | $22 50 |
| 4/21/2005 | DAE | conf w/ JPM re discovery | 0 20 | $550 00 | $110 00 |
| 4/21/2005 | JPM | conf w/ dae re discovery | 0 20 | $225 00 | $45 00 |
| 4/25/2005 | JA | dct mtn; dct crt order | 0 10 | $100 00 | $10 00 |
| 4/26/2005 | JPM | phone call to court clerk | 0 10 | $225 00 | $22 50 |
| 4/26/2005 | JPM | draft settlement offer | 0 20 | $225 00 | $45 00 |
| 4/27/2005 | JB | Conf JPM; prep fax cover sheet; fax | 0 30 | $105.00 | $31 50 |
| 4/27/2005 | JPM | edit set demand | 0 20 | $225.00 | $45.00 |
| 4/27/2005 | JPM | Conf JB | 0 20 | $250 00 | $50.00 |
| 5/04/2005 | JA | dct mtn | 0 10 | $100 00 | $10 00 |
| 5/09/2005 | JPM | phone call to clerk re: court status | 0 20 | $225 00 | $45 00 |
| 5/09/2005 | JPM | phone call to client | 0 10 | $225.00 | $22 50 |
| 5/09/2005 | JPM | phone call to clerk re: court status | 0 20 | $225 00 | $45 00 |
| 5/19/2005 | SH | filing | 0 10 | $100.00 | $10 00 |
| 5/23/2005 | SH | filing | 0 10 | $100 00 | $10.00 |

| 5/24/2005 | JPM | p call to clerk | 0.10 | $225.00 | $22.50 |
| 6/06/2005 | JPM | rev answer | 0.20 | $225.00 | $45.00 |
| 6/06/2005 | SH | make copes of answer to plaintiffs am compl for JPM | 0.20 | $100.00 | $20.00 |
| 6/08/2005 | JPM | rev d's answers | 0.50 | $225.00 | $112.50 |
| 6/08/2005 | SH | docket ans to amended compl | 0.10 | $100.00 | $10.00 |
| 6/10/2005 | JPM | research arbitration, rev cacv ruling  Ltr to op csl | 0.50 | $225.00 | $112.50 |
| 6/13/2005 | JPM | corr to op csl | 0.10 | $225.00 | $22.50 |
| 6/13/2005 | JPM | rev mt compel, research | 0.20 | $225.00 | $45.00 |
| 6/13/2005 | SH | make copies for dep in progress | 0.20 | $100.00 | $20.00 |
| 6/13/2005 | SH | fax and mail to op cl corresp re vol Arbitration, prep fax cov sh | 0.40 | $100.00 | $40.00 |
| 6/14/2005 | JPM | research on mt compel arbitration | 0.80 | $225.00 | $180.00 |
| 6/14/2005 | SH | docket D mtn to compel arb and corresp from D | 0.10 | $100.00 | $10.00 |
| 6/14/2005 | SH | combine case 12487 | 0.30 | $100.00 | $30.00 |
| 6/15/2005 | JPM | draft resp mt compel | 2.80 | $225.00 | $630.00 |
| 6/16/2005 | JPM | edit resp mt compel | 1.80 | $225.00 | $405.00 |
| 6/17/2005 | SH | docket mtn of D to compel arb | 0.10 | $100.00 | $10.00 |
| 6/20/2005 | JPM | edit resp mt compel | 3.90 | $225.00 | $877.50 |
| 6/21/2005 | CMC | work on mem  in resp to mot to compel arb | 0.50 | $550.00 | $275.00 |
| 6/21/2005 | JOL | research; work on response to motion to compel arbitration | 1.30 | $480.00 | $624.00 |
| 6/21/2005 | JPM | research mt compel, edit resp | 1.70 | $225.00 | $382.50 |
| 6/21/2005 | MRT | rev jpm brief | 0.40 | $310.00 | $124.00 |

| 6/23/2005 | JPM | rev response, edit | 1.30 | $225.00 | $292.50 |
| 6/27/2005 | JA | prep & e-file docs; conf JPM | 0.60 | $100.00 | $60.00 |
| 6/28/2005 | EK | docket P's Memo in response to D's Mtn to Compel Arbitration | 0.10 | $100.00 | $10.00 |
| 7/29/2005 | JPM | rev file, answer | 0.50 | $225.00 | $112.50 |
| 8/04/2005 | JPM | p call to ct clerk | 0.10 | $225.00 | $22.50 |
| 8/04/2005 | SH | docket order deny mtn to comp | 0.10 | $100.00 | $10.00 |
| 8/09/2005 | JPM | p call to ct clerk | 0.10 | $225.00 | $22.50 |
| 8/23/2005 | JPM | p call to ct clerk re initial status | 0.10 | $225.00 | $22.50 |
| 8/31/2005 | SH | fx and ml corresp op cl, draft fx cov let | 0.20 | $100.00 | $20.00 |
| 9/01/2005 | JPM | p call to op csl | 0.10 | $225.00 | $22.50 |
| 9/06/2005 | SH | docket sched conf | 0.10 | $100.00 | $10.00 |
| 9/07/2005 | JPM | p call to op csl re 26f conf | 0.10 | $225.00 | $22.50 |
| 9/12/2005 | JPM | rev file for 26f conf | 0.20 | $225.00 | $45.00 |
| 9/13/2005 | JPM | rev local rules | 0.40 | $225.00 | $90.00 |
| 9/13/2005 | JPM | 26f conference | 0.40 | $225.00 | $90.00 |
| 9/13/2005 | JPM | rev compl and disc for 26 f conf | 0.30 | $225.00 | $67.50 |
| 9/13/2005 | JPM | p call from local csl and ltr to local csl | 0.20 | $225.00 | $45.00 |
| 9/13/2005 | JPM | p call to local counsel | 0.20 | $225.00 | $45.00 |
| 9/13/2005 | JPM | rev local rules | 0.30 | $225.00 | $67.50 |
| 9/14/2005 | JPM | edit 26f report | 0.20 | $225.00 | $45.00 |
| 9/14/2005 | JPM | edit 26f report | 0.30 | $225.00 | $67.50 |
| 9/14/2005 | JPM | 26 1 statement | 0.80 | $225.00 | $180.00 |
| 9/14/2005 | JPM | 16 4 certification and ltr to client | 0.20 | $225.00 | $45.00 |
| 9/14/2005 | SH | ml corresp cl, SASE | 0.20 | $100.00 | $20.00 |

| 9/15/2005 | JPM | rev 26f report | 0.20 | $225.00 | $45.00 |
|---|---|---|---|---|---|
| 9/16/2005 | JPM | ltr to op csl | 0.20 | $225.00 | $45.00 |
| 9/16/2005 | SH | fx and ml corresp op cl, draft fx cov sheet | 0.30 | $100.00 | $30.00 |
| 9/19/2005 | JPM | 26.1b1 | 0.30 | $225.00 | $67.50 |
| 9/19/2005 | JPM | edit disclosures | 0.60 | $225.00 | $135.00 |
| 9/19/2005 | SH | fx and ml corresp op cl and cl | 0.40 | $100.00 | $40.00 |
| 9/23/2005 | JPM | p call to client | 0.20 | $225.00 | $45.00 |
| 9/30/2005 | JPM | ltr to op csl | 0.10 | $225.00 | $22.50 |
| 10/03/2005 | SH | docket list of P dep | 0.10 | $100.00 | $10.00 |
| 10/04/2005 | JPM | p call to op csl | 0.10 | $225.00 | $22.50 |
| 10/10/2005 | SH | docket local 19.1 cert | 0.10 | $100.00 | $10.00 |
| 10/12/2005 | JPM | p call to op csl | 0.10 | $225.00 | $22.50 |
| 10/13/2005 | JPM | e-mail to op csl | 0.20 | $225.00 | $45.00 |
| 10/17/2005 | SH | docket not of dep | 0.10 | $100.00 | $10.00 |
| 10/18/2005 | JPM | p call to op csl | 0.10 | $225.00 | $22.50 |
| 10/20/2005 | JPM | dep scheduling | 0.30 | $225.00 | $67.50 |
| 10/24/2005 | JPM | dep prep sheet | 1.30 | $225.00 | $292.50 |
| 10/27/2005 | SH | docket corresp op cl re dep | 0.10 | $100.00 | $10.00 |
| 10/28/2005 | JPM | p call to client and op cls re deposition | 0.20 | $225.00 | $45.00 |
| 10/28/2005 | SH | copy dep info for CMC, research Norwalk case for dep, wach law, rev email, conf JPM, email CMC | 1.50 | $100.00 | $150.00 |
| 10/31/2005 | CMC | dep prep & travel | 7.00 | $480.00 | $3,360.00 |
| 10/31/2005 | JPM | memo to cmc re deposition | 0.20 | $225.00 | $45.00 |
| 11/01/2005 | CMC | dep prep & dep | 3.00 | $480.00 | $1,440.00 |

| 11/02/2005 | CMC | travel | 5.00 | $480.00 | $2,400.00 |
| 11/11/2005 | JPM | rev dep transcript | 0.40 | $225.00 | $90.00 |
| 11/15/2005 | JPM | ltr to op csl | 0.20 | $225.00 | $45.00 |
| 11/16/2005 | SH | docket trans | 0.10 | $100.00 | $10.00 |
| 12/05/2005 | CMC | Conference w/JPM, DAE, re: mt sum jud | 0.20 | $550.00 | $110.00 |
| 12/05/2005 | DAE | Conference w/JPM, CMC, re: mt sum jud | 0.20 | $550.00 | $110.00 |
| 12/05/2005 | JPM | Conference w/DAE, CMC, re: mt sum jud | 0.20 | $250.00 | $50.00 |
| 12/07/2005 | JPM | CORR TO OP CSL RE DEP SIG | 0.30 | $250.00 | $75.00 |
| 12/19/2005 | SH | file not of correction | 0.10 | $100.00 | $10.00 |
| 12/21/2005 | JPM | Research Mass Local Rules on Sum Jgmt | 0.20 | $250.00 | $50.00 |
| 12/27/2005 | JPM | Resp to Motion for Summary Judgment | 3.70 | $250.00 | $925.00 |
| 12/28/2005 | JPM | Phone call to local csl re filing msj | 0.20 | $250.00 | $50.00 |
| 12/28/2005 | JPM | Draft Resp to Mt Sum Jud | 1.40 | $250.00 | $350.00 |
| 12/29/2005 | CMC | work on resp to mot sj | 1.30 | $550.00 | $715.00 |
| 12/29/2005 | DAE | review/ revise response to motion to dismiss or for s/j | 2.00 | $550.00 | $1,100.00 |
| 12/29/2005 | JPM | Resp to Mt Summ Judgment | 0.60 | $250.00 | $150.00 |
| 12/29/2005 | JPM | Research local rules | 0.20 | $250.00 | $50.00 |
| 12/29/2005 | SH | circl draft to part | 0.20 | $100.00 | $20.00 |
| 12/29/2005 | SH | file not cancelling 1/12/06 conf | 0.10 | $100.00 | $10.00 |
| 1/03/2006 | JPM | Response to Motion for Summary Judgment | 2.30 | $250.00 | $575.00 |
| 1/04/2006 | CMC | conf w JOL, JPM & DAE re: mot sj | 0.10 | $550.00 | $55.00 |
| 1/04/2006 | DAE | conf w CMC, JOL & JPM re: mot sj | 0.10 | $550.00 | $55.00 |

| 1/04/2006 | JOL | conf w CMC, JPM & DAE re: mot sj | 0 10 | $550.00 | $55 00 |
| 1/04/2006 | JOL | work on response to deft motion for summary judgment; conf jpm, dae, cmc | 1.30 | $550.00 | $715.00 |
| 1/04/2006 | JPM | Mt for leave to file corrected exhibit and confer with op cslq | 0 40 | $250.00 | $100 00 |
| 1/04/2006 | JPM | Resp to Motion for Summary Judgment | 0 50 | $250.00 | $125 00 |
| 1/04/2006 | JPM | Response to Mt Summary Judgment | 0 20 | $250.00 | $50 00 |
| 1/04/2006 | JPM | conf w CMC, JOL & DAE re. mot sj | 0 10 | $250.00 | $25 00 |
| 1/04/2006 | JPM | Resp to Mt Summary Judgment | 3.60 | $250.00 | $900.00 |
| 1/04/2006 | JPM | Research re: arbitration | 0.30 | $250.00 | $75.00 |
| 1/04/2006 | SH | prep resp to summ judge | 0.80 | $100.00 | $80.00 |
| 1/05/2006 | JPM | Mt for Leave file Corrected Ex B | 0 30 | $250.00 | $75.00 |
| 1/05/2006 | SH | prep mtn for leave to file correct resp, draft let to tauro, fx and ml mtn to op cl | 0 90 | $100.00 | $90 00 |
| 1/06/2006 | SH | file mtn leave correct ex b | 0.10 | $100.00 | $10 00 |
| 1/09/2006 | JPM | Correspondence to Court | 0 20 | $250.00 | $50.00 |
| 1/18/2006 | JPM | Review Enterprise case | 0.20 | $250.00 | $50.00 |
| 1/24/2006 | SH | redwall dep exhibits from 11/1/05 | 0 10 | $100.00 | $10 00 |
| 2/08/2006 | MRT | check w/SH/log, case info re status of discovery completion | 0 30 | $400.00 | $120 00 |
| 2/08/2006 | XSN | conf w MRTre case info and status of discovery | 0 30 | $100.00 | $30 00 |
| 2/14/2006 | SH | e-mail lefevebre re disc cutoff | 0 30 | $100.00 | $30 00 |
| 3/01/2006 | SH | file let from broadley | 0 10 | $100.00 | $10 00 |
| 5/10/2006 | SH | file order granting leave to file | 0 10 | $100.00 | $10 00 |
| 5/17/2006 | JPM | Phone call to op csl re status conf | 0.20 | $250 00 | $50 00 |

| 5/22/2006 | SH | file order denying mtn SJ | 0.10 | $100.00 | $10.00 |
| 5/24/2006 | SH | call lef to confirm stat | 0.10 | $100.00 | $10.00 |
| 5/30/2006 | JPM | Conf w/ local csl | 0.10 | $250.00 | $25.00 |
| 6/01/2006 | SH | file sched order | 0.10 | $100.00 | $10.00 |
| 6/02/2006 | JPM | Corr to op csl re stipulation and discovery requests | 0.70 | $250.00 | $175.00 |
| 6/02/2006 | JPM | Phone call from op csl re conf | 0.30 | $250.00 | $75.00 |
| 6/05/2006 | JPM | Rev cover ltr and discovery to op csl | 0.40 | $250.00 | $100.00 |
| 6/05/2006 | SH | prep and serve corresp op cl cc loc cl fx and ml | 0.50 | $100.00 | $50.00 |
| 6/08/2006 | SH | file disc req | 0.10 | $100.00 | $10.00 |
| 6/23/2006 | JPM | corr to op csl re discovery | 0.30 | $250.00 | $75.00 |
| 7/24/2006 | JPM | Review discovery | 0.50 | $250.00 | $125.00 |
| 7/26/2006 | EK | assemble exhibits, prep class cert mtn and memo for filing | 1.00 | $100.00 | $100.00 |
| 7/26/2006 | EK | efiled class cert mtn and memo | 0.30 | $100.00 | $30.00 |
| 7/26/2006 | EK | mailed and faxed svc list; mailed courtesy copy to judge | 0.40 | $100.00 | $40.00 |
| 7/26/2006 | JPM | Class Memo | 1.50 | $250.00 | $375.00 |
| 7/26/2006 | JPM | Edit Class Memo and Motion | 0.70 | $250.00 | $175.00 |
| 7/26/2006 | JPM | Review Mt Class Cert | 0.20 | $250.00 | $50.00 |
| 7/26/2006 | JPM | Edit Memo of law and Mt Class Cert | 0.60 | $250.00 | $150.00 |
| 7/26/2006 | JPM | Class Memo | 0.30 | $250.00 | $75.00 |
| 7/27/2006 | EK | send out ltrs; fax | 0.20 | $100.00 | $20.00 |
| 7/27/2006 | EK | dft fx cvr | 0.10 | $100.00 | $10.00 |
| 7/27/2006 | JPM | Corr to op csl | 0.10 | $250.00 | $25.00 |

| 8/01/2006 | MM | docket Memorandum in support of P's Motion for Class cert and P's Motion for Class Cert | 0 10 | $90 00 | $9 00 |
| 8/03/2006 | JPM | Discovery conf w/ op csl | 0 80 | $250 00 | $200 00 |
| 8/03/2006 | JPM | Review discovery and agency manual | 0 20 | $250 00 | $50 00 |
| 8/03/2006 | JPM | Review discovery | 0 90 | $250 00 | $225 00 |
| 8/09/2006 | JPM | Rev protective order | 0 30 | $250 00 | $75 00 |
| 8/09/2006 | JPM | Edit protective order | 0 30 | $250 00 | $75 00 |
| 8/11/2006 | JPM | Rev protective order | 0 40 | $250 00 | $100 00 |
| 8/15/2006 | JPM | Phone call from op csl re settlement | 0 30 | $250 00 | $75 00 |
| 8/17/2006 | MM | dkt D's Joint Mtn for Protective Order | 0 10 | $90 00 | $9.00 |
| 8/21/2006 | MM | dkt e-Order by court, approving Stipulated and Agreed Protective Order | 0 10 | $90 00 | $9 00 |
| 8/22/2006 | MM | dkt the electronic notice rescheduling status conference | 0 10 | $90 00 | $9 00 |
| 8/23/2006 | JPM | Corr to op csl re settlemetn | 0 20 | $250 00 | $50 00 |
| 8/24/2006 | JPM | Edit Mt to Stay | 0 30 | $250 00 | $75 00 |
| 8/24/2006 | MM | filed the Mtn to stay | 0 20 | $90 00 | $18 00 |
| 8/24/2006 | MM | served the mtn onto the OC in MN via us mail and fax | 0 20 | $90 00 | $18.00 |
| 8/24/2006 | MM | prepared mtn to be filed in Mass | 0 20 | $90 00 | $18 00 |
| 8/31/2006 | CMC | work on settlement docs | 0 30 | $550 00 | $165 00 |
| 8/31/2006 | JPM | Edit Settlement Agreement | 0 50 | $250 00 | $125 00 |
| 9/05/2006 | MM | dkt p's Agreed Mtn to Stay Proceedings Pending Finalization of Class Action Settlement Agreement | 0 10 | $90 00 | $9 00 |
| 9/05/2006 | MM | dkt docket entry text by ct | 0 10 | $90 00 | $9 00 |
| 9/11/2006 | JPM | Phone call to local csl re status | 0 10 | $250 00 | $25 00 |

| 9/14/2006 | JPM | Edit Class Notice | 0.70 | $250.00 | $175.00 |
| 9/25/2006 | JPM | Edit Preliminary Approval Mt | 0.50 | $250.00 | $125.00 |
| 9/29/2006 | JPM | Edit settlement agreement and class notice | 0.30 | $250.00 | $75.00 |
| 10/05/2006 | JPM | Edit Mt Preliminary Approval and Order | 0.50 | $250.00 | $125.00 |
| 10/09/2006 | JPM | Final edits to settlement documents, settlement agreement, mt prelim approval | 0.50 | $250.00 | $125.00 |
| 10/09/2006 | MM | sent settlement agreement to client for signature and return, w cover letter anouncing a recovery of $1000 | 0.40 | $90.00 | $36.00 |
| 10/12/2006 | JPM | Edit settlement docs | 0.80 | $250.00 | $200.00 |
| 10/12/2006 | MM | prepared Mtn for Preliminary approval of Class Settlement and appendices | 0.40 | $90.00 | $36.00 |
| 10/12/2006 | MM | sent service copies to Poncin via mail anf fax | 0.20 | $90.00 | $18.00 |
| 10/12/2006 | MM | served OC Poncin via U.S Mail and fax, copy of ct filing | 0.30 | $90.00 | $27.00 |
| 10/12/2006 | MM | efiled Mtn for Preliminary approval of Class Settlement (DAE) | 0.30 | $90.00 | $27.00 |
| 10/27/2006 | MM | dkt preliminary approval order granted by judge Tauro | 0.10 | $90.00 | $9.00 |
| 10/27/2006 | MM | dkt order approving settlement and mtn for settlement granted | 0.20 | $90.00 | $18.00 |
| 10/30/2006 | JPM | Phone call to op csl re settlemetn | 0.10 | $250.00 | $25.00 |
| 11/02/2006 | MM | sent fax to ocs w the signature page of the settlement agreement | 0.30 | $90.00 | $27.00 |
| 11/08/2006 | MM | dkt amended preliminary approval order and docket text entry | 0.10 | $90.00 | $9.00 |
| 11/13/2006 | MM | prepared memo to paralegals re settlement in this case | 0.40 | $100.00 | $40.00 |
| 11/22/2006 | JPM | Corr to op csl re class notice | 0.10 | $250.00 | $25.00 |

| | | | | | |
|---|---|---|---|---|---|
| 11/22/2006 | JPM | Phone call from client | 0 10 | $250.00 | $25 00 |
| 11/27/2006 | JPM | Review paralegal memo for class calls | 0 20 | $250.00 | $50 00 |
| 11/27/2006 | MM | prepared the memo to paralegals re settlement | 0.50 | $100.00 | $50 00 |
| 12/01/2006 | AP | call class mem. Renlisa Min re: settlement notice | 0 10 | $100.00 | $10 00 |
| 12/01/2006 | AP | call from class mem Sylvia Martinez re: opt out | 0 10 | $100.00 | $10 00 |
| 12/01/2006 | EZ | class mem call | 0 20 | $100.00 | $20 00 |
| 12/01/2006 | MM | class call | 0 20 | $100.00 | $20 00 |
| 12/01/2006 | MM | PC from class member re settlement | 0.20 | $100.00 | $20 00 |
| 12/01/2006 | MM | distributed class memo w  updated information | 0 30 | $100.00 | $30 00 |
| 12/01/2006 | MM | class call | 0 10 | $100.00 | $10 00 |
| 12/01/2006 | MM | class call | 0 10 | $100.00 | $10 00 |
| 12/01/2006 | MM | PC from class member | 0 20 | $100.00 | $20 00 |
| 12/04/2006 | BM | pc from class member | 0.20 | $100.00 | $20.00 |
| 12/04/2006 | JPM | Review release | 0 30 | $250.00 | $75 00 |
| 12/04/2006 | MM | PC from class member | 0.20 | $100.00 | $20 00 |
| 12/04/2006 | MM | 5 class calls | 0.50 | $100.00 | $50 00 |
| 12/04/2006 | MM | 1 call | 0 10 | $100.00 | $10 00 |
| 12/04/2006 | MM | class call | 0 20 | $100.00 | $20 00 |
| 12/04/2006 | MM | class call | 0 40 | $100.00 | $40 00 |
| 12/04/2006 | MM | class call | 0 20 | $100.00 | $20 00 |
| 12/04/2006 | MM | class call | 0 20 | $100.00 | $20 00 |
| 12/04/2006 | MM | class call | 0 40 | $100.00 | $40 00 |
| 12/05/2006 | MI | class member call re settlement notice to | 0 20 | $120.00 | $24 00 |

class

| 12/05/2006 | MM | answered two class calls | 0 30 | $100.00 | $30.00 |
| 12/05/2006 | MM | PC to class member re settlement | 0 20 | $100.00 | $20.00 |
| 12/05/2006 | MM | PC to person who left a message re settlement | 0 20 | $100.00 | $20.00 |
| 12/05/2006 | MM | returned class calls | 0 40 | $100.00 | $40.00 |
| 12/05/2006 | MM | PC to 3 class members who left messages re settlement | 0 40 | $100.00 | $40.00 |
| 12/06/2006 | MM | class call | 0.20 | $100.00 | $20.00 |
| 12/06/2006 | MM | class call | 0 10 | $100.00 | $10.00 |
| 12/06/2006 | MM | class call (Veda Adams) | 0 20 | $100.00 | $20.00 |
| 12/06/2006 | MM | class call from MA | 0 30 | $100.00 | $30.00 |
| 12/06/2006 | MM | class call | 0.40 | $100.00 | $40.00 |
| 12/07/2006 | MM | class calls | 0.40 | $100.00 | $40.00 |
| 12/07/2006 | MM | PC from Class member re details of settlement | 0 20 | $100.00 | $20.00 |
| 12/07/2006 | MM | pc to class member | 0 20 | $100.00 | $20.00 |
| 12/07/2006 | MM | class call retunered | 0 30 | $100.00 | $30.00 |
| 12/08/2006 | EZ | calss mem call | 0 10 | $100.00 | $10.00 |
| 12/08/2006 | EZ | class mem call | 0 20 | $100.00 | $20.00 |
| 12/08/2006 | MM | PC from class member | 0.20 | $100.00 | $20.00 |
| 12/11/2006 | MM | class call | 0.20 | $100.00 | $20.00 |
| 12/12/2006 | BM | pc from potential class member | 0 20 | $100.00 | $20.00 |
| 12/12/2006 | MM | class call | 0 10 | $100.00 | $10.00 |
| 12/12/2006 | MM | class call | 0 20 | $100.00 | $20.00 |
| 12/12/2006 | MM | class call | 0 30 | $100.00 | $30.00 |

| 12/12/2006 | MM | class call | 0 20 | $100 00 | $20 00 |
| 12/13/2006 | MN | phone call with class member | 0 10 | $100 00 | $10 00 |
| 12/14/2006 | MM | returned two class calls | 0 40 | $100 00 | $40 00 |
| 12/14/2006 | MM | class call | 0 20 | $100 00 | $20 00 |
| 12/15/2006 | MM | class call | 0 20 | $100 00 | $20 00 |
| 12/15/2006 | SG | Talked to class member Johnson, Lee | 0 20 | $100 00 | $20 00 |
| 12/18/2006 | MM | class call | 0 20 | $100 00 | $20 00 |
| 12/18/2006 | MM | dkt corresp re change of address | 0 20 | $100 00 | $20 00 |
| 12/18/2006 | MM | class call | 0 20 | $100 00 | $20 00 |
| 12/18/2006 | MM | class call | 0 20 | $100 00 | $20 00 |
| 12/19/2006 | MM | class call | 0 20 | $100 00 | $20 00 |
| 12/20/2006 | BM | pc from potential class member | 0 20 | $100 00 | $20 00 |
| 12/20/2006 | MM | class call | 0 30 | $100 00 | $30 00 |
| 12/27/2006 | MM | class  call and change of address | 0 30 | $100 00 | $30 00 |
| 12/27/2006 | MM | class call | 0 20 | $100 00 | $20 00 |
| 1/02/2007 | MM | 2 class calls | 0 30 | $100 00 | $30 00 |
| 1/03/2007 | JPM | Class call | 0 20 | $250 00 | $50 00 |
| 1/03/2007 | MM | class action | 0 20 | $100 00 | $20 00 |
| 1/04/2007 | MM | dkt opt out and started opt out list | 0 20 | $100 00 | $20 00 |
| 1/04/2007 | MM | change of address Walton | 0 10 | $100 00 | $10 00 |
| 1/08/2007 | JPM | Corr to op csl re class notice numbers | 0 30 | $250 00 | $75 00 |
| 1/08/2007 | MM | class call returned heinz | 0 10 | $100 00 | $10 00 |
| 1/09/2007 | MM | dkt opt-out McDonough | 0 10 | $100 00 | $10 00 |
| 1/09/2007 | MM | two changes of address recorded on list | 0 10 | $100 00 | $10 00 |

:delman, Combs, Latturner & Goodwin LLC
Page No.:    16

| 1/12/2007 | MM | PC to class member | 0 30 | $100 00 | $30 00 |
|---|---|---|---|---|---|
| 1/12/2007 | MM | class call | 0 20 | $100 00 | $20 00 |
| 1/15/2007 | MM | two class calls | 0 40 | $100 00 | $40 00 |
| 1/15/2007 | MM | dkt three opt outs, transcribed on opt out list, copied for opt-out file | 0 30 | $100 00 | $30 00 |
| 1/15/2007 | MM | contacted class member who wrote letter to Judge re this settlement | 0 30 | $100 00 | $30 00 |
| 1/16/2007 | JPM | Draft Mt Final Approval | 1 10 | $250 00 | $275 00 |
| 1/16/2007 | JPM | Corr to op csl | 0 10 | $250 00 | $25 00 |
| 1/16/2007 | JPM | Phone call to op csl | 0 30 | $250 00 | $75 00 |
| 1/16/2007 | MM | class call | 0 10 | $100 00 | $10 00 |
| 1/17/2007 | JPM | Rev corr from op csl | 0 10 | $250 00 | $25 00 |
| 1/17/2007 | JPM | Edit Final Approval Memo and Fee Petition | 3 00 | $250 00 | $750 00 |
| 1/17/2007 | MM | prepared D's decl fee and exhibits thereof | 0 20 | $100 00 | $20 00 |
| 1/17/2007 | MM | print time expenses and reviewed for typos/incomplete entries | 0 30 | $100 00 | $30 00 |
| 1/17/2007 | MM | edited expenses and time entry | 0 30 | $100 00 | $30 00 |
| 1/18/2007 | JPM | Edit Final Approval Memo and Fee Petition | 1 50 | $250 00 | $375 00 |
| 1/18/2007 | JPM | Edit Final Approval and Fee Petition | 0 50 | $250 00 | $125 00 |
| 1/18/2007 | MM | assembled exhibits and appendices to prepare for filing P's Final Approval Memo and Memo for Fees and Expenses | 0 60 | $100 00 | $60 00 |
| 1/18/2007 | MM | efiled P's final approval memo w attachments, and Memo for fees and expenses with appendices | 0 60 | $100 00 | $60 00 |
| 1/18/2007 | MM | made final edits to the pre-bill | 0 20 | $100 00 | $20 00 |
| 1/19/2007 | DAE | Rev memo  for fees and costs and final approval memo | 0 20 | $550 00 | $110 00 |

Edelman, Combs, Latturner & Goodwin LLC
Page No :    17

| | | | | | |
|---|---|---|---|---|---|
| 1/19/2007 | JPM | Final Approval Memo and Fee Petition - edit | 2 50 | $250.00 | $625.00 |
| 1/19/2007 | MI | work w/ MM on bill printout | 0 30 | $120.00 | $36.00 |

Total Fees    $37,565.50

### *Expenses*

| Start Date | Description | Charges |
|---|---|---|
| 2/11/2005 | Copying | $6.50 |
| 2/11/2005 | Postage | $0.37 |
| 2/11/2005 | Copying | $0.50 |
| 2/17/2005 | Postage | $4.90 |
| 2/18/2005 | Copying | $0.50 |
| 2/18/2005 | Copying | $11.75 |
| 2/18/2005 | Copying | $31.50 |
| 2/18/2005 | Pro hac vice | $150.00 |
| 2/18/2005 | Filing fee | $250.00 |
| 2/19/2005 | UPS | $27.80 |
| 2/24/2005 | Copying | $0.25 |
| 2/24/2005 | Copying | $3.50 |
| 2/24/2005 | Copying | $0.25 |
| 2/26/2005 | UPS | $15.37 |
| 3/03/2005 | Postage | $1.06 |
| 3/04/2005 | Postage | $1.52 |
| 3/04/2005 | Postage | $2.58 |
| 3/04/2005 | Copying | $1.50 |
| 3/04/2005 | Serve summons | $50.00 |

| 3/04/2005 | Serve summons | $65.00 |
| 3/04/2005 | Postage | $1.06 |
| 3/04/2005 | Serve summons | $90.00 |
| 3/04/2005 | Postage | $1.06 |
| 3/05/2005 | UPS | $13.90 |
| 3/07/2005 | Serve summons | $55.00 |
| 3/07/2005 | Serve summons | $10.00 |
| 3/10/2005 | Postage | $0.60 |
| 3/10/2005 | Copying | $4.50 |
| 3/15/2005 | Copying | $0.25 |
| 3/17/2005 | Copying | $0.50 |
| 3/24/2005 | Copying | $4.00 |
| 3/24/2005 | Facsimile | $53.00 |
| 3/24/2005 | Copying | $40.00 |
| 3/24/2005 | Copying | $50.00 |
| 3/24/2005 | Facsimile | $7.00 |
| 3/24/2005 | Copying | $1.00 |
| 3/24/2005 | Postage | $4.90 |
| 3/24/2005 | Facsimile | $17.00 |
| 3/24/2005 | Copying | $8.00 |
| 3/24/2005 | Facsimile | $53.00 |
| 3/25/2005 | Copying | $4.50 |
| 3/25/2005 | Postage | $0.60 |

| 3/25/2005 | Postage | $0 83 |
| 3/29/2005 | Copying | $4 00 |
| 3/31/2005 | Lexis | $51 21 |
| 4/04/2005 | Copying | $3 00 |
| 4/06/2005 | Copying | $3 00 |
| 4/09/2005 | UPS | $41 33 |
| 4/12/2005 | Copying | $9 50 |
| 4/12/2005 | Facsimile | $52 00 |
| 4/12/2005 | Postage | $2 21 |
| 4/12/2005 | Copying | $13 50 |
| 4/12/2005 | Copying | $24 75 |
| 4/18/2005 | Copying | $0 25 |
| 4/18/2005 | Postage | $0 37 |
| 4/27/2005 | Facsimile | $3 00 |
| 4/27/2005 | Facsimile | $3 00 |
| 4/29/2005 | Copying | $1 50 |
| 4/30/2005 | Lexis | $30 49 |
| 5/20/2005 | Copying | $2 75 |
| 6/05/2005 | Lexis | $26 45 |
| 6/06/2005 | Copying | $15 00 |
| 6/09/2005 | Copying | $15 00 |
| 6/09/2005 | Copying | $1 25 |
| 6/10/2005 | Postage | $14 70 |

| 6/10/2005 | Postage | $0.37 |
| 6/10/2005 | Facsimile | $2.00 |
| 6/10/2005 | Copying | $0.50 |
| 6/13/2005 | Facsimile | $2.00 |
| 6/13/2005 | Copying | $0.50 |
| 6/13/2005 | Postage | $0.37 |
| 6/13/2005 | Facsimile | $2.00 |
| 6/16/2005 | Copying | $7.75 |
| 6/16/2005 | Copying | $10.00 |
| 7/05/2005 | Lexis | $75.37 |
| 8/31/2005 | Postage | $0.37 |
| 8/31/2005 | Copying | $0.50 |
| 9/14/2005 | Postage | $0.60 |
| 9/14/2005 | Postage | $0.37 |
| 9/16/2005 | Copying | $2.50 |
| 9/16/2005 | Postage | $0.37 |
| 9/19/2005 | Copying | $8.25 |
| 9/19/2005 | Copying | $2.25 |
| 9/19/2005 | Postage | $2.49 |
| 9/19/2005 | Facsimile | $11.00 |
| 9/20/2005 | Copying | $2.25 |
| 9/22/2005 | Copying | $0.25 |
| 9/22/2005 | Copying | $0.25 |

Edelman, Combs, Latturner & Goodwin LLC

Page No :    21

| | | |
|---|---|---|
| 9/22/2005 | Copying | $1 00 |
| 9/26/2005 | Copying | $0 75 |
| 9/26/2005 | Copying | $0 75 |
| 9/26/2005 | Copying | $0 75 |
| 9/26/2005 | Copying | $1 00 |
| 9/26/2005 | Copying | $0 25 |
| 9/26/2005 | Copying | $0 75 |
| 9/26/2005 | Copying | $0 50 |
| 9/30/2005 | Facsimile | $7 00 |
| 9/30/2005 | Copying | $5 50 |
| 9/30/2005 | Facsimile | $2 00 |
| 9/30/2005 | Postage | $1 20 |
| 10/05/2005 | Copying | $0 50 |
| 10/20/2005 | Copying | $0 25 |
| 10/24/2005 | Postage | $0 60 |
| 10/24/2005 | Copying | $3 00 |
| 10/31/2005 | Airfare | $280 00 |
| 10/31/2005 | Airfare | $100 00 |
| 10/31/2005 | Parking | $15 00 |
| 10/31/2005 | Copying | $0 50 |
| 10/31/2005 | Copying | $13 50 |
| 10/31/2005 | Copying | $7 25 |
| 10/31/2005 | Travel-taxi-CMC | $57 00 |
| 10/31/2005 | Travel-Meals-CMC | $34 00 |

| 11/01/2005 | Travel | $280 00 |
| 11/01/2005 | Court Reporter | $145 45 |
| 11/10/2005 | Copying | $8 25 |
| 11/11/2005 | Copying | $2 50 |
| 11/14/2005 | Copying | $0 50 |
| 11/15/2005 | Postage | $0.37 |
| 11/15/2005 | Postage | $0 83 |
| 11/15/2005 | Copying | $0 25 |
| 11/15/2005 | Copying | $10 00 |
| 12/01/2005 | Legal research cost | $53 39 |
| 12/05/2005 | Copy | $20 00 |
| 12/05/2005 | Copy | $45 00 |
| 12/06/2005 | Copy | $0 25 |
| 12/07/2005 | Copy | $0 75 |
| 12/07/2005 | Copy | $0 50 |
| 12/07/2005 | Copy | $0 25 |
| 12/07/2005 | Copy | $22 75 |
| 12/07/2005 | Fax | $3.00 |
| 12/07/2005 | Postage | $0 37 |
| 12/15/2005 | Copy | $0 25 |
| 12/22/2005 | Copy | $0 25 |
| 12/22/2005 | Copy | $0 25 |
| 12/29/2005 | Copy | $4 50 |

| 12/29/2005 | Copy | $36 00 |
| 1/01/2006 | Legal research cost (Lexis) | $44 49 |
| 1/04/2006 | Copy | $45 00 |
| 1/04/2006 | Fax | $46 00 |
| 1/04/2006 | Postage | $1 98 |
| 1/05/2006 | Copy | $22 50 |
| 1/05/2006 | Copy | $0 25 |
| 1/05/2006 | Fax | $19 00 |
| 1/09/2006 | Copy | $10 50 |
| 1/09/2006 | Copy | $0 25 |
| 1/09/2006 | Copy | $0 50 |
| 1/09/2006 | Fax | $2 00 |
| 1/10/2006 | Overnight Delivery Charge | $15 22 |
| 1/18/2006 | Phone charge (Sprint) | $1 02 |
| 2/28/2006 | Copy | $2 00 |
| 3/17/2006 | Phone charge | $0 11 |
| 5/04/2006 | Copy | $0 25 |
| 5/10/2006 | Copy | $0 25 |
| 5/18/2006 | Phone charge | $0 52 |
| 5/18/2006 | Copy | $0 25 |
| 5/31/2006 | Fax | $0 50 |
| 6/02/2006 | Postage | $2 22 |
| 6/05/2006 | Fax | $15 00 |

Edelman, Combs, Latturner & Goodwin LLC
Page No :    24

| 6/05/2006 | Fax | $16.00 |
| 6/18/2006 | Phone charge | $0.79 |
| 7/07/2006 | Fax | $1.25 |
| 7/18/2006 | Phone charge | $0.10 |
| 7/24/2006 | Fax | $48.50 |
| 7/26/2006 | Fax | $0.25 |
| 7/26/2006 | Fax | $0.50 |
| 7/26/2006 | Fax | $49.50 |
| 7/26/2006 | Fax | $49.50 |
| 7/26/2006 | Fax | $57.00 |
| 7/26/2006 | Fax | $45.00 |
| 7/27/2006 | Postage | $0.78 |
| 7/29/2006 | Overnight Delivery Charge | $15.70 |
| 7/31/2006 | Legal research cost - lexis | $53.07 |
| 8/14/2006 | Copy | $2.75 |
| 8/18/2006 | Phone charge | $0.19 |
| 8/30/2006 | Copy | $0.50 |
| 8/31/2006 | Legal research cost - lexis | $2.85 |
| 9/12/2006 | Copy | $0.50 |
| 9/13/2006 | Copy | $0.50 |
| 9/18/2006 | Phone charge | $0.25 |
| 10/09/2006 | Postage | $1.26 |
| 10/09/2006 | Postage | $1.26 |
| 10/12/2006 | Postage | $1.59 |

| 10/12/2006 | Fax | $33 00 |
| 10/12/2006 | Copy | $24 00 |
| 10/18/2006 | Phone charge | $0 42 |
| 10/26/2006 | Copy | $5 00 |
| 10/26/2006 | Copy | $1 25 |
| 11/02/2006 | Fax | $2 00 |
| 11/03/2006 | Postage | $3 90 |
| 11/03/2006 | Postage | $0 39 |
| 11/03/2006 | Copy | $0 25 |
| 11/03/2006 | Copy | $8 50 |
| 11/18/2006 | Phone charge | $0 35 |
| 11/27/2006 | Copy | $3 75 |
| 12/01/2006 | Copy | $3 75 |
| 12/18/2006 | Phone charge | $7 42 |
| 12/28/2006 | Copy | $2 25 |
| 12/29/2006 | Copy | $2 50 |
| 1/04/2007 | Copy | $2 50 |
| 1/08/2007 | Copy | $0 25 |

Total Expenses $3,345 71

Total New Charges $40,911 21

### Staff Summary

| Name | Position | Hours | Rate | Fees |
|---|---|---|---|---|
| Alana J Parvey | | 0.20 | $100.00 | $20.00 |
| Blake Mensing | Paralegal | 0 60 | $100.00 | $60.00 |
| Cathleen M  Combs | Partner | 15 00 | $480.00 | $7,200 00 |

| Name | Title | Hours | Rate | Amount |
|------|-------|-------|------|--------|
| Cathleen M. Combs | Partner | 2.60 | $550.00 | $1,430.00 |
| Daniel A. Edelman | Partner | 2.90 | $550.00 | $1,595.00 |
| Daniel A. Edelman | Partner | 2.00 | $480.00 | $960.00 |
| Emily Kulpa | Paralegal | 2.10 | $100.00 | $210.00 |
| Emily Louise Zimbrick | Paralegal | 0.50 | $100.00 | $50.00 |
| Francis R. Greene | Associate | 2.20 | $250.00 | $550.00 |
| Francis R. Greene | Associate | 0.30 | $280.00 | $84.00 |
| Heather A. Kolbus | Associate | 0.20 | $250.00 | $50.00 |
| Jared Andersen | Paralegal Supervisor | 0.80 | $100.00 | $80.00 |
| Jeff Becker | Paralegal Supervisor | 0.90 | $105.00 | $94.50 |
| James O. Latturner | Partner | 1.70 | $480.00 | $816.00 |
| James O. Latturner | Partner | 1.40 | $550.00 | $770.00 |
| Jeremy P. Monteiro | Associate | 40.10 | $250.00 | $10,025.00 |
| Jeremy P. Monteiro | Associate | 37.00 | $225.00 | $8,325.00 |
| Jonathan Miner | Paralegal | 0.50 | $120.00 | $60.00 |
| Mihaela Muresan | Paralegal | 3.50 | $90.00 | $315.00 |
| Mihaela Muresan | Paralegal | 16.70 | $100.00 | $1,670.00 |
| Melissa Nordstrom | | 0.10 | $100.00 | $10.00 |
| Michelle R. Teggelaar | Partner | 0.30 | $400.00 | $120.00 |
| Michelle R. Teggelaar | Partner | 1.10 | $310.00 | $341.00 |
| Stephen J Gorski | | 0.20 | $100.00 | $20.00 |
| Sara Hunter | Paralegal | 8.60 | $100.00 | $860.00 |
| Katarina Pamucar | Paralegal | 0.80 | $100.00 | $80.00 |
| Sara Nun | | 17.70 | $100.00 | $1,770.00 |

Tot Hrs:  160.00

# APPENDIX B

## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF MASSACHUSETTS

JOYCE HENDERSON,             )
                                          )
         Plaintiff,            )      05-10339- Judge Tauro
                                          )
        v.                      )
                                          )
SHERMAN FINANCIAL GROUP LLC  )
ET ALS                          )
                                          )
        Defendants.       )

## DECLARATION REGARDING TIME AND EXPENSES OF LOCAL COUNSEL
## CHRISTOPHER M. LEFEBVRE

        I Christopher M Lefebvre hereby declare under the pains and penalties of perjury as follows:

1.     I am local counsel in the above referenced class action lawsuit

2.     In accordance with my duties and responsibilities as said counsel, I have incurred a total of 37 hours of time representing the Plaintiff and putative class in this pending action. Based on my 15 years of experience in consumer litigation and recognizing that the bulk of the legal work completed in this case was done by my Chicago co-counsel, the billable rate I have charged for this case is $285.00 per hour I have total time invested in this case of $10,545.00.

3. I have incurred out of pocket expenses of $156.00

*Chris M Lefebvre 1/18/07*

s/sChristopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Mass. BBO No. 629056

1