## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| JOYCE HENDERSON; | ) |
| Plaintiff, | ) 05-10339 |
| v. | ) Judge Joseph L. Tauro |
| | ) Magistrate Judith G. Dein |
| SHERMAN FINANCIAL GROUP LLC; | ) |
| SHERMAN ACQUISITION II, LP; | ) |
| SHERMAN ACQUISITION II | ) |
| GENERAL PARTNER LLC; | ) |
| ALEGIS GROUP L.P.; and | ) |
| ALEGIS GROUP LLC; | ) |
| Defendants. | ) |

## FINAL APPROVAL ORDER

1. On November 1, 2006, this Court preliminarily approved the Class Settlement Agreement (" the Agreement") reached between Plaintiff and the Sherman Family of Companies ("Defendants"). Defendants caused notice of the settlement of this action to be mailed to 4,733 individuals identified as members of the settlement class, pursuant to Defendants' records. The U.S. Post Office returned 884 of the letters as "undeliverable." The U.S. Post Office forwarded 192 of the letters to new addresses. Four class members submitted requests for exclusion that were received as of January 16, 2007, the Opt-Out deadline as set by this Court. No objections were submitted.

2. On January 30, 2007, the Court held a Fairness Hearing to which class members, including any with objections, were invited. The Court, being fully advised in the premises, hereby orders:

    A. The Court finds that the Class is appropriate under Fed. R. Civ. P. 23;

B. The Court finds that the provisions for notice to the class satisfy the requirements of Fed. R. Civ. P. 23 and due process;

C. The Court finds that the settlement is fair and reasonable, and hereby approves the Class Settlement Agreement ("Agreement") submitted by the parties, including the release and:

    i    <u>Relief to Plaintiff</u>. Defendants, upon final approval of the Court, will pay $1,000 to Plaintiff Joyce Henderson in statutory damages and in recognition of her services as class representative.

    ii.    <u>Relief to Class</u>: For each class member not opting out, Defendants will provide a credit of 15% of their account balance as of the Opt-Out date, as set by the Court. Defendants estimate the number of class members who will receive such relief is approximately 4,200 and the combined face amount of the credits is approximately $1 million. For each class member not opting out, who, as of August 23, 2006, had entered into a settlement as to the underlying account, payment plan as to the underlying account, or had a pending payment plan as to the underlying account, Defendants will pay $20.00 to each class member. Defendants estimate the number of class members who will receive such relief is approximately 600 and the combined cash amount of the credits is approximately $12,000. Class members will receive a credit or cash payment, but not both.

D. Plaintiff and the members of the Classes grant Defendants the following releases:

    i    Plaintiff Joyce Henderson and Mary Burt grant Defendants the following release: Joyce Henderson and Mary Burt, as of the Opt-Out Date, as set by the Court, do hereby release and forever discharge Defendants (Section E of the Settlement Agreement),

2

and their present or former partners, members, principals, insurers, parents, officers, directors, representatives, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, administrators, and assigns including but not limited to those parties listed in Section E of the Settlement Agreement ("Defendants") of and from all causes of action, suits, claims and demands, liabilities, debts, and damages, including any claims for payment of attorneys' fees and costs, for anything that occurred from the beginning of time up through and including the Opt-Out Date, as set by the Court, in law or in equity, known or unknown at this time, of any kind or nature whatsoever, arising out of all of the allegations made, or which could have been made, on behalf themselves and the class members, as defined above, in the Complaint and/or Amended Complaint, described in ¶ A of the Settlement Agreement. Without limiting the foregoing in any way, Joyce Henderson and Mary Burt hereby release and discharge the Defendants (as defined in Section E of the Settlement Agreement) from any and all claims, whether known or unknown, that were or that could have been asserted from the beginning of time through the Opt-Out Date, as set by the Court. Joyce Henderson and Mary Burt do not release any defenses they may have as to the underlying debt, including but not limited to, the crediting of payments and the calculation of interest owed upon the debt. This release is conditioned upon the final approval of the Settlement Agreement by the Court and Defendants meeting there obligations therein;

    ii.  Class Members who do not exclude themselves, as of the Opt-Out Date, as set by the Court, release and forever discharge the Defendants (Section E of the Settlement Agreement) and their present or former partners, members, principals, insurers, parents, officers, directors, representatives, employees, agents, servants, predecessors, successors,

subsidiaries, affiliates, shareholders, heirs, executors, administrators, and assigns including but not limited to those parties and entities listed above in Section E of the Settlement Agreement ("Defendants") of and from all causes of action, suits, claims and demands, liabilities, debts and damages, including any claims for payment of attorney fees and costs, for anything that occurred from the beginning of time up through and including the Opt-Out Date, as set by the Court, in law or in equity, known or unknown at this time, of any kind or nature whatsoever, arising out of the allegations made, or which could have been made, on behalf themselves and the class members, as defined above, in connection with the Complaint and/or Amended Complaint in the action described in paragraph A herein. Without limiting the foregoing in any way, the Class Members hereby release and discharge Defendants (as defined in Section E of the Settlement Agreement) from any and all claims, whether known or unknown, that were or that could have been asserted from the beginning of time through the Opt-Out Date, as set by the Court. The class members do not release any defense they may have as to the underlying debt, including but not limited to, the crediting of payments and the calculation of interest owed upon the debt.

3. The Court finds the Agreement fair and made in good faith;

4. The Court dismisses the claims of Plaintiff and the class against Defendants and the released parties with prejudice and without costs (other than what has been provided for in the Agreement);

5. The Court awards attorney's fees and costs of $50,000, to Class counsel, Edelman, Combs, Latturner & Goodwin, LLC and;

6. The Court retains jurisdiction over the interpretation, enforcement and implementation of the Settlement Agreement and of this Order.

DATE: 1/30/07   ENTER: _____
The Honorable Joseph L. Tauro
United States District Court Judge